IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SVITLANA DOE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, et al.,<br><br>Defendants. | Civil Action No.: 1:25-cv-10495-IT |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
SUPPLEMENTAL MOTION TO PROCEED UNDER PSEUDONYM**

Pursuant to Federal Rule of Civil Procedure 5.2(e), Plaintiffs move to supplement the March 3, 2025 Order (Doc. No. 8) to permit the use of pseudonyms for Andrea Doe, Marim Doe, Aleksandra Doe, Teresa Doe, and Rosa Doe (collectively, the "new Doe Plaintiffs"), whose sensitive and highly personal information is described in the Amended Complaint, Doc. No. 22, and will necessarily be described in detail in further documents filed in this matter as the case proceeds.

The new Doe Plaintiffs are beneficiaries under, or applicants or sponsors of beneficiaries under, the U4U, CHNV, MPIP, and CAM parole processes, several of whom have filed applications for immigration benefits such as TPS and asylum. The new Doe plaintiffs wish to proceed under pseudonym and incorporate by reference the same legal argument and reasoning articulated in Plaintiffs' First Motion to Proceed Under Pseudonym, Doc. No. 5, and submit this supplemental brief to illuminate for the Court the specific reasons why their personal circumstances warrant the use of pseudonyms.

1. ***The new Doe Plaintiffs reasonably fear that compelled disclosure of their identities to the federal government could subject them to retaliation, including in the form of immigration enforcement and removal.***

The new Doe Plaintiffs' fear of immigration enforcement and the prospect of removal from the United States back to dangerous conditions in their home countries is entirely reasonable given how often President Trump has promised to end humanitarian parole processes such as U4U, CHNV, OAW, CAM, MPIP, and FRP, including on his first day in office, as well as to introduce "mass deportations." *See, e.g.*, "Securing Our Borders," Exec. Order No. 14165 (Jan. 20, 2025), https://www.whitehouse.gov/presidential-actions/2025/01/securing-our-borders/ (directing the Secretary of Homeland Security to terminate "categorical parole programs," explicitly including the CHNV parole processes); Dasha Burns and Myah Ward, *Trump allies circulate mass deportation plan calling for 'processing camps' and a private citizen 'army,'* Politico (February 25, 2025, at 5:55 ET), https://tinyurl.com/3zpcj3u4. At least one court in this district, moreover, has credited fears of retaliation by the federal government, in the form of immigration enforcement, when granting a motion to proceed pseudonymously. *See, e.g.*, *K.O. by and through E.O. v. United States*, 651 F. Supp. 3d 331, 343 (D. Mass. 2023) (crediting "fears of retaliation" as a reason the court "allowed the plaintiffs to proceed pseudonymously" in a case involving family separation at the border).

Like Maksym and Maria Doe, Svitlana Doe, Alejandro Doe, Armando Doe, Ana Doe, Carlos Doe, and Omar Doe, the new Doe Plaintiffs with pending applications for other immigration benefits fear that as their grants of parole expires, they could be subject to removal because their applications for alternate legal status are indefinitely on pause. Aleksandra Doe, for example, fears that by the time her parole expires in less than two weeks, her pending applications for a green card and for TPS will not have been adjudicated, rendering Aleksandra and her family without legal status and therefore vulnerable to deportation. Aleksandra Doe Decl., Doc. No. 24-17 ¶¶ 13-

15. Teresa Doe similarly worries that if her name were to become public, the federal government could detain and deport her to El Salvador, separating her from her family in the United States. Teresa Doe Decl., Doc. No. 24-15 ¶ 18.

> 2. ***The new Doe Plaintiffs with family members who are nonparties to this litigation reasonably fear that compelled disclosure of their identities to the federal government could subject their nonparty family members to retaliation, including in the form of immigration enforcement and removal.***

Like Svitlana Doe and Omar Doe, Plaintiffs Andrea Doe, Aleksandra Doe, and Teresa Doe fear not only immigration enforcement and removal proceedings for themselves, but also similar treatment of their spouses, children, parents, or other family members who are not parties to this lawsuit, which would cause their families substantial harm. Plaintiff Rosa Doe, whose CAM application for her daughter and father is indefinitely suspended, fears that her participation in this lawsuit could have a negative impact on her application and her daughter's and father's ability to reunite with her in the United States. Plaintiff Marim Doe is a U.S. citizen, but he also fears that his father could be subject to negative immigration action, including deportation.

One of the parole programs at issue in this case, Military Parole-in-Place ("MPIP"), is in fact intended for the family members of U.S. military servicemembers, and is aimed at ensuring that U.S. military servicemembers may perform their duties without worrying about the immigration status of spouses, children, or parents. *See* Doc. No. 22 at 33-35. Marim Doe, an active-duty member of the U.S. Navy, applied for MPIP parole on his father's behalf, but his application was paused this month, which has left him feeling a great deal of distress about the possibility that his father could be targeted for removal. Marim Doe Decl., Doc. No. 24-14 ¶¶ 2, 11. At least one other district court in this circuit recently found that harboring such fears of harm to family members reasonably placed a Doe plaintiff within the paradigms set out in *MIT*. *See Doe v. U.S. Sec. of State*, 707 F. Supp. 3d 142, 144 (D.N.H. 2023) (acknowledging that "[r]evelation of

[an Afghani national] Doe's identity in this proceeding would also risk substantial harm to his family members, who are not parties to this action").

