IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SVITLANA DOE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> KRISTI NOEM, in her official capacity as Secretary of Homeland Security, et al., <br><br> Defendants. | Civil Action No.: 1:25-cv-10495-IT |

**JOINT STATUS REPORT**

Pursuant to this Court's directive on March 24, 2025 at the hearing on Plaintiffs'[1] Emergency Motion for Preliminary Injunction, Plaintiffs and Defendants[2] (collectively, the Parties) have conferred on: (i) Plaintiffs' filing of a Second Amended Complaint; (ii) a briefing and hearing schedule for Plaintiffs' motions to certify a class (Doc. No. 46 and forthcoming Supplemental Motion to Certify Class); and (iii) Plaintiffs' forthcoming Motion for Temporary Restraining Order / Preliminary Injunction, but were unable to come to an agreement on all matters. The Parties, by and through their representative counsel of record, jointly submit the status report below and are willing to abide by the schedule ordered by the Court.

---

[1] Plaintiffs include Svitlana Doe, Maksym Doe, Maria Doe, Alejandro Doe, Armando Doe, Ana Doe, Carlos Doe, Omar Doe, Andrea Doe, Sandra McAnany, Kyle Varner, Wilhen Pierre Victor, Valentin Rosales Tabares, Marim Doe, Adolfo Gonzalez, Jr., Aleksandra Doe, Teresa Doe, Rosa Doe, and Haitian Bridge Alliance.

[2] Defendants include Kristi Noem, in her official capacity as Secretary of Homeland Security; Todd M. Lyons, in his official capacity as the Acting Director of Immigration and Customs Enforcement; Pete R. Flores, in his official capacity as Acting Commissioner of U.S. Customs and Border Protection; Kika Scott, in her official capacity as the Senior Official Performing the Duties of the Director of U.S. Citizenship and Immigration Services; and Donald J. Trump, in his official capacity as President of the United States.

## **Plaintiffs' Second Amended Complaint**

*Plaintiffs' Position*

Plaintiffs' and Defendants' counsel have conferred, and Defendants' counsel consent to Plaintiffs' filing of a second amended complaint to address the issuance of the recently published Federal Register Notice, entitled "Termination of Parole Processes for Cubans, Haitians, Nicaraguans, and Venezuelans," 90 Fed. Reg. 13,611 (March 25, 2025). Plaintiffs therefore intend to file a Motion for Leave to File an Amended Complaint and a Second Amended Complaint on March 26, 2025.

*Defendants' Position*

Defendants do not oppose Plaintiffs' motion for leave to file a second amended complaint. However, as set forth below, Defendants believe it is in the interests of judicial economy and fairness to bifurcate consideration of any new requests for relief relating to added claims addressing the recently published Federal Register Notice (FRN), entitled "Termination of Parole Processes for Cubans, Haitians, Nicaraguans, and Venezuelans," 90 Fed. Reg. 13,611 (March 25, 2025), from the already-pending requests for relief related to the prior agency guidance. Defendants thus set forth a schedule below that will allow the Court to address those pending requests for relief at the April 7, 2025, hearing, while also providing both the parties and the Court with additional time to separately address any new requests for relief related to the FRN in advance of April 24, 2025.

## **Plaintiffs' Motions to Certify Class**

*Plaintiffs' Position*

Plaintiffs respectfully request that the Court establish the following schedule for briefing and a hearing on Plaintiffs' Motion to Certify Class, Doc. No. 46:

- Plaintiffs shall file a Supplemental Motion to Certify Class by March 27, 2025;

- Defendants shall file their Opposition to Plaintiffs' Supplemental Motion to Certify Class by April 4, 2025; and

- Hearing on Plaintiffs' Supplemental Motion to Certify Class on April 7, 2025.

***Defendants' Position***

Defendants propose the following schedule, which bifurcates requests for class certification pertaining to the already-pending claims and requests for relief from new requests for relief pertaining to the FRN:

Pending Motion for Class Certification

- Defendants shall file their Opposition to Plaintiffs' Motion to Certify Class (Doc. No. 46) by April 4, 2025[3];

- Hearing on Plaintiffs' Motion to Certify Class (Doc. No. 46) on April 7, 2025;

Supplemental Motion for Class Certification

- Plaintiffs shall file a Supplemental Motion to Certify Class relating to the FRN by March 27, 2025;

- Defendants shall file their Opposition to Plaintiffs' Supplemental Motion to Certify Class on April 10, 2025; and

- Hearing on Plaintiffs' Supplemental Motion to Certify Class to be set by the Court.

---

[3] Defendants do not yet know the identities of Plaintiffs and will need time to gather information on those Plaintiffs once their identities are known. Per the Court's suggestion at the March 24 hearing, if Defendants are unable to gather all the necessary information by the time of the April 4 filing, Defendants will note the need to bifurcate and supplement their response in that filing.

**Plaintiffs' Motion for Temporary Restraining Order/Preliminary Injunction**

*Plaintiffs' Position*

- Plaintiffs shall file a Motion for Temporary Restraining Order / Preliminary Injunction by March 28, 2025;

- Defendants shall file their Opposition to Plaintiffs' Motion for Temporary Restraining Order / Preliminary Injunction by April 4, 2025; and

- Hearing on Plaintiffs' Motion for Temporary Restraining Order / Preliminary Injunction on April 7, 2025.

