UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SVITLANA DOE, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, et al.,<br><br>*Defendants*. | C.A. No: 1:25-cv-10495-IT |

## STIPULATED PROTECTIVE ORDER CONCERNING CONFIDENTIAL DOE PII

Upon consideration of the Parties' Joint Motion for a Stipulated Protective Order, it is hereby ORDERED that:

1. Any personally identifying information about any of the Doe Plaintiffs ("Doe PII") is designated as "Confidential" to protect the Doe Plaintiffs' privacy interests.

2. "Confidential Doe PII" consists of the following information about the Doe Plaintiffs as provided by Plaintiffs in the course of this litigation, in connection with any identification of the Doe Plaintiff as a plaintiff in this litigation: Alien registration numbers, full names, dates of birth, passport numbers, social security numbers, addresses, account numbers, application receipt numbers, or the same information concerning any of the Doe Plaintiffs' relatives.

3. Access to any Confidential Doe PII shall be limited to:

a. Counsel for the Parties, including in-house counsel and employees and agents of such counsel who are required to assist in the conduct of the litigation;

1

    b.    Employees or agents of the Parties who have a reasonable need of access to the information solely in connection with the prosecution and/or defense of this Action;

    c.    Outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained to furnish technical or expert services, and/or to give testimony in this Action;

    d.    The Court and court employees, court reporters and stenographic reporters, jurors and all persons necessary to the conduct of judicial hearings or the trial of the Litigation; and

    e.    Any other person whom counsel collectively agree in writing or whom the Court directs may review the Confidential Doe PII.

3.    Any Plaintiff may voluntarily disclose to others without restriction any Confidential Doe PII, although the information may lose its confidential status if it is made public. Any information that Plaintiffs file on the public docket loses any confidential status, unless such disclosure is inadvertent and corrected.

4.    Each person designated under paragraph 2(b) or 2(c) shall not further disseminate Confidential Doe PII. Each person appropriately designated pursuant to paragraph 2(c) to receive Confidential Doe PII shall execute an agreement to be bound by this Order in the form attached as Exhibit 1.

5.    Counsel for each Party shall record in a log the name and title of each person who is given access to any Confidential Doe PII pursuant to paragraph 2(c), as well as the date that access is granted and the reason for granting access. Counsel shall exchange these logs on a monthly basis for the duration of the Litigation.

6. Any party desiring or intending to file with the Court any Confidential Doe PII in any motion, brief, letter, transcript, or other paper containing or describing any Confidential information, shall do so under seal. The parties shall file in the public docket redacted of any proposed sealed filings. The parties shall also promptly submit unredacted courtesy copies of any proposed sealed filings to the Clerk's Office, clearly marked NOT FOR DOCKETING – COURTESY COPY – SEALED FILING.

7. Confidential Doe PII exchanged in the course of the Litigation shall be used by the parties and persons to whom the information is produced solely for the pursuit or defense of the Litigation. Confidential Doe PII may not be used for any immigration enforcement purpose, including in any collateral immigration proceeding.

8. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

9. All provisions of this order restricting the communication or use of Confidential Doe PII shall continue to be binding after the conclusion of the Litigation, unless otherwise agreed or ordered. Any party to this Protective Order may apply to this Court for modification of this order.

10. Within thirty (30) days of the conclusion of this Litigation, including but not limited to the latest of settlement, arbitration, judgment, and all rights of appeal being exhausted, any materials consisting of or referencing Confidential Doe PII shall be returned to the producing party or certified as destroyed, except that the Parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

Case 1:25-cv-10495-IT  Document 57  Filed 03/26/25  Page 4 of 5

Entered as an order of the Court this 26th day of March, 2025.

/s/ Indira Talwani
INDIRA TALWANI
UNITED STATES DISTRICT JUDGE

4

## EXHIBIT 1

I have read and I understand the terms of the Protective Order dated _____, filed in Case No. 1:25-cv-10495, pending in the United States District Court for the District of Massachusetts. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge or disseminate any information, documents, or copies of documents, designated "Confidential" obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this Action and pursuant to the terms of the Protective Order. I shall not use or allow to be used any information or document designated "Confidential" to be used for any immigration enforcement purpose, including any collateral immigration proceeding.

As soon as practical, but no later than 30 days after final termination of this Action, I shall return to the attorney from whom I have received them, any documents in my possession designated "Confidential," any documents containing information designated as "Confidential," and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the District of Massachusetts for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

Signed under the pains and penalties of perjury.

Date: [SIGNATURE]

[PRINTED NAME]