IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SVITLANA DOE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, et al.,<br><br>Defendants. | Civil Action No.: 1:25-cv-10495-IT |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
UNOPPOSED MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, Plaintiffs respectfully file this unopposed motion for leave to amend their First Amended Complaint (Doc. No. 22) in order to add new parties, allegations, and claims pertaining to Defendants' most recent agency action in formally terminating the parole processes for Cuba, Haiti, Nicaragua, and Venezuela (hereinafter "CHNV parole processes"). On March 21, 2025, the Department of Homeland Security ("DHS") publicly released an unpublished version of a Federal Register Notice entitled "Termination of Parole Processes: Cubans, Haitians, Nicaraguans, and Venezuelans," which was subsequently published on March 25, 2025 (the "March 25 FRN"). Termination of Parole Processes for Cubans, Haitians, Nicaraguans, and Venezuelans, 90 Fed. Reg. 13611 (Mar. 25, 2025). The March 25 FRN prematurely terminates validly issued grants of parole and work authorization issued under the CHNV parole processes for all current CHNV parole beneficiaries who are within the United States with time remaining on their parole. *See id.* Pursuant to the March 25 FRN, current parole grants will terminate 30 days after publication, on Thursday, April 24, 2025. DHS has also expressed its intent in the March 25 FRN to "remove promptly [individuals]

1

who entered the United States under the CHNV parole programs who do not depart the United States before their parole termination date and do not have any lawful basis to remain in the United States. *Id.*

Thus, Plaintiffs seek leave from the Court to amend their First Amended Complaint to add new factual allegations and claims against the issuance of the March 25 FRN, and to add new individual plaintiffs who are immediately harmed by the publication of the notice. Notwithstanding these newly added parties, a vast majority of current CHNV Plaintiffs in the case would be directly affected and harmed by the March 25 FRN, and thus amending Plaintiffs' First Amended Complaint to address the March 25 FRN as to the applicable current CHNV Plaintiffs would promote efficiency in resolving the matter. Consequently, current Plaintiffs and new plaintiffs who are directly impacted by the March 25 FRN will have standing to challenge the March 25 FRN, and because the March 25 FRN, which seeks to rescind validly issued parole grants and work authorization for current CHNV beneficiaries within the United States, overlaps with the factual and legal issues and certain Plaintiffs currently in the present case, amending the First Amended Complaint will not prejudice Defendants or cause any undue delay in the adjudication of the case.

## BACKGROUND

On February 28, 2025, Plaintiffs—eight beneficiaries, three sponsors, and organizational plaintiff Haitian Bridge Alliance—filed their original complaint challenging the federal government's actions to terminate already established humanitarian parole processes, including the Uniting for Ukraine ("UFU"), Operation Allies Welcome ("OAW"), and CHNV parole processes, as well as Defendants' indefinite halt on processing pending immigration benefit applications for beneficiaries under these processes. Compl., Doc. No. 1. On March 17, 2025, Plaintiffs filed their First Amended Complaint to add new plaintiffs harmed by the government's

actions, including sponsors and beneficiaries of three additional already established humanitarian parole processes—Military Parole in Place ("MPIP"), Family Reunification Parole ("FRP"), and Central American Minors Parole ("CAM"). First Amended Compl., Doc. No. 22. On the same day, Plaintiffs filed an Emergency Motion for Preliminary Injunction and Stay of Administrative Action regarding Defendants' termination of these parole processes and indefinite suspension of the processing of immigration benefit request applications filed by or on behalf of beneficiaries of these processes. Mot. for Preliminary Injunction, Doc. No. 23. Subsequently, the Court set a hearing for that motion to take place on March 24, 2025. On March 21, 2025, DHS publicly released the Federal Register Notice on the CHNV parole processes, which would result in the revocations of parole grants and accompanying work authorization for CHNV beneficiaries who are currently within the United States with time remaining on their parole.

At that March 24 hearing, Plaintiffs discussed the need to amend their operative complaint, the First Amended Complaint (Doc. No. 22), to address new allegations and claims, and to add new plaintiffs directly related to and harmed by the March 25 FRN. At that hearing, this Court encouraged Plaintiffs' and Defendants' counsel to confer with one another to come to an agreement on Plaintiffs' proposed second amended complaint, given the overlapping issues and parties as it relates to the CHNV termination via the March 25 FRN. At the conclusion of the hearing, the Court set another hearing to continue arguments on the motion for preliminary injunction and stay as well as on Plaintiffs' Motion for Class Certification for April 7, 2025.

## LEGAL STANDARD

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits courts to allow a party to file an amended pleading "where the interests of justice so require" under a liberal, "freely give[n]" standard. *See U.S. ex rel. D'Agostino v. EV3, Inc.*, 802 F.3d 188, 192 (1st Cir. 2015); *Calderon-*

*Serra v. Wilmington Trust Co.,* 715 F.3d 14, 19 (1st Cir. 2013) ("It is common ground that leave to amend should be 'freely give[n]' in circumstances in which 'justice so requires.'"). When determining whether to grant a motion for leave to amend a pleading, courts must weigh the totality of the circumstances, *see Nikitine v. Wilmington Trust Co.*, 715 F.3d 388, 390 (1st Cir. 2013), and relevant factors that come into play in determining whether or not to grant leave to amend includes whether there is "futility, bad faith, undue delay, or a dilatory motive on the movant's part." *Graham v. Grondolsky*, Civil Action No. 08–40208-MBB, 2012 WL 405459 at *15 (D. Mass. Feb. 7, 2012). As explained below, none of these factors apply here, and the totality of the circumstances weigh in favor of granting Plaintiffs' motion for leave to amend their complaint.

