**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SVITLANA DOE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, et al.,<br><br>Defendants. | Civil Action No.: 1:25-cv-10495-IT |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
SECOND SUPPLEMENTAL MOTION TO PROCEED UNDER PSEUDONYM**

Pursuant to Federal Rule of Civil Procedure 5.2(e), Plaintiffs move to supplement the March 3, 2025 and March 21, 2025 Orders (Doc. Nos. 8, 43) to permit the use of pseudonyms for Miguel Doe, Gabriela Doe, Lucia Doe, and Daniel Doe (collectively, the "new Doe Plaintiffs"), whose sensitive and highly personal information is described in the Second Amended Complaint, Doc. No. 59-1, and will necessarily be described in detail in further documents filed in this matter as the case proceeds.

The new Doe Plaintiffs are beneficiaries and a sponsor under the parole processes for Cubans, Haitians, Nicaraguans, and Venezuelans ("CHNV"). The new Doe plaintiffs wish to proceed under pseudonym and incorporate by reference the same legal arguments and reasoning articulated in Plaintiffs' First Motion to Proceed Under Pseudonym, Doc. No. 5, and Plaintiffs' Supplemental Motion to Proceed Under Pseudonym, Doc. No. 38, and submit this supplemental brief to illuminate for the Court the specific reasons why their personal circumstances warrant the use of pseudonyms.

1. ***The new Doe beneficiary Plaintiffs reasonably fear that compelled disclosure of their identities to the federal government could subject them to retaliation, including in the form of immigration enforcement and removal.***

The new Doe beneficiary Plaintiffs' fear of immigration enforcement and the prospect of removal from the United States back to dangerous conditions in their home countries is entirely reasonable given that a Federal Register Notice was published March 25, 2025 (the "March 25 FRN"), announcing the termination not only of the CHNV parole processes, but also all individual grants of CHNV parole.  Termination of Parole Processes for Cubans, Haitians, Nicaraguans, and Venezuelans, 90 Fed. Reg 13611 (March 25, 2025), Doc. No. 64-2.  The March 25 FRN states that "[t]he temporary parole period of [individuals] in the United States under the CHNV parole programs and whose parole has not already expired by April 24, 2025 will terminate on that date unless the Secretary makes an individual determination to the contrary." *Id.* at 13611. The March 25 FRN further states that "[f]ollowing this termination, and consistent with the direction in Executive Order 14165, DHS generally intends to remove promptly [individuals] who entered the United States under the CHNV parole programs who do not depart the United States before their parole termination date . . . ." *Id.* at 13618.

The new Doe beneficiary Plaintiffs reasonably fear that after April 24, 2025, and especially in light of their participation in this litigation against the federal government, they could be subject to immediate removal, as the Federal Register Notice terminating CHNV parole processes grants the U.S. government "discretion [to] initiate expedited removal proceedings where appropriate" in instances where an individual "has not been continuously present in the United States for at least the two years preceding the date of the inadmissibility determination." *See* 90 Fed. Reg. at 13619; Declaration of Lucia Doe ("Lucia Doe Decl."), Doc. No. 64-3, ¶ 21; Declaration of Miguel Doe ("Miguel Doe Decl."), Doc. No. 64-4, ¶ 20; Declaration of Daniel Doe ("Daniel Doe Decl."), Doc. No. 64-5, ¶ 22.  Lucia Doe, Miguel Doe, and Daniel Doe have been in the country under CHNV

parole for less than the two-year periods of parole they were granted.  *See* Lucia Doe Decl., Doc. No. 64-3, ¶¶ 2, 13 (approximately 8 months); Miguel Doe Decl., Doc. No. 64-4, ¶ 3 (approximately 8 months); Daniel Doe Decl., Doc. No. 64-5, ¶ 9 (a little over a year). *See, e.g.*, *K.O. ex rel. E.O. v. United States*, 651 F. Supp. 3d 331, 343 (D. Mass. 2023) (crediting "fears of retaliation" as a reason the court "allowed the plaintiffs to proceed pseudonymously" in a case involving family separation at the border).

> **2.** ***Miguel Doe and Gabriela Doe have family members who are Doe Plaintiffs and reasonably fear that compelled disclosure of their identities to the federal government could subject those family members to retaliation, including in the form of immigration enforcement and removal.***

Miguel Doe fears not only immigration enforcement and removal proceedings for himself, but also similar treatment of family members who are Doe Plaintiffs in this lawsuit, which would cause his family members serious harm. Miguel Doe Decl., Doc. No. 64-4, ¶ 20. Similarly, Gabriela Doe, Miguel's cousin and CHNV sponsor, also fears this treatment of her numerous family members who are Doe Plaintiffs in this lawsuit. Gabriela Doe Decl., Doc. No. 64-6, ¶¶ 10, 18. At least one other district court in this circuit recently found that harboring such fears of harm to family members (including those not plaintiffs to the same action) reasonably placed a Doe plaintiff within the paradigms set out in *MIT*. *See Doe v. U.S. Sec'y of State*, 707 F. Supp. 3d 142, 144 (D.N.H. 2023) (acknowledging that "[r]evelation of [an Afghani national] Doe's identity in this proceeding would also risk substantial harm to his family members, who are not parties to this action"). Miguel Doe has a father and multiple siblings who have travelled to the United States pursuant to CHNV parole processes, and his brother, Alejandro Doe, and sister, Ana Doe, are in fact Doe Plaintiffs in this case. Miguel Doe Decl., Doc No. 64-4, ¶ 4; Gabriela Doe Decl., Doc. No. 64-6, ¶ 4. Thus, Miguel fears that disclosure of his identity to the federal government could subject him and his family members who are Doe Plaintiffs to immigration enforcement. *See*

