YAAKOV M. ROTH
*Principal Deputy Attorney General*

DREW C. ENSIGN
*Deputy Assistant Attorney General*

AUGUST FLENTJE
*Acting Director*

EREZ REUVENI
*Acting Deputy Director*

BRIAN C. WARD
*Acting Assistant Director*
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 616-9121
Email: brian.c.ward@usdoj.gov

PATRICK GLEN
KATHERINE J. SHINNERS
*Senior Litigation Counsel*

ELISSA FUDIM
ZACHARY CARDIN
DANIEL SCHUTRUM-BOWARD
*Trial Attorney*

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Svitlana Doe, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Kristi Noem, in her official capacity as Secretary of Homeland Security, *et al.*, <br><br> Defendants. | Civil Action No. 1:25-cv-10495 |

**DEFENDANTS' MOTION FOR ORDER TO PROVIDE IDENTIFYING
INFORMATION FOR THE INDIVIDUAL PLAINTIFFS**

**INTRODUCTION**

Defendants respectfully move the Court for an order directing Plaintiffs to provide identifying information for all individual Plaintiffs in this case who are proceeding under pseudonyms. Defendants need this information to respond to the claims in this case, including to respond to Plaintiffs' motions for preliminary injunction and class certification. Defendants worked in good faith to agree to the terms of a protective order to facilitate the sharing of this information once the protective order was entered. However, since the protective order was entered last Wednesday, March 26, 2025, Defendants have repeatedly requested this information from Plaintiffs, and Plaintiffs have repeatedly refused. On April 1, 2025, after Defendants noted that they intended to seek clarification from the Court that Plaintiffs should be required to provide identifying information for all Plaintiffs, Plaintiffs provided information for some, but not all Doe Plaintiffs. Defendants have already been prejudiced by the inability to evaluate Plaintiffs' factual allegations in preparing to defend this case, and ask for the Court's assistance in obtaining the remaining necessary information.

**BACKGROUND**

Shortly after filing their complaint using pseudonyms, *see* ECF No. 1, Plaintiffs filed an *Ex Parte* Motion To Proceed Under Pseudonym, ECF No. 5. In that motion, they stated, "Doe Plaintiffs are willing to disclose their identities to the Court and the Defendants' counsel under seal, pursuant to a jointly agreed-upon protective order." ECF No. 5 at 2. Among other things, they requested that the Court "Order[ ] the parties to confer on and submit a joint protective order that will permit the Doe Plaintiffs to reveal their identities to the Court and to Defendants' counsel under seal if and when required by the Court." *Id.* at 3. Defendants had not been served at that time

1

and did not have an opportunity to respond to the non-public motion, which does not appear on the public docket.

After being served with the complaint in this matter on March 18, 2025, Defendants requested that Plaintiffs provide the identifying information for the individual Plaintiffs that same day. Plaintiffs responded that they would discuss with their clients and would do so only pursuant to a protective order, but would provide a proposed protective order if Defendants were amenable to that approach. Defendants then worked with Plaintiffs to negotiate the terms of that joint protective order for this purpose. At no time did Plaintiffs state that they would not provide this identifying information during the course of the Parties' briefing on Plaintiffs' preliminary motions even if the protective order was entered. Nor did Plaintiffs ever state during the course of negotiating the protective order that they would not provide the information without some formal discovery request.

At the hearing on March 24, 2025, the Court noted that "the questions of a protective order so that we can get the plaintiffs' names dealt with needs to be addressed," and discussed whether the Parties' "can reach an agreement," to which Plaintiffs' counsel stated "I believe we have, Your Honor." Tr. 69:12-16. In discussing Plaintiffs' pending motions and Defendants' responses, counsel for Defendants also noted that "we would just like to have the identities of the individual plaintiffs in order to be able to respond to that" and that "if that ends up taking some time, we might need additional time to respond." Tr. 70:8-12; *see also* Tr. 39:20-24. At no point did Plaintiffs' counsel state that they would not be willing to provide identifying information about the Plaintiffs once the protective order was entered or object to providing that information to Defendants' counsel. Nor did Plaintiffs' counsel state at the hearing that they would not provide this information without some formal discovery request.

