**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SVITLANA DOE, et al.,<br><br>Plaintiffs,<br><br>*v.*<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, et al.,<br><br>Defendants. | Civil Action No.: 1:25-cv-10495-IT |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ORDER TO PROVIDE IDENTIFYING INFORMATION FOR THE INDIVIDUAL PLAINTIFFS**

Plaintiffs oppose Defendants' Motion for Order to Provide Identifying Information for the Individual Plaintiffs, Doc. No. 77, because it is procedurally improper, lacks merit, and was effectively moot before it was filed. The Motion should be denied for the following reasons.

1. Defendants Are Not Entitled to Pre-Answer Discovery: At this point in the proceedings, Defendants have no right under the Rules of Procedure or otherwise, to demand information from any of the Plaintiffs, including the personally identifying information of the Plaintiffs who were granted leave by this Court to proceed under pseudonyms. *See* Doc. Nos. 8, 43, & 69. Under Rule 26(d)(1), parties are not entitled to seek discovery until the Rule 26(f) conference has occurred.

In support of their motion, Defendants cite Rules 10(a) and 17(a)(1) for the proposition that parties should use their real names, *see* Doc. No. 77 at 4, but it is well settled that leave to proceed under pseudonyms relieves the party of disclosing their names as might otherwise be required by those precise Rules. *See, e.g., Doe v. MIT*, 46 F.4th 61, 67 (1st Cir. 2022) (so noting,

but also that "it is less than obvious that a party's 'name' in this context means his true name, to the exclusion of a pseudonym").

2. Defendants Received Virtually All the Information in Question: At 1:50 pm this afternoon (*i.e.*, a full hour before Defendants filed their motion), Plaintiffs provided Defendants' counsel with the real name and (where applicable) A number[1] for 12 of the 17 Doe Plaintiffs (and have subsequently provided information for four more), each of whom consented to *voluntarily* providing that information (subject to the protective order) to Defendants before any formal discovery has commenced.[2] Notwithstanding the receipt of this information, Defendants proceeded to file their motion without engaging in the conferral required by Local Rule 7.1(a).

3. Defendants Have Not and Cannot Establish Prejudice. In addition to having the identities of 16 of the 17 individuals at issue, as the Cout noted when this issue arose during the March 24, 2025 hearing, Defendants do not need such information at this stage of the proceedings because, they can, if need be, bifurcate their response to pending motions, "where you can make a response that is generally applicable and reserving your right to make specific arguments that particular people aren't appropriate class representatives or further arguments once you have that [personally identifying] information." Tr. of Mar. 24, 2025 H'ring, Doc. No. 66 at 70.

Defendants assert in a wholly conclusory fashion that they are prejudiced by not knowing the true identities of all Doe Plaintiffs; the cases they cite in support, however, actually demonstrate two different deficiencies in their own motion. *See* Doc. No. 77 at 5 (citing *Texas. v. Dep't of Homeland Sec.*, No. 6:23-cv-0007 (S.D. Tex. Mar. 22, 2023); *Texas, et al. v. Biden, et al.*, No. 3:22-cv-00780-M (N.D. Tex. Aug. 22, 2022)). In both of the cited cases, the parties had requested

[1] An "A" or "alien number" is the unique identifying number DHS assigns to noncitizens.

[2] Defendants know the true identities of all but Plaintiff Miguel Doe.

reciprocal jurisdictional discovery, which the Court ordered; *see Texas v. DHS*, No. 6:23-cv-0007, 2023 WL 2842760 (S.D. Tex. Apr. 7, 2023) (resolving cross-motions for discovery and authorizing both sides to take jurisdictional and other discovery, much of which was not contested); *Texas v. Biden*, No. 3:22-cv-780, ECF No. 49 (S.D. Tex. Aug. 17, 2022) (discussing the parties' agreement regarding "reciprocal jurisdictional discovery"). Yet here Defendants did not move to open discovery, and have repeatedly indicated they are unwilling themselves to divulge voluntarily information in their own possession.[3] What is more, the Plaintiffs in the cases cited by Defendants were all states, which asserted standing based on the federal government's treatment of *third parties* (noncitizens), which is why jurisdictional discovery was appropriate there, but is not here (even assuming Defendants had moved for it), where the Plaintiffs are directly regulated by the challenged conduct. *See FDA v. Alliance for Hippocratic Med.*, 602 U.S. 367, 382 (2024) ("Government regulations that require or forbid some action by the plaintiff almost invariably satisfy both the injury in fact and causation requirements. So in those cases, standing is usually easy to establish. By contrast, when (as here) a plaintiff challenges the government's unlawful regulation (or lack of regulation) of someone else, standing is not precluded, but it is ordinarily substantially more difficult to establish.") (citations and quotation marks omitted); *see also Texas v. DHS*, No. 6:23-cv-0007, 722 F. Supp .3d 688 (S.D. Tex. 2024) (dismissing for lack of standing).

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' motion or, alternatively, make any obligation to provide early discovery reciprocal.

---

[3] For example, although the Administrative Records are not required to evaluate Plaintiffs' pending motions for preliminary relief, Plaintiffs have no desire for this case to drag on and so have asked Defendants four times how long they need to produce the ARs, yet Defendants have declined to provide any information at all about them.

Dated: April 1, 2025

Respectfully submitted,

/s/ John A. Freedman
John A. Freedman (BBO#629778)
Laura Shores (*pro hac vice*)
Katie Weng (*pro hac vice* pending)
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Ave, NW
Washington, D.C. 20001-3743
Telephone: (202) 942-5316
john.freedman@arnoldporter.com
laura.shores@arnoldporter.com
katie.weng@arnoldporter.com

H. Tiffany Jang (BBO#691380)
**ARNOLD & PORTER KAYE SCHOLER LLP**
200 Clarendon Street, Fl. 53
Boston, MA 02116
Telephone: (617) 351-8053
tiffany.jang@arnoldporter.com

Daniel B. Asimow (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
Three Embarcadero Center
10th Floor
San Francisco, CA 94111-4024
Telephone: (415) 471-3142
daniel.asimow@arnoldporter.com

Robert Stout (*pro hac vice*)
Sarah Elnahal (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
250 West 55th Street
New York, NY 10019-9710
Telephone: (212) 836-8000
rob.stout@arnoldporter.com
sarah.elnahal@arnoldporter.com

Esther H. Sung (*pro hac vice*)
Karen C. Tumlin (*pro hac vice*)
Hillary Li (*pro hac vice*)
Laura Flores-Perilla (*pro hac vice*)
Brandon Galli-Graves (*pro hac vice*)
**JUSTICE ACTION CENTER**
P.O. Box 27280
Los Angeles, CA 90027
Telephone: (323) 450-7272
esther.sung@justiceactioncenter.org
karen.tumlin@justiceactioncenter.org
hillary.li@justiceactioncenter.org
laura.flores-perilla@justiceactioncenter.org
brandon.galli-graves@justiceactioncenter.org

Anwen Hughes (*pro hac vice*)
**HUMAN RIGHTS FIRST**
75 Broad St., 31st Fl.
New York, NY 10004
Telephone: (212) 845-5244
HughesA@humanrightsfirst.org

Justin B. Cox (*pro hac vice*)
**LAW OFFICE OF JUSTIN B. COX**
*JAC Cooperating Attorney*
PO Box 1106
Hood River, OR 97031
(541) 716-1818
justin@jcoxconsulting.org

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I, John A. Freedman, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: April 1, 2025

*/s/ John A. Freedman*
John A. Freedman