UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SVITLANA DOE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> KRISTI NOEM, in her official capacity as Secretary of Homeland Security; TODD M. LYONS, in his official capacity as the Acting Director of Immigration and Customs Enforcement; PETE R. FLORES, in his official capacity as Acting Commissioner of U.S. Customs and Border Protection; KIKA SCOTT, in her official capacity as the Senior Official Performing the Duties of the Director of U.S. Citizenship and Immigration Services; and DONALD J. TRUMP, in his official capacity as President of the United States, <br><br> Defendants. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> Civil Action No. 1:25-cv-10495-IT <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

MEMORANDUM & ORDER

April 2, 2025

Defendants' pending Motion for an Order to Provide Identifying Information for the Individual Plaintiffs [Doc. No. 77] seeks identifying information for individual Plaintiffs in this case who are presently proceeding under pseudonyms. Plaintiffs respond that they provided Defendants' counsel with the real name (and where applicable, DHS alien number) of 12 of the 17 Doe Plaintiffs before Defendants filed their motion, and the identities of four more individual Plaintiffs after Defendants' filing. See Opp. to Mot. for Identifying Information [Doc. No. 78].[1]

---

[1] The identifying information was provided pursuant to the Stipulated Protective Order [Doc. No. 57], which limits access to counsel for the parties, employees or agents of the parties who have a reasonable need of access solely in connection with the prosecution or defense of this action, outside independent persons retained to furnish technical or expert services or give testimony in

The remaining individual Plaintiff, proceeding as Miguel Doe, has submitted a declaration (with his name redacted) attesting to risks he faces in his native country (Nicaragua) and stating that he seeks to proceed pseudonymously for fear that the United States government will retaliate against him and his family for his participation in this lawsuit by, for example, initiating deportation proceedings. See Miguel Doe Decl. [Doc. No. 64-4]. Based on the risks Miguel Doe faces compared to the minimal prejudice to Defendants in not knowing his identity at this stage, the court declines to order him to provide his identity to the Defendants at this time. Therefore, Defendants' Motion for an Order to Provide Identifying Information for the Individual Plaintiffs [Doc. No. 77] is DENIED as moot as to 16 of the 17 individual Plaintiffs and as unwarranted at this time as to Miguel Doe.

I.   Discussion

The government suggests that the language of Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties") and Fed. R. Civ. P. 17(a)(1) ("An action must be prosecuted in the name of the real party in interest[]") militates against Plaintiffs proceeding pseudonymously. The First Circuit has stated, however, that "it is less than obvious that a party's 'name' in this context means his true name, to the exclusion of a pseudonym" and has made clear that these rules do not mandate public disclosure. Doe v. Massachusetts Institute of Technology, 46 F.4th 61, 67 (1st Cir. 2022).

---

this action, the court and court employees and all persons necessary to the conduct of judicial hearings or trial, and any other person whom counsel collectively agree in writing or whom this court directs. The Protective Order further states that confidential information exchanged in the course of litigation shall be used by the parties and other persons solely for the pursuit or defense of this litigation, that such information shall not be used for any immigration enforcement purpose, and that all provisions of the order shall continue to be binding after the conclusion of this litigation. See id. ¶¶ 7, 9.

There is a "strong presumption against the use of pseudonyms in civil litigation." <u>Does 1-3 v. Mills</u>, 39 F.4th 20, 25 (1st Cir. 2022). Nonetheless, courts "have found that the use of pseudonyms may be warranted in 'exceptional cases.'" <u>Id.</u> (quoting <u>Doe v. Megless</u>, 654 F.3d 404, 408 (3d Cir. 2011)) (internal citations omitted). Courts in this circuit are to assess the need for pseudonymity at a given stage of litigation by considering the "totality of the circumstances." <u>See</u> <u>Doe v. MIT</u>, 46 F.4th at 70. The First Circuit has instructed:

> In most cases, the inquiry should focus upon the extent to which the facts align with one or more of the following paradigms: [1] whether the case is one in which the movant reasonably fears that coming out of the shadows will cause him unusually severe physical or mental harm; [2] whether the case is one in which compelled disclosure of the movant's name will likely lead to disclosure of a nonparty's identity, causing the latter substantial harm; [3] whether the case is one in which compelled disclosure would likely deter, to an unacceptable degree, similarly situated individuals from litigating; or [4] whether the federal suit is bound up with a prior proceeding subject by law to confidentiality protections and forcing disclosure of the party's identity would significantly impinge upon the interests served by keeping the prior proceeding confidential.

