YAAKOV M. ROTH
*Acting Assistant Attorney General*

DREW C. ENSIGN
*Deputy Assistant Attorney General*

AUGUST FLENTJE
*Acting Director*

EREZ REUVENI
*Assistant Director*

PATRICK GLEN
KATHERINE J. SHINNERS
BRIAN C. WARD
*Senior Litigation Counsel*

ELISSA FUDIM
JOSEPH A. DARROW
*Trial Attorneys*

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| Svitlana Doe, *et al.*, ) | Civil Action No. 1:25-cv-10495 |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **Response to Plaintiffs' Notice of Supplemental Authority** |
| ) | |
| Kristi Noem, in her official capacity as ) | |
| Secretary of Homeland Security, *et al.*, ) | |
| ) | |
| Defendants. ) | |

Defendants respectfully submit the following response to Plaintiffs' Notice of Supplemental Authority, ECF No. 84. Neither of the out-of-circuit decisions Plaintiffs cite are apposite or support Plaintiffs' arguments in this case.

First, Plaintiffs cite *Pacito v. Trump*, No. 25-131 (9th Cir. Mar. 25, 2025), Doc. No. 84-1, in which the Ninth Circuit granted in part and denied in part the government's request to stay a preliminary injunction entered by the district court enjoining the government's suspension of the U.S. Refugee Admissions Program (USRAP), *Pacito v. Trump*, __ F. Supp. 3d __, 2025 WL 655075 (W.D. Wash. Feb. 28, 2025). This order does not support Plaintiffs' challenge to Defendants' reconsideration and/or termination of categorical parole programs and pause in adjudication of immigration benefits for parolees to permit sufficient vetting. The Ninth Circuit only denied the stay "to the extent the district court's preliminary injunction order applies to individuals who were conditionally approved for refugee status prior to January 20, 2025" because the Executive Order at issue "does not purport to revoke the refugee status of individuals who received that status under the United States Refugee Admissions Program prior to January 20, 2025." Doc. No. 84-1 at 2. The suspension of the USRAP is not at issue here and Plaintiffs do not allege that any putative class members have been conditionally approved for refugee status. Otherwise, the Ninth Circuit granted the remainder of the government's requested stay—i.e., applying to new applicants to USRAP—citing *Trump v. Hawaii*, 585 U.S. 667 (2018) for the proposition "that 8 U.S.C. § 1182(f) 'exudes deference' to the President and 'vests [him] with ample power to impose entry restrictions in addition to those elsewhere enumerated in the INA.'" Doc. No. 84-1 at 3 (quoting *Hawaii*, 585 U.S. at 684). Thus, outside the inapposite refugee issue, the *Pacito* stay order actually supports Defendants' use of the similarly discretionary authority in 8 U.S.C. § 1182(d)(5)(A) to pause and reconsider its parole programs and the adjudication of benefits for parolees. Contrary to Plaintiffs' contention, there is no "indefinite suspension" such as with the USRAP at issue here; the challenged Davidson memorandum merely pauses benefits adjudication for the period necessary to permit sufficient vetting of applicants. *See* Doc. No. 41-3.

Second, Plaintiffs cite *Nat'l TPS Alliance v. Noem*, __ F. Supp. 3d __, 2025 WL 957677 (N.D. Cal. Mar. 31, 2025), where the court postponed under 5 U.S.C. § 705 the effective date of DHS's termination of Temporary Protected Status for certain Venezuelan nationals. This decision as well has no material bearing on this case, which does not challenge the termination of TPS, but the re-examination of parole programs and pausing of benefits adjudications for parolees to permit sufficient vetting. Unlike with TPS, which merely says DHS "may" recognize TPS, the parole statute expressly states and emphasizes the Secretary's "discretion" to parole "under such conditions as he may prescribe" until such time as "in [his] opinion" the purposes of the parole have ended. *Compare* 8 U.S.C. § 1254a(a)(1)(A), (b)(1) *with* 8 U.S.C. § 1182(d)(5)(A). The *Nat'l TPS Alliance* court's decisions on reviewability have no bearing here, because that opinion did not address the limitations on APA review, such as whether a decision is committed to agency discretion by law, represents final agency action, or is barred by 8 U.S.C. § 1252(a)(2)(B)(ii), raised by Defendants here, but rather addressed reviewability under 8 U.S.C. § 1252(f)(1) and 8 U.S.C. § 1254a(b)(5)(A). *See* 2025 WL 957677 at *10-18. The *Nat'l TPS Alliance* court's arbitrary and capricious analysis similarly has no relevance to this suit, which challenges different agency actions which have different explanations on the basis of different records before the agency. And its determinations on irreparable harm, the balance of the equities and public interest, and scope of relief also are irrelevant to this case, which involves different plaintiffs in different circumstances involved in different immigration programs. *See* ECF No. 84 at 2-3. In particular on the harm and equities point, it bears noting that plaintiffs here merely received parole, which is purely discretionary and temporary and has no inherent connection to any reason to fear return to their home country, *see* 8 U.S.C. § 1182(d)(5)(A), whereas the plaintiffs in *Nat'l TPS Alliance* were previous beneficiaries of TPS, which involves a finding that there is an ongoing armed

conflict, natural disaster or other "extraordinary and temporary conditions in the foreign state that prevent aliens who are nationals of the state from returning to the state in safety," 8 U.S.C. § 1254a(b)(1)(A)-(C), inherently suggesting the possibility of harm upon return and influencing the irreparable harm and equities analyses based on findings not made in this case.

And to the extent Plaintiffs argue they should have their parole extended until their applications for TPS can be adjudicated, there is no legal basis for this claim. Parole, including its conditions and timing, is inherently discretionary and nothing guarantees that it will be extended until another immigration benefit is adjudicated. *See* 8 U.S.C. § 1182(d)(5)(A); *cf. Dhuka v. Holder*, 716 F.3d 149, 157 (5th Cir. 2013) (explaining "the mere pendency of an application to change, extend, or adjust status did not confer 'lawful immigration status' on an alien"); *Palacios-Bernal v. Barr*, No. 519CV01963RGKMAA, 2019 WL 5394019, at *4 (C.D. Cal. Oct. 22, 2019) (collecting authority rejecting claim that having a pending visa application prevents an alien's removal).

Dated:  April 6, 2025                                                  Respectfully submitted,

YAAKOV M. ROTH
*Acting Assistant Attorney General*

DREW C. ENSIGN
*Deputy Assistant Attorney General*

AUGUST FLENTJE
*Acting Director*

EREZ REUVENI
*Assistant Director*

PATRICK GLEN
KATHERINE J. SHINNERS
BRIAN C. WARD
*Senior Litigation Counsel*

/s/ Joseph A. Darrow
JOSEPH A. DARROW
ELISSA P. FUDIM
*Trial Attorneys*
U.S. Department of Justice, Civil Division
Office of Immigration Litigation-GLA
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
202-598-7537
Joseph.a.darrow@usdoj.gov

*Attorney for Defendants*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 6, 2025, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which provided an electronic notice and electronic link of the same to all attorneys of record.

*/s/ Joseph A. Darrow*
JOSEPH A. DARROW
Trial Attorney
United States Department of Justice
Civil Division