# EXHIBIT A




U.S. Department of Homeland Security
Washington, DC 20528



A#: 
Account #:

03/29/2025

**Termination of Parole**

Effective March 25, 2025, the U.S. Department of Homeland Security (DHS) has exercised its discretion to terminate the categorical parole programs for aliens who are nationals of Cuba, Haiti, Nicaragua, and Venezuela, and their immediate family members.

Your parole will terminate upon the earlier of (1) your original parole expiration date or (2) April 24, 2025. You should depart the United States now, but no later than the date of the termination of your parole. Failure to timely depart may have adverse immigration consequences.

As of the termination of your parole, you may be subject to expedited removal pursuant to section 235 of the Immigration and Nationality Act (INA) or removal proceedings pursuant to section 240 of the INA, either of which may result in your removal, unless you have departed from the United States or have obtained a lawful basis to remain within the United States. If you have not obtained a lawful basis to remain in the United States and do not depart the United States by the date your parole terminates, you will begin to accrue unlawful presence in the United States unless you are otherwise protected from such accrual. Accrual of more than 180 days of unlawful presence followed by departure from the United States may result in being inadmissible if you again seek admission within a certain period of time after departure.

If you are departing the United States via land, you should report your departure once outside the United States via the CBP Home mobile app. If you are having trouble reporting your departure via land, visit https://i94.cbp.dhs.gov/home for more information about voluntarily reporting your departure.

**Notice of Intent to Revoke Parole-Based Employment Authorization**

**If you have been granted employment authorization based on parole pursuant to 8 CFR 274a.12(c)(11), and your employment authorization has not already automatically terminated as set forth in 8 CFR 274a.14(a) and is not scheduled to expire before April 24, 2025, the following applies to you:**

Consistent with 8 CFR 274a.14(b), DHS provides notice of intent to revoke your parole-based employment authorization under 8 CFR 274a.12(c)(11). DHS intends to revoke your employment authorization because the condition upon which your parole-based employment authorization was granted — being paroled into the United States under section 212(d)(5)(A) of the INA — no longer exists. See 8 CFR 274a.14(b)(1)(i). Additionally, DHS has for good cause determined that your employment authorization should be revoked with the termination of your parole. See 8 CFR 274a.14(b)(1)(i).

By operation of this notice, your unexpired parole-based employment authorization will be revoked as of April 24, 2025 unless you submit countervailing evidence that you remain paroled into the United States under section 212(d)(5)(A) of the INA through the expiration date on your Employment Authorization Document by uploading your countervailing evidence in your myUSCIS online account before April 13, 2025. See 8 CFR 274a.14(b)(2).

The timely submission of countervailing evidence does not impact the termination of your parole originally granted under the Cuba, Haiti, Nicaragua, or Venezuela parole programs described above.

Any decision to revoke your employment authorization is final and no appeal shall lie from the decision to revoke employment authorization. See 8 CFR 274a.14(b)(2). If you work without employment authorization, you are in violation of the law.