UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SVITLANA DOE, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>KRISTI NOEM, in her official capacity as<br>Secretary of Homeland Security, et al.,<br><br>    Defendants. | *<br>*<br>*<br>*<br>*<br>*   Civil Action No. 1:25-cv-10495-IT<br>*<br>*<br>*<br>*<br>* |

ORDER GRANTING CLASS CERTIFICATION

April 14, 2025

Upon consideration of Plaintiffs' Supplemental Motion for Class Certification [Doc. No. 73], the court hereby certifies a class of:

> All individuals who have received a grant of parole that is subject to the *Termination of Parole Processes for Cubans, Haitians, Nicaraguans, and Venezuelans*, 90 Fed. Reg. 13611 (Mar. 25, 2025), rescinding individual grants of parole on a categorical and *en masse* basis, except: (1) those individuals who voluntarily left, and remain outside, the United States prior to the issuance of that Notice; and (2) those individuals who choose to opt out of the class in order to seek relief in separate litigation.

The court appoints Armando Doe, Ana Doe, Carlos Doe, Andrea Doe, Lucia Doe, Miguel Doe, and Daniel Doe as Class Representatives[1] and John A. Freedman, Daniel B. Asimow, and Laura Scott Shores of Arnold & Porter Kaye Scholer LLP, Karen C. Tumlin of Justice Action Center, and Anwen Hughes of Human Rights First as class counsel.

---

[1] These Plaintiffs are proceeding here under pseudonyms pursuant to the parties' Stipulated Protective Order Concerning Confidential Doe PII [Doc. No. 57] and this court's Electronic Order [Doc. No. 69] granting Plaintiffs' Second Supplemental Motion to Proceed Under Pseudonym [Doc. No. 64]. All Plaintiffs except Miguel Doe voluntarily provided their identities to Defendants, and all Plaintiffs have provided their identities to this court for *in camera* review. See Mem. & Order [Doc. No. 79]; Sealed Notice Providing Plaintiffs' Identities [Doc. No. 81-1].

For the reasons set forth in the court's Memorandum & Order Granting in Part Plaintiffs' Emergency Motion for a Stay of DHS's *En Masse* Truncation of All Valid Grants of CHNV Parole ("Order on Motion to Stay") [Doc. No. 97], the court finds, as to the prerequisites set forth in Fed. R. Civ. P. 23(a), that (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties[2] are typical of the claims or defenses of the class, and (4) the interests of the representative parties will not conflict with the interests of any of the class members; and as to the types of class actions permitted under Fed. R. Civ. P. 23(b), that Defendants have "acted or refused to act on grounds that apply generally to the class." See Fed. R. Civ. P. 23(b)(2). Finally, the court finds, based on counsels' declarations and filings,[3] that counsel chosen by Plaintiffs are "qualified, experienced and able to vigorously conduct the proposed litigation." Andrews v. Bechtel Power Corp., 780 F.2d 124, 130 (1st Cir. 1985)). Accordingly, certification under Rule 23(b)(2) is appropriate.

At the time of certification, the court "must appoint class counsel under Rule 23(g)." Fed. R. Civ. P. 23(c)(1)(B). "Class counsel must fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4). "In appointing class counsel, the court . . . must consider (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in

---

[2] See Order on Motion to Stay 10-16 [Doc. No. 97]; see also Armando Doe Decl. [Doc. No. 24-3]; Ana Doe Decl. [Doc. No. 24-2]; Carlos Doe Decl. [Doc. No. 24-4]; Andrea Doe Decl. [Doc. No. 27-1]; Lucia Doe Decl. [Doc. No. 64-3]; Miguel Doe Decl. [Doc. No. 64-4]; Daniel Doe Decl. [Doc. No. 64-5].

[3] See John A. Freedman Decl. [Doc. No. 46-2] (describing experience litigating class actions and immigration challenges and attesting to the work of his team in conducting this litigation); Karen C. Tumlin Decl. [Doc. No. 46-3] (similar); Anwen Hughes Decl. [Doc. No. 46-4] (similar). All counsel state that they are aware of no conflicts of interest.

the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1).

Based on counsels' declarations and filings, the proposed counsel have conducted factual investigations leading to this lawsuit, have engaged in class action litigation or other complex litigation involving immigration matters, have demonstrated knowledge of the applicable immigration law, and have attested to having adequate resources to represent the class. Therefore, the Rule 23(g) requirements are satisfied by the appointment of class counsel here.

This order "may be altered or amended before final judgment." Fed. R. Civ. P. 23(c)(1)(C). Further relief sought in Plaintiffs' <u>Motion to Certify Class</u> [Doc. No. 46] and <u>Supplemental Motion for Class Certification</u> [Doc. No. 73] remains pending.

IT IS SO ORDERED.

April 14, 2025                    /s/ Indira Talwani
                                  United States District Judge