UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SVITLANA DOE, *et al.*,<br><br>                          Plaintiffs,<br><br>– *versus* –<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, *et al.*,<br><br>                          Defendants. | Civil Action No.: 1:25-cv-10495-IT |

### PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR NOTICE AND MOTION FOR AN ORDER TO SHOW CAUSE

Plaintiffs submit this Memorandum in Support of their Notice and Motion for an Order to Show Cause addressing the Defendants' apparent failure to effectuate the Court's May 28, 2025 Orders (Doc. Nos. 107 and 108). In the Orders, the Court stayed Defendants' suspension of the processing of applications for parole, re-parole, and immigration status or benefits filed by individuals who received parole pursuant to certain categorical parole programs, and certified relevant classes. In the week since the Court issued its Orders, the applications of many class members remain suspended, effectively leaving them in an unacceptable "legal limbo." Accounts from multiple class members indicate that Defendants have not effectuated the Court's ruling. Plaintiffs therefore respectfully request that the Court issue an order directing the Defendants to show cause as to why their failure to act since May 28 does not constitute a violation of its Order – and to provide details on the steps that have been taken, if any, to comply with it as such.

### PROCEDURAL BACKGROUND

By memorandum issued on January 20, 2025 ("Huffman Memo"), Benjamine C. Huffman (former Acting Secretary of Homeland Security) ordered a review of all parole policies to identify those which were "not strictly in accord with 8 U.S.C § 1182(d)(5)" and to "phas[e] [them] out."

*See* Doc. No. 41-1. On January 23, 2025, former Acting Director of the U.S. Citizenship and Immigration Services ("USCIS") Jennifer Higgins circulated an email ("Higgins Email") ordering an indefinite pause in processing of all parole and re-parole requests under Uniting for Ukraine ("U4U"), Operation Allies Welcome ("OAW"), Parole Programs for Noncitizens from Cuba, Haiti, Nicaragua, and Venezuela ("CHNV"), Family Reunification Parole ("FRP"), the Central American Minors Program ("CAM"), and other parole programs. *See* Doc. No. 41-2. Applications for benefits under the Military Parole-in-Place Program ("MPIP") were also suspended. *See* Doc. Nos. 24-36, 24-48. On February 14, 2025, the Acting Deputy Director of USCIS Andrew Davidson issued a memorandum ("Davidson Memo") ordering "an administrative hold on all benefit requests [submitted] under the U4U, CHNV, or FRP processes[.]" *See* Doc. No. 41-3.

Plaintiffs filed their original complaint in this action on February 28, 2025, subsequently amending it on two occasions. *See* Doc. Nos. 1, 22, 68. On May 28, the Court issued an order staying enforcement of 1) the Higgins Email "insofar as it suspends adjudications of re-parole applications filed by individuals who received parole pursuant to the programs specified in that email and insofar as it suspends adjudications of applications for non-parole benefits filed by individuals who received parole pursuant to those same programs"; 2) any suspension of "adjudications of initial parole and re-parole applications filed by individuals who are seeking or who have received parole pursuant to [the MPIP] program, as well as applications for other immigration benefits filed by individuals paroled through that program", and 3) the Davidson Memo "insofar as it suspends adjudications for immigration benefits applications filed by individuals who received parole through the [U4U] and [FRP] programs, as well as through the parole programs for noncitizens from Cuba, Haiti, Nicaragua, and Venezuela (the CHNV parole programs), and insofar as it directs agency staff that the administrative hold may only be lifted on

a case-by-case basis 'even when aliens are members of a class that is subject to . . . [a] court order'." *See* Doc. No. 107.

## ARGUMENT

In the week since the Court issued its May 28 Orders, numerous class members have been informed by USCIS that the processing of their immigration benefit requests, including requests for re-parole, remains on hold. As examples:

- On May 30, a class member and U4U parole beneficiary who had requested an expedited Employment Authorization Document ("EAD") received the following response from USCIS: "Due to the Jan. 20, 2025 Executive Order, Securing Our Borders, USCIS has placed an administrative hold on all benefit requests filed by aliens who are or were paroled into the United States under the U4U, CHNV, or FRP processes, pending the completion of the required screening and vetting to identify any fraud, public safety, or national security concerns." On June 2, the class member reached out to USCIS again only to be given a similar response. On June 4, the beneficiary messaged the "Emma" virtual assistant on the My USCIS website to inquire about submitting an expedited request for his EAD; the virtual assistant responded, "If you entered on a parole case, you cannot expedite. Those cases have been placed on hold by the president." *See* Declaration of Elia Gil Rojas, Doc. No. 117-1 at ¶ 6; May 30, 2025 Email from U4U Beneficiary to Class Counsel, Doc. No. 117-2; USCIS's Response to U4U Beneficiary, Doc. No. 117-3; USCIS' Virtual Assistant's Response to U4U Beneficiary, Doc. No. 117-4.

- Another class member and U4U parole beneficiary has, since the May 28 order, submitted three separate expedited requests for processing of his re-parole application and in each instance was informed that "[d]ue to the Jan. 20, 2025 Executive Order, Securing Our

3

Borders, USCIS has placed an administrative hold on all benefit requests filed by aliens who are or were paroled into the United States under the U4U, CHNV, or FRP processes, pending the completion of the required screening and vetting to identify any fraud, public safety, or national security concerns." *See* Declaration of Elia Gil Rojas, Doc. No. 117-1 at ¶7; June 2, 2025 Email from U4U Beneficiary to Class Counsel, Doc. No. 117-5.

