UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SVITLANA DOE, *et al.*,<br><br>Plaintiffs,<br><br>– *versus* –<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, *et al.*,<br><br>Defendants. | Civil Action No.: 1:25-cv-10495-IT |

### PLAINTIFFS' REPLY IN SUPPORT OF THEIR NOTICE AND MOTION FOR AN ORDER TO SHOW CAUSE

Plaintiffs submit this Reply in Support of their June 5, 2025 Notice and Motion for an Order to Show Cause (Doc. Nos. 116, 117, 118) addressing Defendants' failure to effectuate the Court's May 28, 2025 Orders (Doc. Nos. 107, 108). Nearly a month has passed since the Court stayed Defendants' suspension of applications for immigration benefits filed by individuals who received parole pursuant to certain categorical parole programs, but Defendants have yet to comply. The Court has ordered Defendants to provide evidence of compliance three separate times, but based on the declarations Defendants have submitted in response, it is clear that the previous barriers to processing benefit applications remain in place, the *status quo ante* has not been restored, and Defendants instead continue to implement and effectuate the February 14 Davidson Memorandum, which this Court has stayed. With each passing day, Defendants' prolonged noncompliance with the Court's May 28 Orders continues to irreparably harm Plaintiffs and class members whose applications remain in limbo.

Plaintiffs therefore respectfully request that this Court issue an order directing Defendants to show cause as to why the actions they have reported taking since May 28 do not constitute a mere continuation and effectuation of the February 14 Davidson Memorandum and therefore a violation of this Court's Order; to provide details on the steps that Defendants have taken, if any,

to return processing of applications to the *status quo ante* before the February 14 Davidson Memorandum was adopted; to provide the vetting guidance referenced in their submissions to the Court; and to provide, as of this date and on a going-forward basis, weekly and cumulative reporting on how many benefit applications of each type have been adjudicated to final agency action.

## ARGUMENT

On May 28, 2025, this Court granted emergency relief to Plaintiffs, staying: (1) the January 23 Higgins email, insofar as it suspended adjudications of re-parole and immigration benefits applications filed by individuals who received parole pursuant to certain categorical parole programs; (2) the February 14 Davidson Memorandum, insofar as it suspended adjudications for immigration benefits applications filed by individuals who received parole through the Uniting for Ukraine ("U4U") and Family Reunification Parole ("FRP") programs, and the parole programs for Cuba, Haiti, Nicaragua, and Venezuela ("CHNV"), which it did "pending the completion of additional vetting flags"; and (3) Defendants' suspension of adjudications of Military Parole in Place ("MPIP") initial parole and re-parole applications. Doc. No. 107; Doc. No. 41-2 (January 23 Higgins email); Doc. No. 41-3 (February 14 Davidson Memorandum).

Following the filing of Plaintiffs' Notice and Motion for an Order to Show Cause, the Court on June 6, 10, and 16 ordered Defendants to notify the Court of the steps they have taken to ensure compliance with the May 28 Orders, including the lifting of the January 23 Higgins email and the February 14 Davidson Memorandum insofar as they suspend relevant applications. Doc. No. 119, 121, 127. In response, Defendants submitted three declarations from Defendant Kika Scott (Doc. No. 120-1, 124-1, 132-1), summarized below in relevant part:

- On June 9, Defendants submitted a declaration indicating that adjudication of immigration benefits applications submitted by parole beneficiaries had not yet resumed, and that

2

instead, Defendants were continuing to implement the additional vetting requirements of the February 14 Davidson Memorandum. Doc. No 120-1. The declaration stated that on that same day, June 9 – twelve days after the Court's May 28 Orders – Acting Director for USCIS Angelica Alfonso-Royals issued a memo entitled "Adjudication of Requests filed by Parolees Under Specified Parole Programs" ("Alfonso-Royals Memo"). *Id*; Alfonso-Royals Memo, Doc No. 136-1. While the Alfonso-Royals Memo purportedly "authorizes [USCIS] officers to adjudicate all pending benefits requests filed by aliens who are or were paroled into the United States under the U4U, CHNV, and FRP processes," it by its express terms *only* permits adjudication of those pending requests to a final agency action *"once USCIS has completed the additional vetting required for the parolee's individual request to identify any fraud, public safety, or national security concerns."* *Id*. The Memo explicitly conditions processing of "[a] request for re-parole or other non-parole benefit that was subject to one of the previous administrative holds" on completion of "required background checks, screening, and vetting *of the subject applicant, petitioner, or beneficiary* of the relevant immigration benefit request." *Id.*

- On June 13, Defendants submitted a second declaration further confirming that Defendants are continuing to implement the additional vetting required by the Davidson Memorandum, as adjudication of immigration benefits applications submitted by parole beneficiaries remain subject to additional vetting procedures, and implementation of the Alfonso-Royals Memo was "ongoing." Doc. No. 124-1, ¶ 5.

