IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **SVITLANA DOE,** *et al.,* | ) |
| | ) |
| **Plaintiffs,** | )   **Civil Action No.** |
| | ) |
| v. | )   **1:25-cv-10495-IT** |
| | ) |
| **KRISTI NOEM, in her official capacity as** | ) |
| **Secretary of Homeland Security, et al.;** | ) |
| | ) |
| **Defendants.** | ) |

### DECLARATION OF KIKA SCOTT

I, Kika Scott, make the following declaration, as permitted by Section 1746 of Title 28 of the United States Code. I am aware that this declaration will be filed in the above-captioned civil action with the United States District Court for the District of Massachusetts. I hereby certify:

1. I am the Acting Deputy Director of U.S. Citizenship and Immigration Services (USCIS), a component agency within the United States Department of Homeland Security (DHS). I have held this position since May 25, 2025. Previously I served as the senior official performing the duties of the USCIS director since Feb. 9, 2025. Before that, I served as the Chief Financial Officer (CFO) in the USCIS Office of the Chief Financial Officer since May 27, 2019.

2. The statements contained in this declaration are based upon my personal knowledge and upon information provided to me in my official capacity.

3. On May 28, 2025, the United States District Court for the District of Massachusetts issued a Memorandum and Order Granting Partial Relief on Plaintiffs' Motion for Preliminary Injunction and Stay of Administrative Action. *See Svitlana Doe, et al., v. Noem, et. al.,* No. 25-cv-10495 (D. Mass. May 28, 2025).

4. Pursuant to the District Court's May 28, 2025 order, Angelica Alfonso-Royals, Acting Director for USCIS issued a memorandum on June 9, 2025, with the subject line,

1

"Adjudication of Requests filed by Parolees Under Specified Parole Programs" (Alfonso-Royals Memo). The Alfonso-Royals Memo authorizes USCIS officers to adjudicate all pending immigration benefit requests filed by aliens who are or were paroled into the United States under Uniting for Ukraine (U4U), the parole processes for Cubans, Haitians, Nicaraguans, and Venezuelans (CHNV parole programs), and Family Reunification Parole (FRP) processes to a final agency action, in accordance with standard Agency processes and procedures . The Alfonso-Royals Memo also authorizes officers, "To adjudicate . . .to a final agency action once USCIS has completed the vetting required for the parolees' individual requests." As explained below, this vetting is part of the standard adjudication process, in accordance with standard Agency processes and procedures and is not a prerequisite to beginning adjudication.  Finally, the Alfonso-Royals Memo also authorizes USCIS officers to resume processing requests for re-parole and associated benefits for aliens paroled though a categorical parole program which were previously paused.

5. USCIS previously reported that, as of June 19, 2025, all processing holds rescinded under the Alfonso-Royals Memo had been lifted in USCIS systems.  However, after running scripts and scrubbing our systems to confirm that all holds were properly lifted, USCIS developers subsequently found an additional group of cases that had been placed on hold due to fraud and national security risk indicators which had not been lifted.  As of Wednesday, June 25, 2025, USCIS developers completed lifting all of the remaining processing holds under the rescinded policies, including for those cases with fraud and national security risk indicators.

6. All USCIS adjudicators have been instructed to resume processing and adjudication of previously paused immigration benefit requests.

7. The Fraud Detection and National Security Directorate (FDNS) has also developed and distributed guidance for routine vetting performed as part of standard processing for the benefit request when USCIS finds fraud and national security risk indicators related to the individual's participation in one of the special parole programs.  The guidance further clarifies that all other fraud, national security, and

public safety concerns identified through routine required background checks should be handled according to standard processing procedures.

8. The FDNS guidance clarifies that USCIS is following its standard screening and vetting policies and procedures when adjudicating benefit requests filed by current and former U4U, CHNV, and FRP parolees that were previously on hold. This vetting is part of the adjudication process. The background checks required vary between form types, but current and former parolees receive the same checks as any other benefit requestor for the same benefit type. It is USCIS procedure that if standard checks identify any potentially derogatory information (a "hit"), that information needs to be reviewed by a USCIS officer to determine whether it relates to the individual and whether/how the information may impact eligibility for the benefit sought ("resolution"). This review and resolution process is completed before USCIS takes a final agency action and the length of time it takes depends entirely on the nature of the potentially derogatory information. The guidance issued by FDNS on July 1, 2025, instructs USCIS officers on how to review and resolve any hits that make specific reference to derogatory information related to the beneficiary's participation in one of the special parole processes. These hits derived from additional vetting that was performed on CHNV supporters and beneficiaries in 2024. All other hits are reviewed and resolved in accordance with standard background check policies and procedures during the normal course of the immigration benefit adjudication.

9. The July 1, 2025 FDNS guidance is attached to this declaration. It is partially redacted because it contains law enforcement information, including information that originates from other DHS components. This information is redacted to prevent the disclosure of law enforcement techniques and procedures.

10. Although cases are not on hold, USCIS does not guarantee a prompt decision on a pending immigration benefit request from a special program parolee or what that decision may be. Derogatory information from background checks must be resolved prior to issuing a final decision on a benefit request and some background checks identified information which requires manual review. Where background checks do not identify potentially derogatory information or once potentially

derogatory information is reviewed and resolved, the immigration benefit request may be processed to a final decision.

