IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SVITLANA DOE, *et al.*,<br><br>   *Plaintiff*,<br><br>   v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, *et al.*,<br><br>   *Defendants* | Civil Action No.: 1:25-cv-10495-IT |

## MOTION FOR LEAVE TO FILE AMICUS BRIEF IN SUPPORT OF DEFENDANTS BY IMMIGRATION REFORM LAW INSTITUTE

Rohan J. Samaraweera (BBO #439900)
SAMARAWEERA LAW OFFICES
382 Hammond Street
Suite 200
Boston, MA 02467-1229
(617) 731-1985
Fax: (617) 731-1986
Email: Samaraweera-Law@comcast.net

Gabriel R. Canaan*
D.C. Bar No. 90025172
Immigration Reform Law Institute
25 Massachusetts Ave., NW, Ste 335
Washington, DC 20001
(202) 232-5590
gcanaan@irli.org

**pro hac vice* pending

Attorneys for *Amicus Curiae*
Immigration Law Reform Institute

The Immigration Law Reform Institute ("IRLI"), by and through undersigned counsel, respectfully moves this Court pursuant to Fed. R. Civ. P. 7 for leave to file an *amicus curiae* brief in the above-captioned matter in support of Defendants and in opposition to Plaintiffs' Motion for Partial Summary Judgment (ECF 129, June 16, 2025). IRLI's proposed *amicus* brief is attached to this motion. Counsel for *amicus* has conferred with counsels for all parties. Plaintiffs and Defendants have both consented to the filing of this brief via email.  In furtherance of this motion, *amicus* IRLI states as follows:

1.  IRLI is a nonprofit 501(c)(3) public interest law firm dedicated both to litigating immigration-related cases in the interests of United States citizens and to assisting courts in understanding federal immigration law. IRLI has litigated or filed *amicus curiae* briefs in a wide variety of immigration-related cases. For more than twenty years the Board of Immigration Appeals has solicited supplementary briefing, drafted by IRLI staff, from the Federation for American Immigration Reform, of which IRLI is a supporting organization.

2.  "'The extent, if any, to which an *amicus curiae* should be permitted to participate in a pending action is solely within the broad discretion of the district court.'" *Sierra Club v. Fed. Emergency Mgmt. Agency*, 2007 U.S. Dist. LEXIS 84230, at *2 (S.D. Tex. Nov. 14, 2007) (quoting *Waste Mgmt. of Pa., Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995)). Unlike the corresponding appellate rules, the federal and local rules applicable here do not specifically address *amicus* briefs. Nonetheless, the appellate rules' criteria for granting leave to file *amicus* briefs can be looked to in support of IRLI's motion. The Advisory Committee Note to the 1998 amendments to Rule 29 explains that "[t]he amended rule … requires that the motion state the relevance of the matters asserted to the disposition of the case" as "ordinarily the most compelling reason for granting leave to file." FED. R. APP. P. 29, Advisory Committee Notes,

1998 Amendment. As then-Judge Samuel Alito wrote for the Third Circuit, "I think that our court would be well advised to grant motions for leave to file amicus briefs unless it is obvious that the proposed briefs do not meet Rule 29's criteria as broadly interpreted. I believe that this is consistent with the predominant practice in the courts of appeals." *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 133 (3d Cir. 2002) (citing Michael E. Tigar and Jane B. Tigar, FEDERAL APPEALS—JURISDICTION AND PRACTICE 181 (3d ed. 1999) and Robert L. Stern, APPELLATE PRACTICE IN THE UNITED STATES 306, 307-08 (2d ed. 1989)). Then-Judge Alito quoted the Tigar treatise favorably for the statement that "[e]ven when the other side refuses to consent to an amicus filing, most courts of appeals freely grant leave to file, provided the brief is timely and well-reasoned." 293 F.3d at 133.

  3.  IRLI's proffered brief will bring the following relevant matters to the Court's attention:

- Secretary Noem's termination of the CHNV parole programs in Federal Register Notice 13611 (Mar. 25, 2025) was an exercise of inherent Executive power under Article II of the Constitution as well as discretionary delegated legislative power via the parole statute.

- An alien paroled under 8 U.S.C. § 1182(d)(5)(A) has not been admitted to the United States, and, accordingly, is subject to the President's inherent exclusion power.

- Secretary Noem's termination of the CHNV parole program was not arbitrary and capricious because she adequately considered both the humanitarian purpose of 8 U.S.C. § 1182(d)(5)(A), as well as the proffered public benefits of the CHNV parole program, and explained in the Federal Register Notice that neither justified the program's continuation.

4.      Because these issues are relevant to this Court's decision on Plaintiffs' Motion for Partial Summary Judgment, IRLI's brief may aid the Court.

For the foregoing reasons, IRLI respectfully requests that the Court grant this Motion for Leave to file the accompanying brief as *amicus curiae*.

Dated: July 14, 2025                    Respectfully submitted,

/s/ Rohan J. Samaraweera
Rohan J. Samaraweera (BBO #439900)
SAMARAWEERA LAW OFFICES
382 Hammond Street
Suite 200
Boston, MA 02467-1229
(617) 731-1985
Fax: (617) 731-1986
Email: Samaraweera-Law@comcast.net

Gabriel R. Canaan*
D.C. Bar No. 90025172
Immigration Reform Law Institute
25 Massachusetts Ave., NW, Ste 335
Washington, DC 20001
(202) 232-5590
gcanaan@irli.org

**pro hac vice* pending

Attorneys for *Amicus Curiae*
Immigration Reform Law Institute

## **CERTIFICATE OF CONFERRAL**

I hereby certify that Counsel for the Amicus has conferred with the parties about the relief sought in this motion.

Dated July 14, 2025

/s/ Rohan J. Samaraweera
Rohan J. Samaraweera

Attorney for *Amicus Curiae*
Immigration Law Reform Institute

## **CERTIFICATION OF SERVICE**

I hereby certify that on July 14, 2025, a true copy of the above document, filed through the CM/ECF system, will be sent electronically to the registered participants of record as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

/s/ Rohan J. Samaraweera
Rohan J. Samaraweera

Attorney for *Amicus Curiae*
Immigration Law Reform Institute