**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SVITLANA DOE, *et al.*, ) | |
| ) | |
| **Plaintiffs,** ) | **Civil Action No.** |
| ) | |
| **v.** ) | **1:25-cv-10495-IT** |
| ) | |
| KRISTI NOEM, in her official capacity as ) | |
| Secretary of Homeland Security, et al.; ) | |
| ) | |
| **Defendants.** ) | |

## DECLARATION OF ANGELICA ALFONSO-ROYALS

I, Angelica Alfonso-Royals, make the following declaration, as permitted by Section 1746 of Title 28 of the United States Code. I am aware that this declaration will be filed in the above-captioned civil action with the United States District Court for the District of Massachusetts. I hereby certify:

1. I am the Deputy Director of U.S. Citizenship and Immigration Services (USCIS), a component agency within the U.S. Department of Homeland Security (DHS). I have held this position since July 15, 2025. Previously I served as the Acting Director performing the duties of the USCIS Director from May 25, 2025. Before that, I served in various senior leadership roles at DHS, including Chief of Staff to the Deputy Secretary of Homeland Security, Senior Advisor to the Deputy Secretary, Chief Creative Officer, and Principal Deputy Assistant Secretary for Crisis Communications in the Office of Public Affairs.

2. The statements contained in this declaration are based upon my personal knowledge and upon information provided to me in my official capacity.

3. On May 28, 2025, the U.S. District Court for the District of Massachusetts issued a Memorandum and Order Granting Partial Relief on Plaintiffs' Motion for Preliminary Injunction and Stay of Administrative Action. *See Svitlana Doe, et al., v. Noem, et. al.,* No. 25-cv-10495 (D. Mass. May 28, 2025).

4. USCIS is prioritizing adjudication of pending diversity visa-based Forms I-485, Application to Register Permanent Residence or Adjust Status, by September 30, 2025, as diversity visas do not carry over to the next fiscal year. 22 CFR 42.33(f). USCIS has removed all related system holds on the pending diversity visa-related Forms I-485 impacted by the court's May 28th order.

5. From October 1, 2024 through July 18, 2025, USCIS received 517 diversity visa-based Forms I-485 filed by aliens paroled into the United States under Uniting for Ukraine (U4U). USCIS has approved 93 of those applications, denied 48 applications, scheduled interviews for 41 applicants, and completed the interviews for 17 applicants. From June 1 to July 18, 2025, USCIS approved 15 of the subject Forms I-485.

6. From October 1, 2024 through July 18, 2025, USCIS received seven (7) diversity visa-based Forms I-485 filed by aliens paroled into the United States under the Processes for Cubans, Haitians, Nicaraguans, and Venezuelans (CHNV) parole programs. USCIS has denied one (1) application, scheduled interviews for two (2) applicants, and completed the interviews for two (2) applicants.

7. There were no diversity visa-based Forms I-485 applications filed by aliens paroled into the United States under the Family Reunification Parole (FRP) programs during the above period.

8. On July 21, 2025, USCIS Field Office Directorate issued additional guidance to all the regional offices and the National Benefits Center instructing offices to prioritize Forms I-485 based on diversity visas, including those filed by aliens who were paroled into the United States under U4U.

9. Becoming a lawful permanent resident based on the diversity visa program is a two-step process. An alien must first register for the diversity visa program and be selected during the annual registration process before the alien may apply for adjustment of status in the United States or, if overseas, an immigrant visa. Selection in the diversity visa program does not guarantee that an alien will adjust status or, if overseas, that an immigrant visa will be issued. Applicants for adjustment of status or an immigrant visa must demonstrate that they are eligible,

e.g., by providing proof that they meet the educational or work experience requirements for a diversity visa or are a qualifying family member of a diversity visa selectee and are admissible to the United States. *See* 8 U.S.C. § 11533(c); 22 C.F.R. § 42.33. Applicants for adjustment of status must demonstrate that they warrant a favorable exercise of discretion. *See* 8 U.S.C. 1255(a).

10. For fiscal year 2025, the Department of State (DOS) selected approximately 131,000 diversity visa entrants for 55,000 available visas, since "it is likely that some selectees will not complete their cases or will be found ineligible for a visa." *See DV 2025 – Selected Entrants,* U.S. Dept. of State (July 23, 2025), https://travel.state.gov/content/travel/en/us-visas/immigrate/diversity-visa-program-entry/dv-2025-selected-entrants.html.

11. Each selectee receives a rank number, based on their specific regional area. When a rank number is listed in the current month's diversity visa availability chart of the DOS Visa Bulletin, it means visa numbers are available for DOS to allocate to selectees with rank numbers below the rank number listed. USCIS may only approve a diversity visa-based Form I-485 filed by an otherwise eligible selectee if he or she had a visa number immediately available at the time of filing and DOS allocates a visa number for the selectee. 8 CFR 245.2(a)(5)(ii). When all available diversity visas are allocated or at midnight on September 30, 2025, whichever occurs first, that fiscal year's diversity visa program ends. 22 C.F.R. § 42.33.

12. The USCIS Office of Public Affairs (OPA) responded to a query from a reporter on or about July 16, 2025, using outdated information. The statement erroneously affirmed that an "'administrative hold' continue[d] on all pending benefits requests filed by parolees under the 'Uniting for Ukraine' process." OPA has since contacted the news outlet that was cited by the plaintiffs to provide an updated statement. As indicated in prior declarations, USCIS has lifted all processing holds on benefit requests that were implemented under the rescinded hold policies, including on benefit requests filed by current or former U4U parolees. Although cases are not on hold, USCIS cannot guarantee a prompt decision on any pending immigration benefit requests, including those filed by special program parolees.

Derogatory information from background checks must be resolved prior to issuing a final decision on any benefit request which can impact the pace of adjudication of some benefit requests.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge.

Executed this 28th day of July, 2025, in Camp Springs, Maryland.

Angelica Alfonso-Royals
Deputy Director
U.S. Citizenship and Immigration Services
Department of Homeland Security