UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SVITLANA DOE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security; TODD M. LYONS, in his official capacity as the Acting Director of Immigration and Customs Enforcement; RODNEY S. SCOTT,[1] in his official capacity as Commissioner of U.S. Customs and Border Protection; JOSEPH B. EDLOW,[2] in his official capacity as the Director of U.S. Citizenship and Immigration Services; and DONALD J. TRUMP, in his official capacity as President of the United States,<br><br>Defendants. | Civil Action No. 1:25-cv-10495-IT |

MEMORANDUM & ORDER

August 1, 2025

In this lawsuit, Plaintiffs challenge actions by the Department of Homeland Security ("DHS") regarding (1) Plaintiffs and similarly situated non-citizens lawfully present in the United States through a Parole Program and (2) non-citizens outside of the United States who are

---

[1] Defendant Rodney S. Scott has been substituted for the former Acting Commissioner of U.S. Customs and Border Protection. See Fed. R. Civ. P. 25(d).

[2] Defendant Edlow has been substituted for the former Senior Official Performing the Duties of the Director of U.S. Citizenship and Immigration Services. See Fed. R. Civ. P. 25(d).

seeking initial grants of parole[3] through a Parole Program. Am. Compl. [Doc. No. 68].[4] Plaintiffs' pending Emergency Motion for Preliminary Injunction and Stay of Administrative Action [Doc. No. 23] sought relief as to both sets of claims; this court's prior order granting relief in part addressed only the first set of claims: DHS's actions regarding non-citizens present in the United States.[5] The court now turns to the second set: Plaintiffs' claims regarding individuals outside of the United States. For the reasons stated herein, the court finds preliminary relief is not warranted as to these claims.

Courts weigh four factors in determining whether a stay should issue: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Nken v. Holder, 556 U.S. 418, 425–26 (2009) (citation omitted).

That the individuals who would be afforded relief are located outside the United States diminishes Plaintiffs' showing as to each of these factors and distinguishes these claims from those addressed in the court's prior orders. First, Plaintiffs' claims as to individuals outside the United States present standing issues that, at a minimum, cast doubt on whether some Plaintiffs

---

[3] No Plaintiffs in this action seek initial parole for themselves, but several Plaintiffs seek to support other individuals, including family members, for initial parole.

[4] The Parole Programs at issue are described in detail in the Amended Complaint. See id. ¶¶ 68–157.

[5] See Second Order on Mot. to Stay [Doc. No. 107], appeal pending, 1st Cir. No. 25-1715. Plaintiffs' Emergency Motion for a Preliminary Injunction and Stay of DHS's En Masse Truncation of All Valid Grants of CHNV Parole [Doc. No. 70] only sought relief as to the first set of claims, and the court's relief was again limited to these claims. See First Order on Mot. to Stay [Doc. No. 97], appeal pending, 1st Cir., No. 25-1384, stay on appeal denied, 2025 WL 1505688 (1st Cir. May 5, 2025), stay granted sub nom., Noem v. Doe, 605 U.S. __, 145 S. Ct. 1524 (May 30, 2025).

can make a "strong showing" of success on the merits. And because the Executive Branch's discretion is at its height where its actions primarily concern individuals not yet in the United States, Plaintiffs have not made a strong showing that they are likely to succeed on their reviewability arguments or on their claims that the agency acted arbitrarily and capriciously in suspending initial parole adjudications for individuals outside the United States.[6]

Second, while supporter Plaintiffs may be harmed absent preliminary relief—especially those Plaintiffs seeking to support family members for initial parole—the court finds these harms less cognizable as irreparable harm than the potential harms faced by individuals already located in the United States, who face the threat of deportation or removal. See Second Order on Mot. to Stay 39 [Doc. No. 107].

The final two factors, the balance of equities and the public interest, "merge when the Government is the opposing party." Nken, 556 U.S. at 435. Defendants have asserted that preliminary relief precluding a pause on applications to the Parole Programs "irreparably harms the United States by limiting the Executive's discretionary authority under [8 U.S.C.] § 1182(d)(5)." Opp. to Mot. for PI 28 [Doc. No. 42]. Defendants' argument is stronger as to individuals seeking parole from outside of the United States than as to individuals who have

---

[6] For instance, Plaintiffs fault the agency for failing to consider the reliance interests of parole applicants, their families, and their sponsors before suspending initial parole applications. See Mem. ISO Mot. for PI 22 [Doc. No. 25]. But these reliance interests are less compelling for those individuals seeking an initial grant of parole than the reliance interests of individuals already present in the United States, who relied on and followed the rules of the Parole Programs to come to the United States and now face a choice between an unlawful presence in the United States or self-deporting, as described in this court's prior order—particularly when weighed against the Executive Branch's substantial discretion concerning individuals seeking lawful presence in the United States in the first instance.

3

already been paroled into the country, and in the present circumstances, this concern undermines Plaintiffs' showing as to the third and fourth factors.

In sum, the court finds that preliminary relief is not warranted as to Defendants' suspension of initial parole adjudications, where such relief is sought as to individuals not presently in the United States. Accordingly, Plaintiffs' <u>Emergency Motion for Preliminary Injunction and Stay of Administrative Action</u> [Doc. No. 23] is denied as to the remaining preliminary relief requested.

    IT IS SO ORDERED.

August 1, 2025                               /s/ Indira Talwani
                                                             United States District Judge