# EXHIBIT 7

to Plaintiffs' Supplement to Motion for a
Status Conference

Doe et al. v. Noem et al., 1:25-cv-10495-IT (D.  Mass.)

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SVITLANA DOE, *et al.*,<br><br>   *Plaintiffs,*<br><br>   v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, *et al.*,<br><br>   *Defendants.* | Case No.: 1:25-cv-10495-IT |

## SUPPLEMENTAL DECLARATION OF EMILY MARTIN

I, Emily Martin, upon my personal knowledge, hereby declare as follows:

1. I am a Paralegal at the Justice Action Center ("JAC"). I have been employed at JAC since February 24, 2025.

2. I currently live in Atlanta, Georgia.

3. This declaration is meant to supplement my previous declaration, which was filed on September 12, 2025. ECF Doc. No. 172-1.

4. Since I submitted my declaration, class counsel has received additional information regarding Plaintiff Aleksandra Doe and one of the class members that I referenced in my September 12 declaration. Class counsel has also received additional communications from class members who are reporting non-compliance with the Court's May 28 Order.

**Plaintiff Aleksandra Doe**

5. Plaintiff Aleksandra Doe came to the United States with her husband and son through the U4U process on March 31, 2023. Aleksandra Doe and her family fled Ukraine through the U4U parole process because it was too dangerous to continue living in a war zone. In

October 2023, Aleksandra Doe and her family applied for the diversity visa lottery and were selected for the Fiscal Year 2025.

6. In February 2025, Aleksandra Doe's adjustment of status interview was abruptly cancelled by USCIS and it was only rescheduled after Plaintiffs' counsel's intervention. Aleksandra Doe and her family attended their adjustment of status interview on August 21, 2025, and were told that their applications would undergo additional review.

7. On Friday, September 12, 2025, class counsel filed a request for a status conference and included details regarding the status of Aleksandra Doe's case and USCIS' additional review.

8. On Monday, September 15, 2025, Aleksandra Doe received an update in her online USCIS account that her and her son's adjustment of status applications were approved. Subsequently, she received a phone call from a USCIS officer confirming this information and informing her that her husband would need to come into the office the next day to present his passport.

9. On September 16, 2025, after reviewing Aleksandra Doe's husband's passport and application, USCIS denied her husband's adjustment of status application. On September 19, Aleksandra Doe and her family received additional information regarding the reason for the denial.

**Class Member F**

10. In my declaration filed on September 12, 2025, I also provided information regarding class member "F" and her husband, a U.S. citizen. Class member F entered the United States on CHNV parole and applied for adjustment of status based on marriage. At her adjustment of status interview in July 2025, USCIS told F that they could not approve her

application due to an administrative hold for individuals who came to the United States under humanitarian parole. Class counsel provided class member F's personal identifying information to Defendants' counsel on August 22, 2025 so that they could review her case.

11. On Tuesday, September 16, 2025, class member F received an email from USCIS notifying her that her adjustment of status application had been approved.

**Class Member J**

12. On September 12, 2025, I became aware of another instance of a hold on a class member's immigration application. Class member "J's" legal representative emailed class counsel to report that she represents a CHNV parole beneficiary who applied for adjustment of status based on a family-based petition.

13. On September 4, 2025, class member J and J's legal representative attended J's adjustment of status interview at a USCIS field office. During the interview, the USCIS officer told class member J and J's legal representative that there was an administrative hold on the case, and that even though the adjustment application is approvable, adjudication cannot happen until the administrative hold is released. The USCIS officer went on to explain that the administrative hold is on all benefits applications filed by CHNV parole beneficiaries.

14. When class member J's representative asked about the *Doe v. Noem* litigation and the Court's order that effectuated the resumption of processing applications for certain parole beneficiaries, the officer stated that all USCIS officers are scheduling interviews and then piling up cases that will be adjudicated when the hold is removed.

I declare under penalty of perjury and under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed in Atlanta, Georgia on 09/19/2025.

Emily Martin