# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SVITLANA DOE, *et al.*, | ) |
| | ) |
| Plaintiffs, | )  Civil Action No. |
| | ) |
| v. | )  1:25-cv-10495-IT |
| | ) |
| KRISTI NOEM, in her official capacity as | ) |
| Secretary of Homeland Security, et al.; | ) |
| | ) |
| Defendants. | ) |

## DECLARATION OF ANGELICA ALFONSO-ROYALS

I, Angelica Alfonso-Royals, make the following declaration, as provided by Section 1746 of Title 28 of the United States Code. I am aware that this declaration will be filed in the above-captioned civil action with the United States District Court for the District of Massachusetts. I hereby certify:

1. I am the Deputy Director of U.S. Citizenship and Immigration Services (USCIS), a component agency within the U.S. Department of Homeland Security (DHS). I have held this position since July 15, 2025. Previously I served as the Acting Director performing the duties of the USCIS Director from May 25, 2025. Before that, I served in various senior leadership roles at DHS, including Chief of Staff to the Deputy Secretary of Homeland Security, Senior Advisor to the Deputy Secretary, Chief Creative Officer, and Principal Deputy Assistant Secretary for Crisis Communications in the Office of Public Affairs.

2. The statements contained in this declaration are based upon my personal knowledge and upon information provided to me in my official capacity.

3. On May 28, 2025, the U.S. District Court for the District of Massachusetts issued a Memorandum and Order Granting Partial Relief on Plaintiffs' Motion for Preliminary Injunction and Stay of Administrative Action. *See Svitlana Doe, et al., v. Noem, et. al.*, No. 25-cv-10495 (D. Mass. May 28, 2025).

1

4. USCIS is complying with the May 28 order. From May 28 to September 15, 2025, USCIS completed adjudication of 52,185 benefit requests, including requests for re-parole, filed by current or former parolees under Uniting for Ukraine (U4U); the Processes for Cubans, Haitians, Nicaraguans, and Venezuelans (CHNV); and Family Reunification Parole (FRP) programs.

5. From May 28 to September 15, 2025, USCIS completed adjudication of 590 Forms I-131, Application for Travel Documents, Parole Documents, and Arrival/Departure Records, for re-parole filed by current or former Operation Allies Welcome (OAW), U4U, and Central American Minors (CAM) parolees.

6. From May 28 to September 15, 2025, USCIS completed adjudication of 4,322 Forms I-485, Application to Register Permanent Residence or Adjust Status, for adjustment of status for current or former U4U, CHNV, and FRP parolees. Of the adjudicated Forms I-485, 1,202 were filed by current or former U4U parolees and 3,065 by former CHNV parolees (including 1,817 by Cuban nationals who were paroled under the Cuban Humanitarian Parole (CHP) process).

7. From July 21 to September 15, 2025, USCIS completed adjudication of 3,550 Forms I-485 for adjustment of status for current or former U4U, CHNV, and FRP parolees. Of the adjudicated Forms I-485, 1,089 were filed by current or former U4U parolees and 2,408 by former CHNV parolees (including 1,298 by current or former CHP parolees).

8. From October 1, 2024 through September 15, 2025, USCIS adjudicated 1,308 diversity visa-based Forms I-485. During this period, USCIS adjudicated 413 diversity visa-based Forms I-485 filed by aliens paroled into the United States under U4U and nine (9) diversity visa-based Forms I-485 filed by aliens paroled into the United States under the CHNV parole programs. Of these applications, 286 filed by current or former U4U parolees and eight (8) former CHNV parolees were adjudicated since July 1, 2025. This number includes Aleksandra Doe's diversity visa-based Form I-485. For reference, the U.S. Department of State selected the following number of individuals for participation in the FY2025 Diversity Visa Program: 4,002 chargeable to Ukraine; 2,348 chargeable to Cuba; 0 for Haiti; 86

chargeable to Nicaragua; and 0 chargeable to Venezuela. See DV 2025 Selected Entrants, U.S. Dept. of State, https://travel.state.gov/content/travel/en/us-visas/immigrate/diversity-visa-program-entry/dv-2025-selected-entrants.html (last visited Sept. 24, 2025).

9. There is no categorical hold in place on benefit requests filed by current or former U4U, CHNV, or FRP parolees. Nor is there any blanket policy to slow down adjudication of such requests outside normal processing and procedures. However, USCIS uses a variety of tools to manage its workload, including prioritizing cases that are ready for interview or adjudication over those with outstanding security check results that USCIS has chosen to review and resolve prior to scheduling the interview or placing cases in the queue for review by an adjudicator. This allows USCIS to maximize the efficiency of its limited resources, including interview appointments and officers to conduct them. For example, USCIS has used case status updates to set aside some applications with unresolved security check results until those hits are manually reviewed and resolved and the case is ready for interview and adjudication. A number of cases were designated as set aside for this reason on July 21, 2025 in a particular case management system.

10. USCIS notes that the word "hold" can have a variety of meanings, particularly when an officer is trying to explain the nuances of USCIS processing using plain language. When officers say that an application is on "hold," this can represent the fact that a case remains pending, needs additional review before a decision can be made, is awaiting a response to a Request for Evidence, or is continued for further processing, for example, and does not mean that it is on hold in violation of the Court's May 28 order. As stated above and illustrated by the more than 50,000 benefit requests adjudicated to completion since May 28, there is no categorical hold on benefit requests filed by current or former U4U, CHNV, or FRP parolees.

11. USCIS conducts vetting and background checks to determine eligibility and identify potentially derogatory information that could impact eligibility for a benefit and/or the exercise of discretion under the relevant provision of law. Vetting is often an ongoing process, with checks required at different stages of the

3

adjudication. As noted in a declaration filed on July 1, 2025, additional vetting was performed on CHNV supporters and beneficiaries in 2024 pursuant to internal DHS investigations, which resulted in additional information requiring review and resolution. See Decl. of Kika Scott at ¶ 8, ECF 139-1 (July 1, 2025). USCIS continues to conduct vetting and investigate claims of potential fraud, national security, or public safety concerns as needed, which may give rise to additional information that must be reviewed by adjudicators. Also as stated previously, derogatory information from background checks must be resolved prior to issuing a final decision. Id. at ¶ 10.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge.

Executed this 25th day of September, 2025, in Camp Springs, Maryland.

_____
Angelica Alfonso-Royals
Deputy Director
U.S. Citizenship and Immigration Services
Department of Homeland Security