BRETT A. SHUMATE
*Assistant Attorney General*

DREW C. ENSIGN
*Deputy Assistant Attorney General*

BRIAN C. WARD
*Acting Assistant Director*

KATHERINE J. SHINNERS
*Senior Litigation Counsel*

ELISSA FUDIM
*Trial Attorney*

*Counsel for Defendants*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Svitlana Doe, *et al.*, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )  Civil Action No. 1:25-cv-10495 |
| Kristi Noem, in her official capacity as Secretary of Homeland Security, *et al.*, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

**RESPONSE TO PLAINTIFFS' MOTION FOR A STATUS CONFERENCE**

Defendants respectfully submit the following response in opposition to Plaintiffs' Motion for a Status Conference (Doc. No. 171). Although the Court has already scheduled a status conference, Defendants submit this information for the Court's consideration, in accordance with the timelines set forth in Local Rule 7.1. Plaintiffs' submission does not warrant convening a status conference, as the evidence demonstrates that Defendants are complying with the Court's May 28 Order (Doc. 107) staying any actual or alleged agency actions or decisions to hold or suspend adjudication of certain applications for immigration benefits or parole.

1

## PROCEDURAL BACKGROUND

Plaintiffs' lawsuit generally challenges alleged pauses and terminations of certain categorical humanitarian parole programs, individual parole grants, and adjudications of requests for immigration benefits by certain parole recipients. *See generally* Doc. No. 68. As relevant here, Plaintiffs challenged, and sought expedited preliminary relief against, U.S. Citizenship and Immigration Services' (USCIS's) pause on adjudication of parole requests as set forth in the January 23, 2025 Higgins Email (Doc. No. 41-2), and its suspension of adjudication of requests for immigration benefits by recipients of parole under the parole programs for Cubans, Haitians, Nicaraguans, and Venezuelans (CHNV), the Uniting for Ukraine parole program (U4U), and the Family Reunification Parole processes (FRP), as set forth in the February 14, 2025 Davidson Memorandum (Doc. No. 41-3). *See* Doc. Nos. 23, 24, 25, 41, 42.

On May 28, 2025, this Court issued a memorandum opinion and order preliminarily and temporarily staying the following policies and alleged policies under 5 U.S.C. § 705: "(1) the suspension of adjudications of re-parole applications filed by individuals who received parole pursuant to the Parole Programs[1]; (2) the suspension of adjudications of initial parole applications filed by individuals already present in the United States pursuant to the [Military Parole-in-Place (Mil PIP)] program; and (3) the suspension of adjudications for immigration benefits applications filed by individuals who received parole through the Parole Programs." Doc. No. 107 at 2.

In addressing Plaintiffs' request for this relief, the Court noted that Plaintiffs did not seek "grants of a particular benefit on a particular timeline" and were not "bringing unreasonable delay claims," but instead were challenging a "categorical refusal to adjudicate—<u>on any timeline</u>"

---

[1] Defendants understand the Parole Programs at issue to be the CHNV programs, U4U, FRP, Military Parole in Place (Mil PIP), Operation Allies Welcome (OAW), and the Central American Minors program (CAM). *See id.* at 2-9.

certain applications. Doc. No. 107 at 23, 27-28 (emphasis in original). The Court determined that it was appropriate to enter relief on behalf of classes of re-parole applicants and former and current parolees who had applied for immigration benefits because, it held, the questions of whether the Higgins Email and the Davidson Memorandum were "lawfully issued" were common to the class and could be decided on a class-wide basis. *See id.* at 45.

On the merits, the Court determined that Plaintiffs were likely to succeed on their claims that the Higgins Email was arbitrary and capricious, finding it contained an inadequate justification for its pause on re-parole requests. *Id.* at 31-33. As to the Davidson memo, the Court found that Plaintiffs were unlikely to succeed on their claim that USCIS's "justification for its decision to paus[e] the adjudication of benefit requests to give the agency time to establish a baseline for screening and vetting standards and procedures for subsequent screening and vetting of individuals who received parole through the U4U, CHNV, and FRP programs was inadequate." *Id.* at 37-38. It determined, however, that the Davidson Memorandum contained an inadequate justification for indefinitely suspending all applications, rather than considering the "reasonable alternative of performing screening and vetting . . . as part of the adjudication of an application for immigration benefits." *Id.* at 38.

Defendants noticed their appeal from the May 28 Order on July 28, 2025. Doc. No. 158. That appeal remains pending in the First Circuit at Appeal No. 25-1715.

