UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SVITLANA DOE, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> KRISTI NOEM, in her official capacity as Secretary of Homeland Security, et al., <br><br> *Defendants*. | C.A. No: 1:25-cv-10495-IT |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION
FOR A STAY OF PROCEEDINGS**

Plaintiffs respectfully oppose Defendants' request to stay proceedings due to a lapse in appropriations (Doc. No. 183). The requested relief is neither necessary nor appropriate as made clear by the Department of Justice ("DOJ") Fiscal Year 2026 Contingency Plan ("Contingency Plan" or "Plan") and the likely impact of a stay in adjudication on class members. Moreover, staying efforts to vacate the unlawful truncation of CHNV parole would be particularly inequitable given that the Department of Homeland Security is continuing immigration enforcement efforts against that same population (among others) notwithstanding the shutdown.

Defendants assert that "[a]bsent an appropriation, [DOJ] attorneys and employees of certain of the federal Defendants are prohibited from working, even on a voluntary basis, except in very limited circumstances[.]" Mot. at 1. For this reason, they seek a stay "until Congress has restored appropriations to the Department." *Id*. Consistent with the Antideficiency Act ("Act"), however, the DOJ's own Contingency Plan expressly provides for litigation to proceed as "excepted" work without impact on Defendants or their counsel. The Plan contemplates as follows: "If a court denies a litigator's request to postpone a case and orders it to continue, the litigation

will become an excepted activity that can continue during the lapse." DOJ, FY 2026 Contingency Plan, at 7 (Sept. 29, 2025), https://www.justice.gov/jmd/media/1377216/dl; *see also id.* at 3 (noting that if a court denies a stay request, "the Government will comply with the court's order, which would constitute express legal authorization for the activity to continue"). As federal law authorizes payment of wages for "excepted" activities, Defendants' counsel would not be impacted by a denial of the request for a stay. *See* 31 U.S.C. § 1341(c)(2).

A stay in proceedings would be particularly unfair to class members. In the midst of a potential suspension of litigation, the difficult circumstances that class members find themselves in on a daily basis would continue. Class members remain in legal limbo on their immigration status and because of this, time is of the essence. For example, a partial motion for summary judgment remains pending before the Court concerning the lawfulness of the premature truncation of the CHNV parole processes. Because CHNV parole was granted only for a maximum of two years, the certified class of CHNV parole beneficiaries whose grants of parole were truncated *en masse* will only benefit from a ruling in the class's favor if the Court is able to issue such a ruling while class members' grants of parole remain valid.

Importantly, despite the government shutdown, it appears Defendants' immigration enforcement, including as against class members, will proceed unaffected by the lapse in appropriations. On October 1, U.S. Immigration and Customs Enforcement ("ICE") made clear on social media that its operations would "remain unchanged." *See* https://x.com/ICEgov/status/1973337418058109328; *see also* Myah Ward et al., *Trump Shields Immigration and Trade from Shutdown Fallout*, Politico (Oct. 1, 2025), https://www.politico.com/news/2025/10/01/trump-protecting-priorities-from-shutdown-00588657.

Both the Act and the DOJ's Contingency Plan expressly provide for activities associated with "emergencies involving the safety of human life or the protection of property" to proceed as "excepted" activities. *See* DOJ, FY 2026 Contingency Plan, at 1 (quoting 31 U.S.C. § 1342). The interests of those likely to face irreparable consequences from a suspension of any operations during a shutdown – like the class members in this case – therefore remain paramount. It remains unclear, moreover, how long the current shutdown will last. Given the need for prompt adjudication of Plaintiffs' claims to get class members out of their current legal limbo, a stay in the case would not be warranted. The balance of interests also weighs heavily in favor of denying a stay, as no harm would result to Defendants or their counsel.

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' request for a stay of proceedings.

Dated: October 3, 2025

Esther H. Sung (*pro hac vice*)
Karen C. Tumlin (*pro hac vice*)
Hillary Li (*pro hac vice*)
Laura Flores-Perilla (*pro hac vice*)
Brandon Galli-Graves (*pro hac vice*)
**JUSTICE ACTION CENTER**
P.O. Box 27280
Los Angeles, CA 90027
Telephone: (323) 450-7272
esther.sung@justiceactioncenter.org
karen.tumlin@justiceactioncenter.org
hillary.li@justiceactioncenter.org
laura.flores-perilla@justiceactioncenter.org
brandon.galli-graves@justiceactioncenter.org

Anwen Hughes (*pro hac vice*)
Inyoung Hwang (*pro hac vice*)
**HUMAN RIGHTS FIRST**
75 Broad St., 31st Fl.
New York, NY 10004
Telephone: (212) 845-5244
HughesA@humanrightsfirst.org
hwangs@humanrightsfirst.org

Robert Stout (*pro hac vice*)
Sarah Elnahal (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
250 West 55th Street
New York, NY 10019-9710
Telephone: (212) 836-8000
rob.stout@arnoldporter.com
sarah.elnahal@arnoldporter.com

Respectfully submitted,

*/s/ John A. Freedman*
John A. Freedman (BBO#629778)
Laura Shores (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Ave, NW
Washington, D.C. 20001-3743
Telephone: (202) 942-5316
john.freedman@arnoldporter.com
laura.shores@arnoldporter.com

H. Tiffany Jang (BBO#691380)
**ARNOLD & PORTER KAYE SCHOLER LLP**
200 Clarendon Street, Fl. 53
Boston, MA 02116
Telephone: (617) 351-8053
tiffany.jang@arnoldporter.com

Daniel B. Asimow (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
Three Embarcadero Center
10th Floor
San Francisco, CA 94111-4024
Telephone: (415) 471-3142
daniel.asimow@arnoldporter.com

Justin B. Cox (*pro hac vice*)
**LAW OFFICE OF JUSTIN B. COX**
*JAC Cooperating Attorney*
PO Box 1106
Hood River, OR 97031
(541) 716-1818
justin@jcoxconsulting.org

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I, John A. Freedman, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: October 3, 2025

                                      */s/ John A. Freedman*
                                      John A. Freedman