UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SVITLANA DOE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> KRISTI NOEM, in her official capacity as Secretary of Homeland Security, et al., <br><br> Defendants. | Civil Action No. 1:25-cv-10495-IT |

MEMORANDUM & ORDER

October 9, 2025

TALWANI, D.J.

Pending before the court is Defendants' Motion for Stay of Proceedings [Doc. No. 183]. In support of their stay request, Defendants state that on September 30, 2025, the appropriations act funding the Department of Justice expired and the appropriations allocated for the department have lapsed. Id. Mot. to Stay 1 [Doc. No. 183]. Defendants assert that "[a]bsent an appropriation, Department of Justice attorneys and employees of certain of the federal Defendants are prohibited from working, . . . except in very limited circumstances, including 'emergencies involving the safety of human life or the protection of property.'" Id. (citing 31 U.S.C. § 1342). Defendants request that the court stay proceedings until appropriations are restored and that all current filing obligations be extended "commensurate with the duration of the lapse in appropriations." Id.

"[F]ederal courts possess the inherent power to stay proceedings for prudential reasons." Microfinancial, Inc. v. Premier Holidays Int'l, Inc., 385 F.3d 72, 77 (1st Cir. 2004). The court assesses the parties' competing interests when making such a determination. An evaluation of such interests supports a denial of the Motion to Stay.

Plaintiffs argue that a request to stay proceedings is not necessary in light of the Department of Justice's Fiscal Year 2026 Contingency Plan ("Contingency Plan"). Pls.' Opp'n to Defs.' Mot. for a Stay 1 [Doc. No. 184]. The Department of Justice's Contingency Plan notes that the Antideficiency Act "restricts the Federal Government's ability to obligate funds in advance of appropriations[.]" U.S. Dep't of Just., FY 2026 Contingency Plan 1 (2025), https://www.justice.gov/jmd/media/1377216/dl. Yet, it also articulates that even during a lapse in appropriations, the Department will continue to perform certain activities. Id. Among them are activities "for which there is an express authority to continue during an appropriations lapse[.]" Id.

The Contingency Plan first requires litigators working on civil litigation to "approach the courts and request that active cases . . . be postponed until funding is available." Id. at 3. Yet, "[i]f a court denies such a request and orders a case to continue, the Government will comply with the court's order, which would constitute express legal authorization for the activity to continue[.]" Id. Consequently, should a court deny a request for a stay, the litigation would subsequently fall under activities that will continue during a lapse in appropriations, allowing attorneys for the government to continue working.

Separately, Plaintiffs argue that potential harm to class members might ensue should the court grant a stay. First, Plaintiffs note that a stay would further prolong the period during which class members' future immigration status remains uncertain. Pls.' Opp'n to Defs.' Mot. for a Stay 2 [Doc. No. 184]. Additionally, Plaintiffs note that statements by the U.S. Immigration and Customs Enforcement suggest that the federal government will continue immigration enforcement during the government shutdown. Id. (citing social media post from U.S. Immigration and Customs Enforcement social media account).

Weighing the competing interests in this case, the court finds that the harm to Plaintiffs in staying the proceedings would outweigh the harm of denying the stay, particularly given, per Department of Justice policy, that attorneys may continue to work on this matter following the denial of this Motion.

### I.     Conclusion

For the foregoing reasons, Defendants' Motion for Stay of Proceedings [Doc. No. 183] is DENIED.

IT IS SO ORDERED.

October 9, 2025                             /s/ Indira Talwani
                                            United States District Judge