# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SVITLANA DOE, et al.,<br><br>Plaintiffs,<br><br>*v.*<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, et al.,<br><br>Defendants. | Civil Action No.: 1:25-cv-10495-IT |

**PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS ("SUF") IN SUPPORT OF THEIR RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING THE MASS TRUNCATION OF CHNV PAROLE (Doc. No. 196)**

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1, Plaintiffs respectfully submit this Rule 56(c)(1) Statement of Undisputed Facts ("SUF") in support of their motion for partial summary judgment (Doc. No. 196).

**The CHNV Plaintiffs & Class Members**

1.      Secretary Noem's mass truncation of parole cut short the parole of eight individual Plaintiffs. Alejandro Doe Decl., Doc. No. 24-1; Carlos Doe Decl., Doc. No. 24-4; Miguel Doe Decl., Doc. No. 64-4; Lucia Doe Decl., Doc. No. 64-3; Ana Doe Decl., Doc. No. 24-2; Armando Doe Decl., Doc. No. 24-3; Daniel Doe Decl., Doc. No. 64-5; Andrea Doe Decl., Doc. No. 27-1.

2.      Secretary Noem's mass truncation of parole cut short the parole of individuals sponsored by five of the individual sponsors. Gabriela Doe Decl., Doc. No. 64-6; Norma Lorena Dus Decl., Doc. No. 71-2; Sandra McAnany Decl., Doc. No. 24-9; Kyle Varner Decl., Doc. No. 24-10; Wilhen Pierre Victor Decl., Doc. No. 24-11.

1

3.      Plaintiff Haitian Bridge Alliance is a non-profit organization dedicated to serving the needs of Haitian migrants in the United States, including parolees. Decl. of Guerline Jozef on behalf of Plaintiff Haitian Bridge Alliance, Doc. No. 71-3.

4.      Through the Federal Register notice published on March 25, 2025, Doc. No. 71-1, Secretary Noem cut short the parole of at least 426,151 individuals, which is the number of people whose parole would have expired on or after May 1, 2025. *See* Doc. No. 128-4.

5.      Of those 426,151 individuals, 4,390 had acquired some form of permanent immigration status as of February 25, 2025. Doc. No. 128-4.

6.      Of those 426,151 individuals, 51,828 had Temporary Protected Status as of February 25, 2025. Doc. No. 128-4.

7.      Of those 426,151 individuals, 4,628 had departed the United States as of February 25, 2025. Doc. No. 128-4.

8.      Of those 426,151 individuals, 212,542 had an application pending for either adjustment of status (I-485), asylum (I-589), or Temporary Protected Status (I-821), as of February 25, 2025. Doc. No. 128-4.

9.      A stated purpose of each of the CHNV parole processes was that, once here, parolees could apply for other forms of relief for which Congress has made them eligible. Doc. No. 24-21 at 3 ("The two-year period will also enable individuals to seek humanitarian relief or other immigration benefits for which they may be eligible"); Doc. No. 24-24 at 3 (same); Doc. No. 24-25 at 3 (same); Doc. No. 24-23 at 4 (same, plus specifically mentioning the Cuban Adjustment Act, which permits paroled Cubans to adjust to lawful permanent residence after one year); *see also* Doc. Nos. 128-2 & 128-3 ("Ukraine & CHNV Parolee Immigrant Benefit Tracking").

**The Administrative Record**

10.    The Administrative Record ("AR") that Defendants produced for the March 25, 2025 Federal Register notice ending the CHNV parole processes has 68 entries consisting of two native format Excel spreadsheets and 66 documents in PDF format totaling 840 pages. *See* Doc. No. 128-1.

11.    Of the 66 PDF documents in the AR, 58 were already publicly available either because they were filed on the docket in this case, printed in the Federal Register, or otherwise made publicly available online (on news sites, for example). Doc. No. 128-1; *compare* id. *with* Doc. Nos. 24-21, 24-22, 24-23, 24-24, 24-44, 24-45, 41-1, 41-3, and 71-1.[1]

12.    Just 8 of the PDF documents in the AR (totaling 162 pages) contain information that was not publicly available when Defendants produced the AR. Doc. Nos. 128-2, -3, -6, -7, -9, -10, -12, and -13.

13.    The AR has no information about country conditions in Cuba. Doc. No. 128-1.

14.    The AR has no information about country conditions in Haiti. Doc. No. 128-1.

15.    The AR has no information about country conditions in Nicaragua. Doc. No. 128-1.

16.    The AR has no information about country conditions in Venezuela. Doc. No. 128-1.

17.    The AR has no information about parolees' compliance with statutory and/or regulatory requirements that they keep DHS updated as to any change to their address. Doc. No. 128-1.