Rosa Doe fears that if her name is publicly disclosed, immigration officials will retaliate against her fourteen-year-old daughter and her father, on whose behalf she has conditionally approved applications for CAM parole. Rosa Doe Decl., Doc. No. 24-16 ¶ 18. She is also afraid that her daughter could be targeted in Honduras for further sexual persecution if her involvement in this lawsuit becomes public knowledge. *Id.*, Doc. No. 24-16 ¶ 20.[1] Aleksandra Doe and Teresa Doe similarly fear that using their real names in the lawsuit could expose their young children to retaliation from the federal government and also put their privacy and safety at risk. *See* Aleksandra Doe Decl., Doc. No. 24-17 ¶ 21; *See* Teresa Doe Decl., Doc. No. 24-15 ¶¶ 8, 21.

In some instances, the very real specter of immigration enforcement could also lead to the harm of family separation or could otherwise force Plaintiffs to make difficult decisions to maintain the integrity of their families. For instance, Teresa Doe's two oldest children are both lawful permanent residents, and her youngest child is a U.S. citizen. Teresa Doe Decl., Doc. No. 24-15 ¶ 3. Her biggest fear is to be deported from the country and separated from her family here as a result of retaliation by the federal government due to her public involvement in this case. *Id.* ¶ 18. Likewise, since Marim Doe's father's MPIP application was paused, Marim's mother now drives his father to work for fear of apprehension in one of the increasingly common immigration

---

[1] In addition, Rosa Doe is a survivor of sexual abuse and human trafficking. Courts in this circuit have permitted survivors of sexual assault and abuse to proceed under pseudonym under the first paradigm (reasonable fear of unusually severe harm) articulated in *MIT*, 46 F. 4th at 71. *See, e.g.*, Doe v. Trustees of Boston College, No. 23-cv-12737-ADB, 2024 WL 816507, at *3 (D. Mass. Feb. 27, 2024); Doe v. Del Toro, No. 1:23-cv-13112-JEK, 2024 WL 816511, at *2 (D. Mass. Feb. 27, 2024).

4

raids in Texas, and his family no longer feels safe making the drive from Texas to South Carolina to see him. Marim Doe Decl., Doc. No. 24-14 ¶¶ 14-17.

### 3. *The new Doe Plaintiffs who have fled political persecution reasonably fear that compelled public disclosure of their identities could lead to their or their families' political persecution in their home country.*

Several of the new Doe Plaintiffs fear not only the possibility of immigration enforcement and removal from the United States, but also removal *back to their home countries*, which they fled because those countries were not safe for them anymore. Andrea Doe's husband was a political prisoner in Nicaragua, imprisoned under terrible conditions and tortured for four years because of his opposition to Daniel Ortega's regime. Doc. No. 27-1, ¶¶ 3-5. Since Andrea Doe's husband has been stripped of his Nicaraguan citizenship, he is now stateless and has nowhere to go if his pending asylum application is not approved. Doc. No. 27-1, ¶ 13. Andrea Doe therefore fears for her and her family's security if their identities were to become public in connection with this lawsuit. Doc. No. 27-1, ¶ 16. Such fears are sufficient to overcome the presumption against the use of pseudonyms in civil litigation. *See, e.g.*, *Alianza Americas v. DeSantis*, Case No. 1:22-cv-11550-ADB, slip op. at 1 (D. Mass. Sept. 21, 2022) (holding that plaintiffs, who had alleged a fear of physical violence inflicted on them or their family members in Venezuela, as reprisal for their decision to flee the country, had rebutted the presumption in favor of disclosing their identities).

## CONCLUSION

The new Doe Plaintiffs reasonably fear that compelled disclosure of their identities could result in substantial harm to them and their loved ones, including removal from the United States and the lives they have built here. Accordingly, the supplemental motion to proceed under pseudonym filed herewith should be granted.

Dated: March 21, 2025

Esther H. Sung (*pro hac vice*)
Karen C. Tumlin (*pro hac vice*)
Hillary Li (*pro hac vice*)
Laura Flores-Perilla (*pro hac vice*)
Brandon Galli-Graves (*pro hac vice*)
**JUSTICE ACTION CENTER**
P.O. Box 27280
Los Angeles, CA 90027
Telephone: (323) 450-7272
esther.sung@justiceactioncenter.org
karen.tumlin@justiceactioncenter.org
hillary.li@justiceactioncenter.org
laura.flores-perilla@justiceactioncenter.org
brandon.galli-graves@justiceactioncenter.org


Anwen Hughes (*pro hac vice*)
**HUMAN RIGHTS FIRST**
75 Broad St., 31st Fl.
New York, NY 10004
Telephone: (212) 845-5244
HughesA@humanrightsfirst.org


Justin B. Cox (*pro hac vice*)
**LAW OFFICE OF JUSTIN B. COX**
*JAC Cooperating Attorney*
PO Box 1106
Hood River, OR 97031
(541) 716-1818
justin@jcoxconsulting.org

Respectfully submitted,

*/s/ John A. Freedman*
John A. Freedman (BBO#629778)
Laura Shores (*pro hac vice*)
Katie Weng (*pro hac vice* pending)
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Ave, NW
Washington, D.C. 20001-3743
Telephone: (202) 942-5316
john.freedman@arnoldporter.com
laura.shores@arnoldporter.com
katie.weng@arnoldporter.com


Daniel B. Asimow (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
Three Embarcadero Center
10th Floor
San Francisco, CA 94111-4024
Telephone: (415) 471-3142
daniel.asimow@arnoldporter.com


H. Tiffany Jang (BBO# 691380)
**ARNOLD & PORTER KAYE SCHOLER LLP**
200 Clarendon Street, Fl. 53
Boston, MA 02116
Telephone: (617) 351-8053
tiffany.jang@arnoldporter.com


Robert Stout (*pro hac vice*)
Sarah Elnahal (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
250 West 55th Street
New York, NY 10019-9710
Telephone: (212) 836-8000
robert.stout@arnoldporter.com
sarah.elnahal@arnoldporter.com


*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I, John A. Freedman, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: March 21, 2025

                                         */s/ John A. Freedman*
                                         John A. Freedman