*Defendants' Position*

Plaintiffs have represented that their new request for preliminary-injunctive relief concerning the FRN will depend on purely legal arguments that do not require review of the Certified Administrative Record. Based on that representation, Defendants propose the following schedule, which bifurcates requests for relief pertaining to the already-pending claims from new requests for relief pertaining to the FRN[4]:

- Plaintiffs shall file a Motion for Temporary Restraining Order / Preliminary Injunction addressing any new requests for relief relating to the FRN by March 28, 2025;

- Defendants shall file their Opposition to Plaintiffs' Motion for Temporary Restraining Order / Preliminary Injunction by April 11, 2025; and

---

[4] If Plaintiffs advance claims that require record review, Defendants reserve the right to seek an amended schedule that provides Defendants with reasonable time to produce a Certified Administrative Record. The Defendant agencies will need time to collect, review, and certify an administrative record, and will not be able to complete that process on the schedule proposed here. *See, e.g.*, *Am. Bioscience, Inc. v. Thompson*, 243 F.3d 579, 582-83 (D.C. Cir. 2001) (noting that courts must give agencies time to provide an administrative record before determining probability of success on the merits of a claim requiring record review when ruling on a motion for preliminary injunction).

- Hearing on Plaintiffs' Motion for Temporary Restraining Order / Preliminary Injunction to be set by the Court.

In conferring on this schedule, Plaintiffs represented that they were concerned about completing briefing on this motion before the April 24, 2025 termination of temporary parole periods for existing CHNV parole grants. *See* 90 Fed. Reg. at 13,611. Defendants' proposed schedule accomplishes this goal by setting a date for Defendants' response nearly two weeks in advance of April 24, 2025. Under this schedule the Court could set a hearing sometime between April 11 and April 24, 2025, to resolve this issue before that latter date. Defendants' proposal would also allow Defendants the time to respond to Plaintiffs' motion contemplated by the local rules, and would allow the Court more time to review the Parties' briefing before any hearing.

| | |
|---|---|
| Dated March 26, 2025 | Respectfully submitted, |

YAAKOV M. ROTH
*Principal Deputy Assistant Attorney General*

DREW C. ENSIGN
*Deputy Assistant Attorney General*

AUGUST FLENTJE
*Acting Director*

EREZ REUVENI
*Acting Deputy Director*

PATRICK GLEN
KATHERINE J. SHINNERS
*Senior Litigation Counsel*

*/s/ Brian C. Ward*
BRIAN C. WARD
*Senior Litigation Counsel*
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 616-9121
Email: brian.c.ward@usdoj.gov

ELISSA FUDIM
ZACHARY CARDIN
DANIEL SCHUTRUM-BOWARD
*Trial Attorneys*

*Counsel for Defendants*

*/s/* John A. Freedman
John A. Freedman (BBO#629778)
Laura Shores (*pro hac vice*)
Katie Weng (*pro hac vice* pending)
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Ave, NW
Washington, D.C. 20001-3743
Telephone: (202) 942-5316
john.freedman@arnoldporter.com
laura.shores@arnoldporter.com
katie.weng@arnoldporter.com

H. Tiffany Jang (BBO#691380)
**ARNOLD & PORTER KAYE SCHOLER LLP**
200 Clarendon Street, Fl. 53
Boston, MA 02116
Telephone: (617) 351-8053
tiffany.jang@arnoldporter.com

Daniel B. Asimow (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
Three Embarcadero Center
10th Floor
San Francisco, CA 94111-4024
Telephone: (415) 471-3142
daniel.asimow@arnoldporter.com

Robert Stout (*pro hac vice*)
Sarah Elnahal (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
250 West 55th Street
New York, NY 10019-9710
Telephone: (212) 836-8000
rob.stout@arnoldporter.com
sarah.elnahal@arnoldporter.com

6

Esther H. Sung (*pro hac vice*)
Karen C. Tumlin (*pro hac vice*)
Hillary Li (*pro hac vice*)
Laura Flores-Perilla (*pro hac vice*)
Brandon Galli-Graves (*pro hac vice*)
**JUSTICE ACTION CENTER**
P.O. Box 27280
Los Angeles, CA 90027
Telephone: (323) 450-7272
esther.sung@justiceactioncenter.org
karen.tumlin@justiceactioncenter.org
hillary.li@justiceactioncenter.org
laura.flores-perilla@justiceactioncenter.org
brandon.galli-graves@justiceactioncenter.org


Anwen Hughes (*pro hac vice*)
**HUMAN RIGHTS FIRST**
75 Broad St., 31st Fl.
New York, NY 10004
Telephone: (212) 845-5244
HughesA@humanrightsfirst.org


Justin B. Cox (*pro hac vice*)
**LAW OFFICE OF JUSTIN B. COX**
*JAC Cooperating Attorney*
PO Box 1106
Hood River, OR 97031
(541) 716-1818
justin@jcoxconsulting.org

## CERTIFICATE OF SERVICE

I, John A. Freedman, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: March 26, 2025

                                        */s/* John A. Freedman
                                        John A. Freedman