## ARGUMENT

Plaintiffs' motion for leave to amend their complaint will not cause any undue delay in the current schedule for the case; nor are Plaintiffs acting with a dilatory motive. Plaintiffs seek leave to amend the operative complaint three business days after the March 21, 2025 initial, unpublished release of the March 25 FRN terminating the CHNV parole processes. Plaintiffs informed the court within hours of the initial release of the March 25 FRN on March 21, 2025 (*see* Doc. No. 45) of their intention to challenge it through the current litigation, given the overlapping issues it presents and the drastic impact the March 25 FRN would have on named Plaintiffs, the plaintiffs seeking to be added to the lawsuit, and hundreds of thousands of similarly situated putative class members Without this court's intervention, CHNV Plaintiff beneficiaries will lose parole status and work authorization on April 24, 2025, due to the March 25 FRN.

Plaintiffs' proposed amended complaint is not futile. When amendment is sought before discovery and before either party has moved for summary judgment, futility is assessed under the Rule 12(b)(6) standard. *Hatch v. Dept. For Children, Youth and Their Families*, 274 F.3d 12, 19

4

(1st Cir. 2001). Amendment is not considered futile "as long as the proposed amended complaint sets forth a general scenario which, if proven, would entitle the plaintiff to relief against the defendant on some cognizable theory." *Id.* Here, just under one month after Plaintiffs' original complaint was filed, the case before the Court is still within the early stages of litigation, before any discovery or before any motion for summary judgment. Moreover, as is shown in Plaintiffs' Second Amended Complaint, Doc. No. 59-1, Plaintiffs' new allegations and causes of action are narrowly targeted to address the new issues brought up by the newly minted March 25 FRN.

Lastly, Plaintiffs are moving in good faith. Plaintiffs are seeking to amend their complaint in order to avoid any inefficiency or duplicative litigation that would involve similar facts, questions of law, and overlapping Plaintiffs who are affected by Defendants' actions as pled in Plaintiffs' original and first amended complaint, and now the March 25 FRN seeking to rescind validly issued grants of parole and work authorizations under the CHNV parole processes. If leave is not granted, Plaintiffs will be forced to bring a separate, related action to address the March 25 FRN, which would add delay in seeking emergency relief for these impacted Plaintiffs in a timely manner before the premature termination of individual grants of CHNV parole becomes effective on April 24, 2025.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Unopposed Motion for Leave to File Second Amended Complaint.

Dated: March 26, 2025

Esther H. Sung (*pro hac vice*)
Karen C. Tumlin (*pro hac vice*)
Hillary Li (*pro hac vice*)
Laura Flores-Perilla (*pro hac vice*)
Brandon Galli-Graves (*pro hac vice*)
**JUSTICE ACTION CENTER**
P.O. Box 27280
Los Angeles, CA 90027
Telephone: (323) 450-7272
esther.sung@justiceactioncenter.org
karen.tumlin@justiceactioncenter.org
hillary.li@justiceactioncenter.org
laura.flores-perilla@justiceactioncenter.org
brandon.galli-graves@justiceactioncenter.org


Anwen Hughes (*pro hac vice*)
**HUMAN RIGHTS FIRST**
75 Broad St., 31st Fl.
New York, NY 10004
Telephone: (212) 845-5244
HughesA@humanrightsfirst.org


Justin B. Cox (*pro hac vice*)
**LAW OFFICE OF JUSTIN B. COX**
*JAC Cooperating Attorney*
PO Box 1106
Hood River, OR 97031
(541) 716-1818
justin@jcoxconsulting.org

Respectfully submitted,

*/s/ John A. Freedman*
John A. Freedman (BBO#629778)
Laura Shores (*pro hac vice*)
Katie Weng (*pro hac vice* pending)
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Ave, NW
Washington, D.C. 20001-3743
Telephone: (202) 942-5316
john.freedman@arnoldporter.com
laura.shores@arnoldporter.com
katie.weng@arnoldporter.com


H. Tiffany Jang (BBO#691380)
**ARNOLD & PORTER KAYE SCHOLER LLP**
200 Clarendon Street, Fl. 53
Boston, MA 02116
Telephone: (617) 351-8053
tiffany.jang@arnoldporter.com


Daniel B. Asimow (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
Three Embarcadero Center
10th Floor
San Francisco, CA 94111-4024
Telephone: (415) 471-3142
daniel.asimow@arnoldporter.com


Robert Stout (*pro hac vice*)
Sarah Elnahal (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
250 West 55th Street
New York, NY 10019-9710
Telephone: (212) 836-8000
robert.stout@arnoldporter.com
sarah.elnahal@arnoldporter.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

    I, John A. Freedman, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated March 26, 2025

                                        */s/ John A. Freedman*
                                        John A. Freedman