Miguel Doe Decl., Doc. No. 64-4, ¶ 20. Moreover, Gabriela Doe is the cousin of Miguel Doe, Ana Doe, Armando Doe, Alejandro Doe, and Carlos Doe, and is the CHNV sponsor to all of them except Carlos Doe. Gabriela Doe Decl., Doc. No. 64-6, ¶ 4. Thus, she fears that disclosure of her identity to the federal government could lead to her cousins being subjected to similar immigration enforcement and removal. *Id.* at ¶ 18.

3.   ***Miguel Doe's family has fled political persecution and he reasonably fears that compelled public disclosure of his identity could lead to his family's political persecution in their home country; Daniel Doe fled dangerous conditions and he reasonably fears that compelled public disclosure of his identity could lead to his wife and daughter being targeted in their home country.***

Miguel Doe fears not only the possibility of immigration enforcement and removal from the United States, but also removal *back to his home country of Nicaragua*, which he and his family members fled because it was not safe for them anymore.  Miguel Doe Decl., Doc. No. 64-4, ¶ 20. Miguel and Gabriela Doe's family is part of "a family with a history of State political persecution." *Id.* at ¶ 20; Gabriela Doe Decl., Doc. No. 64-6, ¶ 20.  Miguel Doe's brother, Alejandro Doe, stated that he and other members of his family are wanted in Nicaragua for engaging in political protests against President Daniel Ortega, and their father was abducted, tortured, and imprisoned by the government before being labeled an opponent of the regime.  Declaration of Alejandro Doe, Doc. No. 24-1, ¶¶ 5-8.  Likewise, Daniel Doe fears removal *back to his home country of Haiti* because of the dangerous conditions that persist in the country. Daniel Doe Decl., No. 64-5, ¶ 22 (describing his fears of being targeted by gangs should he be forced to return). What's more, his wife and three-year-old daughter remain in Haiti with pending CHNV sponsorship applications, and Daniel Doe fears that they could be subjected to targeting by gangs in Haiti should he publicly disclose his name in this lawsuit. *Id.* Such fears are sufficient to overcome the presumption against the use of pseudonyms in civil litigation. *See, e.g.*, *Alianza Americas v. DeSantis*, No. 1:22-cv-11550-ADB, slip op. at 1 (D. Mass. Sept. 21, 2022) (holding that plaintiffs, who had alleged a fear of

physical violence inflicted on them or their family members in Venezuela, as reprisal for their decision to flee the country, had rebutted the presumption in favor of disclosing their identities).

## CONCLUSION

The new Doe Plaintiffs reasonably fear that compelled disclosure of their identities could result in substantial harm to them and their loved ones, including removal from the United States and the lives they have built here. Accordingly, the supplemental motion to proceed under pseudonym filed herewith should be granted.

Dated: March 27, 2025

Esther H. Sung (*pro hac vice*)
Karen C. Tumlin (*pro hac vice*)
Hillary Li (*pro hac vice*)
Laura Flores-Perilla (*pro hac vice*)
Brandon Galli-Graves (*pro hac vice*)
**JUSTICE ACTION CENTER**
P.O. Box 27280
Los Angeles, CA 90027
Telephone: (323) 450-7272
esther.sung@justiceactioncenter.org
karen.tumlin@justiceactioncenter.org
hillary.li@justiceactioncenter.org
laura.flores-perilla@justiceactioncenter.org
brandon.galli-graves@justiceactioncenter.org


Anwen Hughes (*pro hac vice*)
**HUMAN RIGHTS FIRST**
75 Broad St., 31st Fl.
New York, NY 10004
Telephone: (212) 845-5244
HughesA@humanrightsfirst.org


Justin B. Cox (*pro hac vice*)
**LAW OFFICE OF JUSTIN B. COX**
*JAC Cooperating Attorney*
PO Box 1106
Hood River, OR 97031
(541) 716-1818
justin@jcoxconsulting.org

Respectfully submitted,

*/s/ John A. Freedman*
John A. Freedman (BBO#629778)
Laura Shores (*pro hac vice*)
Katie Weng (*pro hac vice* pending)
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Ave, NW
Washington, D.C. 20001-3743
Telephone: (202) 942-5316
john.freedman@arnoldporter.com
laura.shores@arnoldporter.com
katie.weng@arnoldporter.com


Daniel B. Asimow (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
Three Embarcadero Center
10th Floor
San Francisco, CA 94111-4024
Telephone: (415) 471-3142
daniel.asimow@arnoldporter.com


H. Tiffany Jang (BBO# 691380)
**ARNOLD & PORTER KAYE SCHOLER LLP**
200 Clarendon Street, Fl. 53
Boston, MA 02116
Telephone: (617) 351-8053
tiffany.jang@arnoldporter.com


Robert Stout (*pro hac vice*)
Sarah Elnahal (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
250 West 55th Street
New York, NY 10019-9710
Telephone: (212) 836-8000
robert.stout@arnoldporter.com
sarah.elnahal@arnoldporter.com


*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I, John A. Freedman, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: March 27, 2025

/s/ John A. Freedman
John A. Freedman