On March 26, 2025, the Parties filed a Joint Motion for Entry of Stipulated Protective order Concerning Doe Plaintiffs' PII. ECF No. 26. The Parties jointly noted that they "recognize[d] that this case will involve the provision of sensitive and confidential personal identifying information ('PII') from the plaintiffs proceeding under pseudonym." *Id*. at 1. The Parties further noted that this proposed protective order was designed "to facilitate Plaintiffs' sharing of information about the Doe Plaintiffs' identities with Defendants." *Id*. at 2. On March 26, 2027, the Court entered the protective order, ECF No. 57, and on March 27, 2025, Defendants reasserted their earlier request for the identifying information for the Doe Plaintiffs. Plaintiffs did not respond.

On March 31, 2025, Defendants again inquired about the identifying information for the Doe Plaintiffs, and requested that Plaintiffs provide the identifying information for each Doe Plaintiff that is seeking preliminary relief and/or seeking to represent a class by the end of that day. Plaintiffs responded that they had never agreed that identifying information for the Doe Plaintiffs was necessary for the resolution of the pending motions and that they were not aware of any rule of procedure or other requirement that the Doe Plaintiffs provide any information to Defendants before discovery commences. Plaintiffs further stated that some of the Doe Plaintiffs may be willing to voluntarily provide their information and they would check with their clients and provide information as soon as they were able.

On April 1, 2025, after Defendants stated that they planned to ask the Court to clarify whether Plaintiffs must provide identifying information for all Plaintiffs, Plaintiffs provided information for some Doe Plaintiffs but maintained that they would not provide identifying information for the remaining Doe Plaintiffs unless those Plaintiffs agreed to voluntarily do so.

## ARGUMENT

The Court should order Plaintiffs to provide the identifying information for all individual Plaintiffs to Defendants, subject to the terms of the protective order negotiated by the Parties and

3

entered by the Court. Defendants have already been prejudiced by Plaintiffs' refusal to provide this information. Defendants normally obtain the identities of Plaintiffs when a complaint is filed and served. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"); Fed. R. Civ. P. 17(a)(1) ("An action must be prosecuted in the name of the real party in interest."). Plaintiffs filed their initial complaint in this matter over a month ago and Defendants still do not have this basic information for defending against this suit.

The First Circuit has recognized that there is a "strong presumption against the use of pseudonyms in civil litigation" that should be overcome only in "exceptional cases." *Doe v. MIT*, 46 F.4th 61, 69, 70 (1st Cir. 2022). And as the First Circuit noted, many circuits have developed balancing tests that requires weighing a plaintiff's interest in anonymity against the prejudice to the defendant. *Id.* (citing *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008) (collecting cases)).

Here, Defendants are prejudiced by not having the identities of the Plaintiffs. Defendants should be able to examine information they may have in their possession related to the individual Plaintiffs to evaluate their factual allegations and other assertions. Plaintiffs have moved for a preliminary injunction and class certification. In evaluating these motions, particularly the motion for injunctive relief, the Court cannot merely accept as true Plaintiffs' factual allegations, but rather the burden is on Plaintiffs to demonstrate "a clear showing that plaintiff is entitled to such relief" on each element, including by showing harm that is imminent, concrete, and irreparable, *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008), and showing a substantial likelihood of establishing standing under the heightened standard for evaluating a motion for summary judgment, *Elec. Priv. Info. Ctr. v. Presidential Advisory Comm'n on Election Integrity*, 878 F.3d 371, 377 (D.C. Cir. 2017). Defendants thus should be able to, at a minimum, investigate the

allegations of each Plaintiff who seeks injunctive relief and each putative class representative by evaluating whether the evidence Defendants have in their possession for these individuals and their applications undermines their allegations. *Cf. Texas. v. Dep't of Homeland Sec.*, No. 6:23-cv-0007, ECF No. 90 (S.D. Tex. Mar. 22, 2023) (granting request for jurisdictional discovery into plaintiffs' standing to raise challenge related to the CHNV parole program before requiring Defendants to respond to motion for preliminary injunction); *Texas, et al. v. Biden, et al.*, No. 3:22-cv-00780-M, ECF No. 50 (N.D. Tex. Aug. 22, 2022) (allowing Defendants time to conduct early jurisdictional discovery with respect to plaintiffs challenging Central American Minors parole program).