<u>Id.</u> at 72.

This case falls in the first and third paradigms—and possibly the second paradigm, given the harm Miguel Doe fears for himself and his family if they are deported to Nicaragua. Miguel Doe has submitted a declaration speaking to his "need for anonymity in [the] case," <u>Id.</u> at 73, in which he states that he fears that disclosing his identity will cause the United States government to retaliate against him in immigration proceedings. <u>See</u> Miguel Doe Decl. [Doc. No. 64-4]. His submission suggests that the risk of deportation is particularly acute in his case, given possible raids in his community. <u>See id.</u> ¶ 11. If he is deported, Miguel Doe fears persecution in his native Nicaragua, as he fears that the Nicaraguan government will label him an opponent, particularly given his family member's political persecution by the Nicaraguan state. <u>See id.</u> ¶¶ 15, 16. If this court ordered disclosure of Miguel Doe's identity, it would likely deter similarly

situated individuals from litigating cases such as these, in which the perceived risk of proceeding without a pseudonym—deportation—is precisely the harm Plaintiffs seek to prevent by participating in the lawsuit. While the other Doe Plaintiffs in this case voluntarily disclosed their identities despite the risks, requiring such actions at this stage of the proceedings would unacceptably deter such individuals from litigating.

Doe v. MIT addressed a situation in which the defendant knew the pseudonymous plaintiff's identity (but the public did not). Defendants argue here that they are prejudiced by the non-disclosure of all Plaintiffs' identities because they cannot investigate the allegations of the individual Plaintiffs seeking injunctive relief or of each putative class representative by evaluating whether "the evidence Defendants have in their possession for these individuals and their applications undermines their allegations." Mot. for Order for Identifying Information at 4-5 [Doc. No. 77]. Defendants similarly state that "[i]f Defendants have information that would be useful to testing Plaintiffs' factual allegations and other assertions, Plaintiffs' refusal to share identities of the individual Plaintiffs is preventing Defendants from marshalling that evidence to defend this case." Id. at 5.

But Defendants have not pointed to any category of information they may uncover that would aid in challenging Plaintiffs' two motions for preliminary injunctions and stays, the two motions for class certification, or the legal issues raised by this action. Instead, they have only stated in a conclusory fashion that they are "blindly litigat[ing] against unknown Plaintiffs." Id. at 6. The value for Defendants in learning information about Miguel Doe in defending Plaintiffs' legal challenge is extremely limited. The motions for preliminary injunctions and stays raise facial challenges to broad, categorical immigration policies and actions taken by Defendants, and the potential harms of such

actions—and thus the potential bases for standing, likelihood of success, and most of the prerequisites for class certification—are not specific to any individual Plaintiff, including Miguel Doe. As to irreparable harm,[2] and the adequacy of Miguel Doe as a class representative, Defendants suggest no reason that individual information is necessary at this stage to test Miguel Doe's allegations, but regardless, to the extent Defendants are prejudiced by the non-disclosure of Miguel Doe's identity at this stage of litigation, that prejudice is substantially mitigated by the disclosure of the 16 other individual Plaintiffs' identities.

The First Circuit has identified one additional problem related to pseudonymity: where an individual's name is unknown to the court, "a meaningful recusal check [is] impossible." Doe v. MIT, 46 F.4th at 77. Therefore, "courts tasked with resolving pseudonymity motions must be afforded the anonymous party's true name under seal." Id. Accordingly, all Plaintiffs shall submit their identities to this court under seal to facilitate a recusal check.

## II.     Conclusion

For the foregoing reasons, Defendants' Motion for an Order to Provide Identifying Information for the Individual Plaintiffs [Doc. No. 77] is DENIED. No later than April 5, 2025, Plaintiffs shall disclose their identities to this court under seal to facilitate a recusal check.

IT IS SO ORDERED.

April 2, 2025                                              /s/ Indira Talwani
                                                           United States District Judge

---

[2] Such harms include risk of deportation, risk of detention, risk of family separation, and loss of work authorization and other benefits.