- On June 3, a class member and CHNV parole beneficiary called the public number available for the USCIS office and was informed by a USCIS agent that the freeze on processing of immigration benefits remained in effect. *See* Declaration of Elia Gil Rojas, Doc. No. 117-1 at ¶8; June 2, 2025 Email from CHNV Beneficiary to Class Counsel, Doc. No. 117-6.

- On June 3, another CHNV parole beneficiary called the USCIS contact center to inquire about the status of his EAD and affirmative asylum application, which has been pending for over 180 days. The USCIS agent who answered his call informed him that the pause on immigration benefits for CHNV parole beneficiaries remained in place. The CHNV parole beneficiary referenced the Court's May 28, 2025 order, but the agent dismissed this information. *See* Declaration of Elia Gil Rojas, Doc. No. 117-1 at ¶9; June 3, 2025 Email from CHNV Beneficiary to Class Counsel, Doc. No. 117-7.

- On May 30, a U4U parole beneficiary submitted an expedited request for the re-parole request she had filed in March 2025. In response to this request, she received a reply stating that all cases are on hold based on the January 20, 2025 Executive Order. *See* Declaration of Elia Gil Rojas, Doc. No. 117-1 at ¶10; June 4, 2025 Email from U4U Beneficiary to Class Counsel, Doc. No. 117-8; USCIS' Response to U4U Beneficiary, Doc. No. 117-9.

The regular processing of requests for immigration benefits, including re-parole and MPIP parole, should have restarted following the issuance of the May 28 Order. Instead, these accounts indicate that adjudications of applications remain suspended. *See* Doc. No. 117-1.

As soon as Class Counsel became aware that class members continue to be informed of an ongoing freeze on the processing of parole-related applications for immigration benefits, Class Counsel promptly sought further information and clarification from Defendants' Counsel, writing on June 3, 2025. *See* Declaration of Esther Sung, Doc. No. 117-10; Plaintiffs' Counsel's E-mail Correspondence with Defendants' Counsel, Doc. No. 117-11. On June 4, Defendants' counsel responded that they were "still looking into this," Doc. No. 117-11, and Class Counsel have yet to receive a substantive response to the inquiry. Based on the information Class Counsel has been able to gather thus far, it seems the administrative freeze on the processing of parole, re-parole, and immigration status or benefits applications has not been lifted, as this Court's May 28 Order requires.

## CONCLUSION

Eight days after the Court issued its May 28 Order, the regular processing of applications for benefits, parole, and re-parole remains suspended and USCIS continues to assert that the administrative freeze remains in place. For these reasons, Plaintiffs respectfully request that the Court issue an order directing Defendants to show cause as to why their failure to reinstate the processing of applications does not violate this Court's May 28 Order – and to provide details on steps taken, if any, to effectuate the Court's directives.

Dated: June 5, 2025

Esther H. Sung (*pro hac vice*)
Karen C. Tumlin (*pro hac vice*)
Hillary Li (*pro hac vice*)
Laura Flores-Perilla (*pro hac vice*)
Brandon Galli-Graves (*pro hac vice*)
**JUSTICE ACTION CENTER**
P.O. Box 27280
Los Angeles, CA 90027
Telephone: (323) 450-7272
esther.sung@justiceactioncenter.org
karen.tumlin@justiceactioncenter.org
hillary.li@justiceactioncenter.org
laura.flores-perilla@justiceactioncenter.org
brandon.galli-graves@justiceactioncenter.org


Anwen Hughes (*pro hac vice*)
Inyoung Hwang (*pro hac vice* forthcoming)
**HUMAN RIGHTS FIRST**
75 Broad St., 31st Fl.
New York, NY 10004
Telephone: (212) 845-5244
HughesA@humanrightsfirst.org


Justin B. Cox (*pro hac vice*)
**LAW OFFICE OF JUSTIN B. COX**
*JAC Cooperating Attorney*
PO Box 1106
Hood River, OR 97031
(541) 716-1818
justin@jcoxconsulting.org

Respectfully submitted,

*/s/ John A. Freedman*
John A. Freedman (BBO#629778)
Laura Shores (*pro hac vice*)
Katie Weng (*pro hac vice* pending)
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Ave, NW
Washington, D.C. 20001-3743
Telephone: (202) 942-5316
john.freedman@arnoldporter.com
laura.shores@arnoldporter.com
katie.weng@arnoldporter.com


H. Tiffany Jang (BBO#691380)
**ARNOLD & PORTER KAYE SCHOLER LLP**
200 Clarendon Street, Fl. 53
Boston, MA 02116
Telephone: (617) 351-8053
tiffany.jang@arnoldporter.com


Daniel B. Asimow (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
Three Embarcadero Center
10th Floor
San Francisco, CA 94111-4024
Telephone: (415) 471-3142
daniel.asimow@arnoldporter.com


Robert Stout (*pro hac vice*)
Sarah Elnahal (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
250 West 55th Street
New York, NY 10019-9710
Telephone: (212) 836-8000
rob.stout@arnoldporter.com
sarah.elnahal@arnoldporter.com


*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I, John A. Freedman, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: June 5, 2025

                                            */s/ John A. Freedman*
                                            John A. Freedman