- On June 20, Defendants submitted a third declaration stating again that implementation of the Alfonso-Royals Memo was still "ongoing," confirming that adjudication of applications remains paused because Defendants are continuing to implement the additional vetting requirements of the Davidson Memorandum. Doc. No. 132-1, ¶ 8. The

3

declaration specifically stated that USCIS adjudicative directorates "have begun developing guidance necessary for adjudicating each type of benefit request" that "instructs adjudicators to resume processing of benefit requests that were previously on hold *and on vetting procedures for cases in which fraud or national security risk indicators have been identified.*" *Id.*

The "updates" provided by Defendants make clear not only that Defendants have failed to comply with the Court's Orders for nearly a month, but also that Defendants are, in fact, continuing to abide by the February 14 Davidson Memorandum, one of the agency actions stayed by the Court. Doc. No. 107 at 49. The February 14 Davidson Memorandum authorized the USCIS-wide administrative hold on pending benefit requests submitted by U4U, CHNV, and FRP parole beneficiaries *"pending the completion of additional vetting flags . . . to identity [sic] any fraud, public safety, or national security concerns."* Doc. No. 41-3. This is near-identical language to that in the Alfonso-Royals Memo. Doc No. 136-1. While the Alfonso-Royals Memo purports to lift "any *other* USCIS-wide administrative holds required by the Higgins or Davidson directives," Doc. No. 120-1, ¶ 6, it appears that the vetting requirements erected by the Davidson Memo remain in place and that, accordingly, benefit applications remain systemically unprocessed or unadjudicated. Other updates to USCIS's website, scripts, and systems that Defendants claimed in the Alfonso-Royals Memo and their declarations to have completed have no effect if these requirements endure. And regardless, class members have, since Defendants' last declaration was submitted on June 20, continued to report receiving automated messages that their applications remain paused. *E.g.*, Decl. of Emily Martin ("Martin Decl."), Doc. No. 136-2 at ¶ 10.

Defendants' candid statements that adjudications remain paused until the additional vetting required by the stayed February 14 Davidson Memorandum is completed are troubling, especially in light of a recent whistleblower complaint filed by Erez Reuveni, who appeared as counsel for

4

Defendants on briefs filed earlier in this case, disclosing eyewitness reports of statements by senior DOJ and DHS officials concerning plans to ignore court orders. *Protected Whistleblower Disclosure of Erez Reuveni Regarding Violation of Laws, Rules & Regulations, Abuse of Authority, and Substantial and Specific Danger to Health and Safety at the Department of Justice*, S. Comm. on the Judiciary (June 24, 2025), https://www.judiciary.senate.gov/imo/media/doc/06-24-2025_-_Protected_Whistleblower_Disclosure_of_Erez_Reuveni_Redacted.pdf. Adjudications of all pending immigration benefit applications of the relevant subclasses should have resumed under the normal adjudication processes that predated the February 14 Davidson Memorandum, but they instead appear to be paused for as long as Defendants need to adopt the same vetting requirements that the stayed February 14 Davidson Memorandum imposed. *See S.A. v. Trump*, No. 18-CV-03539, 2019 WL 1593229 (N.D. Cal. Apr. 12, 2019) (ordering settlement agreement under which DHS would finish processing parole for 2,714 Central American Minors (CAM) parole beneficiaries pursuant to the policies, guidance, and practices in effect on January 1, 2017 before the parole program was terminated, reflecting an ability to return to the *status quo ante* for those individuals).

Defendants' ongoing noncompliance has caused severe harm to Plaintiffs and other class members and continues to do so with each day that passes. For example, Defendants and the Court are familiar with the urgent situation of Plaintiff and U4U beneficiary Aleksandra Doe, who was selected as a diversity visa ("DV") lottery winner and applied for adjustment of status based on that visa. Declaration of Aleksandra Doe, Doc. No. 136-5, ¶ 5. Defendants cancelled her interview, and her window to receive her visa expires at the end of the fiscal year on September 30, 2025. *Id.* at ¶ 16. Similarly, another DV winner and his wife filed an application for adjustment of status in March 2025, but their case remains on indefinite hold. Doc. No. 136-2 at ¶ 9. The couple submitted a request to expedite their application due to the husband's current treatment for a rapidly-

progressing and life-threatening form of cancer, but despite submitting documentation of the urgency of his request, including a letter from his treating physician, his request was denied and the status of his adjustment of status application remains unchanged. *Id.* Within three months (or sooner, depending on how quickly the annually allocated 50,000 Diversity Visas are granted to the pool of eligible applicants), these and other similarly situated DV winners in the certified subclass face the possibility of losing their once-in-a-lifetime opportunity of receiving a diversity visa if their applications remain on unprocessed. *Id.* at ¶¶ 9, 12. Every day that passes where Defendants are not in compliance with this Court's Orders means another day closer to losing out on the chance of a lifetime.