11. Between May 28 and June 30, 2025, USCIS completed adjudication of 8,855 benefit requests that were filed by current and former U4U, CHNV, and FRP parolees.

12. The USCIS External Affairs Directorate has also updated scripts and reference materials used by Contact Center employees to respond to inquiries related to re-parole requests for certain Ukrainian parolees, so that they will no longer be directed to contact RAIO Parole Operations and will receive accurate information regarding the status of their parole requests. Despite the Contact Center updates, inquiries directed to other parts of USCIS may result in incorrect responses regarding the status of parole requests. Not all USCIS employees may be aware of the special parole program processing procedures or recent changes to those procedures and an employee may provide erroneous responses to case inquiries for a limited time.

13. I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge.

Executed this 1st day of July, 2025, in Camp Springs, Maryland.

KIKA M SCOTT
Digitally signed by KIKA M SCOTT
Date: 2025.07.01 19:45:36 -04'00'

Kika Scott
Acting Deputy Director
U.S. Citizenship and Immigration Services
Department of Homeland Security



U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
*Office of the Director*
5900 Capital Gateway Drive (MS 2000)
Camp Springs, MD 20588-0009

July 1, 2025

**Guidance for Resolving Special Parole Machine Red and Machine Green TECS Records**

**Purpose and Scope:**

(U) This message provides updated guidance to officers adjudicating immigration benefit requests filed by aliens who are or were paroled into the U.S. under the parole processes for Cubans, Haitians, Nicaraguans, and Venezuelans (CHNV), Uniting for Ukraine (U4U), or the categorical parole processes for aliens from Colombia, Cuba, Ecuador, El Salvador, Haiti, Honduras, and Guatemala, and their immediate family members, under the Family Reunification Parole processes (FRP). This message supersedes FDNS guidance provided on September 27, 2024, titled *Interim Guidance: Handling Certain TECS Hits for CHNV Parolees*.

**Guidance:**

(U//FOUO//LES) **All TECS records for special program parolees must be resolved prior to issuing a final decision on a benefit request.** Hits unrelated to the subject's status as a current or former parolee should follow regular TECS hit resolution procedures. LE [redacted]

(U//FOUO) If a special program parolee does not have a TECS hit specifically related to their parole, then adjudication may continue using the normal procedures for addressing derogatory information returned in the background check process.

- A. (U) For all form types, steps to resolution depend on language in the TECS record as described in items 1-3 below. A subject may have more than one TECS hit related to the parole process, and officers must follow the steps for each TECS hit that relates to the subject.

- B. (U//FOUO//LES) The hits exist to flag issues related to the Form I-134A, Online Request to be a Supporter and Declaration of Financial Support. LE [redacted]

**UNCLASSIFIED//FOR OFFICIAL USE ONLY//LAW ENFORCEMENT SENSITIVE**

www.uscis.gov

(U//FOUO//LES) The following guidance applies to CHNV-related TECS hits only. LE

### Benefit Request Filed by the Subject of a Machine Red TECS hit entered by FDNS

(U//FOUO//LES) Language of Machine Red TECS hit entered by FDNS: LE

**Purpose:** This TECS hit flags that HQFDNS systematically reviewed the subject's I-134A supporter and identified potentially derogatory information. **This TECS record must be reviewed and manually resolved by a USCIS officer prior to issuing a final decision on a benefit request.**

(U//FOUO//LES) Steps: LE

Note: If subject has Machine Red TECS hits entered by FDNS *and* CBP, officers must follow the steps for both.

### Benefit Request Filed by the Subject of a Machine Red TECS hit entered by CBP

(U//FOUO//LES) Language of Machine Red TECS hit entered by CBP: LE

(U) **Purpose:** This TECS hit flags that CBP systematically reviewed the subject and/or their I-134A supporter and identified potentially derogatory information. This TECS record must be resolved by CBP as part of the adjudication before a final decision can be made.

(U//FOUO//LES) Steps: LE

Note: If subject has Machine Red TECS hits entered by FDNS *and* CBP, officers must follow the steps for both.

**UNCLASSIFIED//FOR OFFICIAL USE ONLY//LAW ENFORCEMENT SENSITIVE**

www.uscis.gov

**Benefit Request Filed by the subject of a Machine Green TECS hit**

**(U//FOUO//LES) Language of Machine Green TECS hit:** LE


**Purpose:** This TECS hit flagged that the subject was paroled prior to the September 2024 procedural changes, and thus, required additional vetting. CBP and FDNS have since systematically vetted all subjects, but the initial hits have not yet been removed from the system. Where derogatory information was found, an additional TECS hit was entered (see TECS hits #1 and #2). Where systematic vetting did not reveal derogatory information, the subject is considered machine green.

**(U//FOUO//LES) Steps:** LE


**Note:** If subject has Machine Red TECS hits entered by FDNS and/or CBP in addition to the Machine Green TECS hit discussed above, officers must follow the steps indicated above for Machine Red TECS hits.