Since the Court issued the May 28 Order, Plaintiffs have submitted various filings and motions concerning the Order's implementation, and the Court required Defendants to make specific, targeted responses. *See, e.g.*, Doc. Nos. 116, 117, 118, 119, 120, 121, 123, 124, 127, 132, 133, 134, 135, 136, 137, 138, 139, 150, 151, 152, 155, 160. Most recently, Class Counsel commenced a conferral with Defendants' counsel over email, inquiring primarily about alleged

reports from class members that their applications were on hold. *See* Doc. No. 172-2. As the correspondence demonstrates, Defendants resolved certain issues that were helpfully identified by Class Counsel, provided reports to Class Counsel as to the status of certain cases where identifying information for the class member was provided, and answered questions as to the number of adjudications. *See generally id.* In many cases, the class members inquiring about or alleging issues with their applications declined to provide their identities.

On Friday, September 12, Plaintiffs filed the instant motion for a status conference, raising a number of allegations that they had not previously reported to Defendants, and including details that they had not previously reported to Defendants. *Compare* Doc. No. 172-1 *with* Doc. No. 172-2. On Friday, September 19, Plaintiffs supplemented their motion with additional information. *See* Doc. Nos. 174, 175. That supplement reported that two class members' applications—including Aleksandra Doe's diversity-visa based adjustment application—had since been adjudicated. *See* Doc. No. 175 at ¶¶ 8, 11. It also included an alleged report from an unidentified class member which Class Counsel allegedly learned about on Friday, September 12. *See* Doc. No. 174 at 1-2. Class Counsel reported that information to counsel for Defendants on Thursday, September 18.

## ARGUMENT

There is no hold on applications for immigration benefits or re-parole by members of the certified classes. *See* Doc. No. 179-1 (Alfonso-Royals Decl.) at ¶¶ 4, 9, 10. Between May 28, 2025, and September 15, 2025, USCIS completed adjudication of over 50,000 relevant applications for immigration benefits. *Id.* at ¶¶ 4-8. This number dwarfs the number of class members who Plaintiffs claim are seeking updates on the status of their applications, *see* Doc. No. 172-1 at ¶ 6, and belies any suggestion of noncompliance with this Court's order.

4

Plaintiffs' motion cites a relatively small number of instances—none of which are supported by declarations from the class members or their attorneys—in which class members were allegedly told by USCIS officials that their applications were on hold, including at times due to a hold on applications submitted by recipients of humanitarian parole. Yet, as USCIS explained, any individual application could be paused or continued for various reasons—and the fact that an officer may use the term "hold" does not mean that the adjudication of the application is suspended as provided for in the Higgins Email or Davidson Memorandum. *See* Doc. No. 179-1 (Alfonso-Royals Decl.) at ¶ 10. USCIS reports that it uses a variety of tools to manage its workload, including prioritizing cases that are ready for interview or adjudication over those with outstanding security check results that USCIS has chosen to review and resolve prior to scheduling the interview or placing cases in the queue for review by an adjudicator. *See id.* at ¶ 9. For instance, USCIS has used case status updates to set aside some applications with unresolved security check results until those hits are manually reviewed and resolved and the case is ready for interview and adjudication. For example, Plaintiffs expressed concern that fourteen class members were informed of a "new hold on their immigration benefits applications as of July 21, 2025." Doc. No. 172-1 at ¶ 9. However, a number of cases in a particular case management system were designated as set aside for resolution of security checks on that date. Doc. No. 179-1 (Alfonso-Royals Decl.) at ¶ 9. Indeed, Defendants confirmed to Class Counsel that the applications for the class members who agreed to provide their identities were not subject to a categorical U4U, CHNV, or FRP hold. *See* Doc. No. 172-2 at 12.

Additionally, as already noted, vetting was performed on CHNV supporters and beneficiaries in 2024 pursuant to internal DHS investigations, which resulted in additional information requiring review and resolution. See Doc. No. 139-1, Decl. of Kika Scott at ¶ 8 (July

5

1, 2025). USCIS continues to conduct vetting and investigate claims of potential fraud, national security, or public safety concerns as needed, which may give rise to additional information that must be reviewed by adjudicators. Doc. No. 179-1 (Alfonso-Royals Decl.) at ¶ 11. Derogatory information from background checks must be resolved prior to issuing a final decision. *Id*.

Dated:  September 25, 2025                                   Respectfully submitted,

BRETT A. SHUMATE
*Assistant Attorney General*

DREW C. ENSIGN
*Deputy Assistant Attorney General*

BRIAN C. WARD
*Acting Assistant Director*

*/s/ Katherine J. Shinners*
KATHERINE J. SHINNERS
*Senior Litigation Counsel*
U.S. Department of Justice, Civil Division
Office of Immigration Litigation-GLA
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
202-598-8259
katherine.j.shinners@usdoj.gov

ELISSA P. FUDIM
*Trial Attorney*

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 25, 2025, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will provide an electronic notice and electronic link of the same to all attorneys of record.

/s/ *Katherine J. Shinners*
Katherine J. Shinners
*Senior Litigation Counsel*
United States Department of Justice
Civil Division