---

[1] Defendants produced a 49-page version of the FRN, CHNV-FRN-154, whereas Document 71-1 is 12 pages.

18.    The index of the certified administrative record for DHS's *Implementation of a Parole Process for Cubans*, 88 Fed. Reg. 1,266 (Jan. 9, 2023), has 100 entries. Doc. No. 128-14.

19.    None of the 100 entries in the index of the certified administrative record for DHS's *Implementation of a Parole Process for Cubans*, 88 Fed. Reg. 1,266 (Jan. 9, 2023), is listed in the index of the certified administrative record for the March 25, 2025 Federal Register Notice terminating that parole process. *Compare* Doc. No. 128-1 *with* 128-14.

20.    The index of the certified administrative record for DHS's *Implementation of a Parole Process for Haitians*, 88 Fed. Reg. 1,243 (Jan. 9, 2023), has 145 entries. Doc. No. 128-15.

21.    None of the 100 entries in the index of the certified administrative record for DHS's *Implementation of a Parole Process for Haitians*, 88 Fed. Reg. 1,243 (Jan. 9, 2023), is listed in the index of the certified administrative record for the March 25, 2025 Federal Register Notice terminating that parole process. *Compare* Doc. No. 128-1 *with* 128-15.

22.    The index of the certified administrative record for DHS's *Implementation of a Parole Process for Nicaraguans*, 88 Fed. Reg. 1,255 (Jan. 9, 2023), has 101 entries. Doc. No. 128-16.

23.    None of the 101 entries in the index of the certified administrative record for DHS's *Implementation of a Parole Process for Nicaraguans*, 88 Fed. Reg. 1,255 (Jan. 9, 2023), is listed in the index of the certified administrative record for the March 25, 2025 Federal Register Notice terminating that parole process. *Compare* Doc. No. 128-1 *with* 128-16.

24.    The index of the certified administrative record for DHS's *Implementation of Changes to the Parole Process for Venezuelans*, 88 Fed. Reg. 1,279 (Jan. 9, 2023), has 105 entries. Doc. No. 128-17.

25.     None of the 105 entries in the index of the certified administrative record for DHS's *Implementation of Changes to the Parole Process for Venezuelans*, 88 Fed. Reg. 1,279 (Jan. 9, 2023), is listed in the index of the certified administrative record for the March 25, 2025 Federal Register Notice terminating that parole process. *Compare* Doc. No. 128-1 *with* 128-17.

**Secretary Noem's Decision to Mass Truncate CHNV Parole**

26.     Since the 1950s, there have been at least 125 parole processes similar to the CHNV parole processes. *See* Doc. No. 24-38 (listing them).

27.     Although the federal government has ended similar parole processes before, it has never before truncated or cut short existing grants of parole *en masse*. Doc. No. 71-1 (March 25 FRN), 90 Fed. Reg. at 13619-20.

28.     DHS employees had authorized each CHNV parolee, on a case-by-case basis, to travel to an airport in United States to request parole. Doc. No. 71-1 (March 25 FRN), 90 Fed. Reg. at 13611; Docs. No. 24-21 through 24-25 (Federal Register notice for each parole process); Doc. No. 128-12 (I-134A Review's Guide) at 32; Doc. No. 196-1 (Nuñez-Neto Decl.) ¶¶ 17, 19.

29.     Once each individual flew to an airport in the United States, that individual was inspected by one or more DHS employees who determined, on a case-by-case basis, that that individual warranted a grant of parole. Doc. No. 71-1 (March 25 FRN), 90 Fed. Reg. at 13617; Docs. No. 24-21 through 24-25 (Federal Register notice for each parole process); Doc. No. 128-6; Doc. No. 128-12 (I-134A Review's Guide) at 32; Doc. No. 153-1 (I-134A for Ana Doe); Doc. No. 196-1 (Nuñez-Neto Decl.) ¶¶ 17, 19; Doc. No. 196-2 (Nuñez-Neto Supp. Decl.) ¶ 3.

30.     DHS employees denied a significant number of parole requests of CHNV nationals who had been granted authorization to fly to a port of entry to request it. Doc. No. 128-6.

5

31.     When deciding to truncate all unexpired grants of CHNV parole, Secretary Noem did not consider the record that was before the agency when agency employees authorized those individuals, on a case-by-case basis, to travel to the United States to request parole at an interior port of entry. Doc. No. 128-1 (AR index); Doc. No. 128-12 (I-134A Review's Guide) at 32; Doc. No. 153-1 (I-134A for Ana Doe); Doc. No. 140 at 16.