In a typical case, Defendants would have had names and identifying information from the time the complaint was filed and would have had some time already to investigate the relevant factual circumstances for those individuals. Instead, Plaintiffs have asked for expeditious treatment of their requests for relief while at the same time seeking to prevent Defendants from knowing any information about these individuals beyond what Plaintiffs select to share in their briefs. If Defendants have information that would be useful to testing Plaintiffs' factual allegations and other assertions, Plaintiffs' refusal to share identities of the individual Plaintiffs is preventing Defendants from marshalling that evidence to defend this case. Defendants asked for this information as soon as they were served, and Plaintiffs at no point stated that they would not provide this information without some sort of formal discovery request, even though Defendants repeatedly made clear that they required this information to respond to the expedited motions Plaintiffs had filed. Nor did Plaintiffs object at the March 24 hearing to providing this information once the protective order was entered. Indeed, it is not clear what purpose the protective order serves if not "to facilitate Plaintiffs' sharing of information about the Doe Plaintiffs' identities with Defendants," as the Parties' joint motion for entry of that protective order indicated. ECF No. 26 at 2.

Defendants request that the Court order production of all individual Plaintiffs' identifying information subject to that protective order. Plaintiffs have not identified any reason not to do so, and certainly no reason that outweighs the prejudice to Defendants from having to blindly litigate against unknown Plaintiffs. *See, e.g.*, *G.D. v. Kannapolis City Sch. Bd. of Educ.*, No. 1:22-cv-1001, 2023 WL 2538927, at *5 (M.D.N.C. Mar. 16, 2023) (noting that defendant must know the identity of plaintiff to proceed under pseudonym without prejudicing defendant's ability to defend the action); *Plaintiff v. Verizon Commc'ns, Inc.*, No. 22-cv-18, 2022 WL 168324, at *4 (D.D.C. Jan. 19, 2022) (same); *Doe v. Dep't of Army*, No. 1:21-MC-00114, 2021 WL 4260393, at *3 (D.D.C. Sept. 14, 2021) (same).

## CONCLUSION

Defendants respectfully request the Court order Plaintiffs to provide identifying information for all the individual Plaintiffs.

Dated: April 1, 2025                    Respectfully submitted,

                                      YAAKOV M. ROTH
*Principal Deputy Assistant Attorney General*

                                      DREW C. ENSIGN
*Deputy Assistant Attorney General*

                                      AUGUST FLENTJE
*Acting Director*

                                      EREZ REUVENI
*Acting Deputy Director*

By: /s/ *Brian C. Ward*
      BRIAN C. WARD
      *Acting Assistant Director*
      U.S. Department of Justice, Civil Division
      Office of Immigration Litigation
      P.O. Box 868, Ben Franklin Station
      Washington, DC 20044
      Tel: (202) 616-9121
      Email: brian.c.ward@usdoj.gov

      PATRICK GLEN
      KATHERINE J. SHINNERS
      *Senior Litigation Counsel*

      ELISSA FUDIM
      ZACHARY CARDIN
      DANIEL SCHUTRUM-BOWARD
      *Trial Attorneys*

      *Counsel for Defendants*

**CERTIFICATE UNDER LOCAL RULE 7.1(a)(2)**

Defense counsel conferred with Plaintiffs' counsel about the relief requested in this motion on March 27, March 31, and April 1, 2025, in a good faith attempt to resolve or narrow this dispute. Plaintiffs stated on March 31, 2025, that they are not aware of any rule or requirement to provide Defendants with any information about the Plaintiffs at this time but would check whether some of the Doe Plaintiffs are willing to voluntarily provide their information. On April 1, 2025, Plaintiffs provided information on some of the individual Doe Plaintiffs but maintained their position that they were not required to provide any information for the remaining Doe Plaintiffs.

By: */s/ Brian C. Ward*
BRIAN C. WARD
United States Department of Justice

**CERTIFICATE OF SERVICE**

I hereby certify that on April 1, 2025, I electronically filed this motion with the Clerk of the Court for the United States District Court for the District of Massachusetts by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

By: */s/ Brian C. Ward*
BRIAN C. WARD
United States Department of Justice