Other U4U and CHNV parole beneficiaries also remain in limbo. On Monday, June 23, 2025—three days after Defendant's most recent declaration—USCIS sent a message to one U4U beneficiary stating that her work authorization request filed in conjunction with her TPS application was subject to an administrative hold "[d]ue to the Jan. 20, 2025, Executive Order, Securing Our Borders." *Id.* at ¶ 10. Another CHNV beneficiary is almost seven months past the standard processing time for work authorization processing pursuant to her VAWA petition. *Id.* at ¶ 11. Because Defendants have terminated her CHNV parole and work authorization, she has no way to legally work and provide for herself, or to renew her driver's license. *Id.* She has been placed on unpaid leave from her job and her employment will be terminated by the end of the month if she does not provide proof of her work authorization by then. *Id.*

## CONCLUSION

The regular processing of requests for immigration benefits, including re-parole and MPIP parole, should have restarted immediately following the issuance of the May 28 Order *without* the barriers imposed by, among other things, the February 14 Davidson Memorandum. Instead, nearly a month later and pursuant to a new Memorandum, processing appears to remain subject to the

6

same additional vetting requirements that held up applications since at least February. For these reasons, Plaintiffs respectfully request that the Court issue an order directing Defendants to show cause as to why the actions they have reported taking since May 28 do not constitute a mere continuation and effectuation of the February 14 Davidson Memorandum and therefore a violation of this Court's Order; to provide details on the steps that Defendants have taken, if any, to return processing of applications to the *status quo ante* before the February 14 Davidson Memorandum was adopted; to provide the vetting guidance referenced in their submissions to the Court; and to provide, as of this date and on a going-forward basis, weekly and cumulative reporting on how many benefit applications of each type have been adjudicated to final agency action.

Dated: June 26, 2025

Respectfully submitted,

*/s/ Brandon Galli-Graves*

| | |
|---|---|
| John A. Freedman (BBO#629778) | Brandon Galli-Graves (*pro hac vice*) |
| Laura Shores (*pro hac vice*) | Esther H. Sung (*pro hac vice*) |
| Katie Weng (*pro hac vice* pending) | Karen C. Tumlin (*pro hac vice*) |
| **ARNOLD & PORTER KAYE SCHOLER LLP** | Hillary Li (*pro hac vice*) |
| 601 Massachusetts Ave, NW | Laura Flores-Perilla (*pro hac vice*) |
| Washington, D.C. 20001-3743 | **JUSTICE ACTION CENTER** |
| Telephone: (202) 942-5316 | P.O. Box 27280 |
| john.freedman@arnoldporter.com | Los Angeles, CA 90027 |
| laura.shores@arnoldporter.com | Telephone: (323) 450-7272 |
| katie.weng@arnoldporter.com | brandon.galli-graves@justiceactioncenter.org |
| | esther.sung@justiceactioncenter.org |
| H. Tiffany Jang (BBO#691380) | karen.tumlin@justiceactioncenter.org |
| **ARNOLD & PORTER KAYE SCHOLER LLP** | hillary.li@justiceactioncenter.org |
| 200 Clarendon Street, Fl. 53 | laura.flores-perilla@justiceactioncenter.org |
| Boston, MA 02116 | |
| Telephone: (617) 351-8053 | Anwen Hughes (*pro hac vice*) |
| tiffany.jang@arnoldporter.com | Inyoung Hwang (*pro hac vice*) |
| | **HUMAN RIGHTS FIRST** |
| Daniel B. Asimow (*pro hac vice*) | 121 W 36th Street |
| **ARNOLD & PORTER KAYE SCHOLER LLP** | PMB 520 |
| Three Embarcadero Center | New York, NY 10018 |
| 10th Floor | Telephone: (212) 845-5200 |
| San Francisco, CA 94111-4024 | HughesA@humanrightsfirst.org |

Telephone: (415) 471-3142
daniel.asimow@arnoldporter.com

Robert Stout (*pro hac vice*)
Sarah Elnahal (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
250 West 55th Street
New York, NY 10019-9710
Telephone: (212) 836-8000
rob.stout@arnoldporter.com
sarah.elnahal@arnoldporter.com

HwangS@humanrightsfirst.org

Justin B. Cox (*pro hac vice*)
**LAW OFFICE OF JUSTIN B. COX**
*JAC Cooperating Attorney*
PO Box 1106
Hood River, OR 97031
(541) 716-1818
justin@jcoxconsulting.org

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Brandon Galli-Graves, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: June 26, 2025

                                            */s/ Brandon Galli-Graves*
                                            Brandon Galli-Graves