32.     When deciding to truncate all unexpired grants of CHNV parole, Secretary Noem did not consider the record that was before the agency when agency employees determined, on a case-by-case basis, that each of those parolees warranted a discretionary grant of parole. Doc. No. 128-1 (AR index); Doc. No. 128-12 (I-134A Review's Guide) at 32; Doc. No. 153-1 (I-134A for Ana Doe); Doc. No. 140 at 16; Doc. No. 196-1 (Nuñez-Neto Decl.) ¶ 17; Doc. No. 196-2 (Nuñez-Neto Supp. Decl.) ¶ 3.

33.     When deciding to truncate all unexpired grants of CHNV parole, Secretary Noem's intended purpose was that the parolees leave the United States and abandon any pending applications for immigration relief. Doc. No. 71-1 (March 25 FRN), 90 Fed. Reg. at 13618-19; Doc. No. 140 at 11-12.

34.     DHS's position under Secretary Noem is that it has the legal authority to subject CHNV parolees to expedited removal as "arriving aliens," and no matter how long they have been in the United States. *See, e.g.*, Doc. No. 140 at 13; Doc. No. 89 at 12 n.4.

35.     Prior to the current Administration, DHS had not subjected noncitizens who had been paroled into the country to expedited removal under 8 U.S.C. § 1225(b)(1)(A)(iii)(II). *See* 8 C.F.R. § 235.3(b)(6) (explaining that if subjected to expedited removal, the noncitizen "will be given a reasonable opportunity to establish to the satisfaction of the examining immigration officer that he or she was admitted or paroled into the United States following inspection at a port-of-

entry," and that a noncitizen "who cannot satisfy the examining officer that he or she was lawfully admitted or paroled will be ordered removed pursuant to [expedited removal, 8 U.S.C. § 1225(b)(1)]."

36.    As of August 1, 2025, DHS had granted a new period of parole to just two former CHNV parolees. Defs.' 28(j) Letter, *Doe v. Noem*, No. 25-1384 (1st Cir. Aug. 1, 2025).

Dated: November 10, 2025

Esther H. Sung (*pro hac vice*)
Karen C. Tumlin (*pro hac vice*)
Hillary Li (*pro hac vice*)
Laura Flores-Perilla (*pro hac vice*)
Brandon Galli-Graves (*pro hac vice*)
**JUSTICE ACTION CENTER**
P.O. Box 27280
Los Angeles, CA 90027
Telephone: (323) 450-7272
esther.sung@justiceactioncenter.org
karen.tumlin@justiceactioncenter.org
hillary.li@justiceactioncenter.org
laura.flores-perilla@justiceactioncenter.org
brandon.galli-graves@justiceactioncenter.org

Anwen Hughes (*pro hac vice*)
Inyoung Hwang (*pro hac vice*)
**HUMAN RIGHTS FIRST**
75 Broad St., 31st Fl.
New York, NY 10004
Telephone: (212) 845-5244
HughesA@humanrightsfirst.org

Robert Stout (*pro hac vice*)
Sarah Elnahal (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
250 West 55th Street
New York, NY 10019-9710
Telephone: (212) 836-8000
rob.stout@arnoldporter.com
sarah.elnahal@arnoldporter.com

Respectfully submitted,

*/s/ Justin B. Cox*
Justin B. Cox (*pro hac vice*)
**LAW OFFICE OF JUSTIN B. COX**
*JAC Cooperating Attorney*
PO Box 1106
Hood River, OR 97031
(541) 716-1818
justin@jcoxconsulting.org

John A. Freedman (BBO#629778)
Laura Shores (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Ave, NW
Washington, D.C. 20001-3743
Telephone: (202) 942-5316
john.freedman@arnoldporter.com
laura.shores@arnoldporter.com

H. Tiffany Jang (BBO#691380)
**ARNOLD & PORTER KAYE SCHOLER LLP**
200 Clarendon Street, Fl. 53
Boston, MA 02116
Telephone: (617) 351-8053
tiffany.jang@arnoldporter.com

Daniel B. Asimow (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
Three Embarcadero Center
10th Floor
San Francisco, CA 94111-4024
Telephone: (415) 471-3142
daniel.asimow@arnoldporter.com

*Attorneys for Plaintiffs*

8

**CERTIFICATE OF SERVICE**

I, Justin B. Cox, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: November 10, 2025

/s/ Justin B. Cox
Justin B. Cox