BRETT A. SHUMATE
*Assistant Attorney General*

DREW C. ENSIGN
*Deputy Assistant Attorney General*

KATHERINE J. SHINNERS
*Senior Litigation Counsel*

ELISSA FUDIM
*Trial Attorneys*

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Tel: (202) 598-6073
Email: elissa.p.fudim@usdoj.gov

*Counsel for Defendants*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Svitlana Doe, *et al.*, | Civil Action No. 1:25-cv-10495 |
| Plaintiffs, | |
| v. | |
| Kristi Noem, in her official capacity as Secretary of Homeland Security, *et al.*, | |
| Defendants. | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
STATEMENT OF UNCONTESTED FACTS**

Defendants hereby respond to Plaintiffs' Statement of Uncontested Facts (Doc. No. 197) pursuant to Local Rule 56.1. In doing so, Defendants note that in an Administrative Procedure Act (APA) case, such as this, a Court's "review is properly confined to the administrative record" and

"there are no disputed issues of fact for the court to resolve." *Orndorf v. Paul Revere Life Ins. Co.*, 404 F.3d 510, 518 (1st Cir. 2005).

1. Secretary Noem's mass truncation of parole cut short the parole of eight individual Plaintiffs. Alejandro Doe Decl., Doc. No. 24-1; Carlos Doe. Decl., Doc. No. 24-4; Miguel Doe Decl., Doc. No. 64-4; Lucia Doe Decl., Doc. No. 64-3; Ana Doe Decl., Doc. No. 24-2; Armando Doe. Decl., Doc. No. 24-3; Daniel Doe Decl., Doc. No. 64-5; Andrea Doe Decl., Doc. No. 27-1.

**Response: Admit except note that the Secretary "terminated" parole; she did not "truncate" it. 90 Fed. Reg. at 13611.**

2. Secretary Noem's mass truncation of parole cut short the parole of individuals sponsored by five of the individual sponsors. Gabriela Doe Decl., Doc. No. 64-6; Norma Lorena Dus Decl., Doc. No. 71-2; Sandra McAnany Decl., Doc. No. 24-9; Kyle Varner Decl., Doc. No. 24-10; Wilhen Pierre Victor Decl., Doc. No. 24-11.

**Response: Admit except note that the Secretary "terminated" parole; she did not "truncate" it. 90 Fed. Reg. at 13611.**

3. Plaintiff Haitian Bridge Alliance is a non-profit organization dedicated to serving the needs of Haitian migrants in the United States, including parolees. Decl. of Guerline Jozef on behalf of Plaintiff Haitian Bridge Alliance, Doc. No. 71-3.

**Response: Defendants have no basis to dispute.**

4. Through the Federal Register notice published on March 25, 2025, Doc. No. 71-1, Secretary Noem cut short the parole of at least 426,151 individuals, which is the number of people whose parole would have expired on or after May 1, 2025. See Doc. No. 128-4.

**Response: Defendants admit that there were about 426,151 aliens whose parole under the CHNV parole programs was initially scheduled to expire on or after May 1, 2025,** *see* **Doc.**

**No. 128-4, but otherwise dispute this statement,** *see* **Doc. No. 97 (temporarily staying the effective date of the termination);** *Noem v. Doe***, 145 S.Ct. 1524 (U.S. May 30, 2025) (staying the district court's order);** *infra* **¶ 7 (acknowledging that some of these aliens had departed the United States, which automatically terminates parole under 8 C.F.R. § 212.5(e)(1)(i)).**

5. Of those 426,151 individuals, 4,390 had acquired some form of permanent immigration status as of February 25, 2025. Doc. No. 128-4.

**Response: Admit.**

6. Of those 426,151 individuals, 51,828 had Temporary Protected Status as of February 25, 2025. Doc. No. 128-4.

**Response: Admit.**

7. Of those 426,151 individuals, 4,628 had departed the United States as of February 25, 2025. Doc. No. 128-4.

**Response: Admit.**

8. Of those 426,151 individuals, 212,542 had an application pending for either adjustment of status (I-485), asylum (I-589), or Temporary Protected Status (I-821), as of February 25, 2025. Doc. No. 128-4.

**Response: Admit.**

9. A stated purpose of each of the CHNV parole processes was that, once here, parolees could apply for other forms of relief for which Congress has made them eligible. Doc. No. 24-21 at 3 ("The two-year period will also enable individuals to seek humanitarian relief or other immigration benefits for which they may be eligible"); Doc. No. 24-24 at 3 (same); Doc. No. 24-25 at 3 (same); Doc. No. 24-23 at 4 (same, plus specifically mentioning the Cuban Adjustment

Act, which permits paroled Cubans to adjust to lawful permanent residence after one year); see also Doc. Nos. 128-2 & 128-3 ("Ukraine & CHNV Parolee Immigrant Benefit Tracking").

**Response: Defendants state that the cited Federal Register Notices speak for themselves. To the extent a further response is required, Defendants deny that a "stated purpose" of the CHNV parole programs was that, once here, parolees could apply for other forms of relief for which Congress has made them eligible, but admit that the Federal Register Notices pertaining to the CHNV parole programs state that the two-year parole period will enable parolees to seek humanitarian relief or other benefits for which they may be eligible.** *See e.g.* **24-21 at pg. 3, 24-24 at pg. 3. Defendants refer the Court to the four Federal Register notices for a full and accurate recitation of their contents.**

10. The Administrative Record ("AR") that Defendants produced for the March 25, 2025 Federal Register notice ending the CHNV parole processes has 68 entries consisting of two native format Excel spreadsheets and 66 documents in PDF format totaling 840 pages. See Doc. No. 128-1.

**Response: Admit.**

11. Of the 66 PDF documents in the AR, 58 were already publicly available either because they were filed on the docket in this case, printed in the Federal Register, or otherwise made publicly available online (on news sites, for example). Doc. No. 128-1; *compare id. with Doc. Nos. 24-21, 24-22, 24-23, 24-24, 24-44, 24-45, 41-1, 41-3, and 71-1.*

**Response: Admit.**

12. Just 8 of the PDF documents in the AR (totaling 162 pages) contain information that was not publicly available when Defendants produced the AR. Doc. Nos. 128-2, -3, -6, -7, -9, -10, -12, and -13.

**Response: Admit.**

13. The AR has no information about country conditions in Cuba. Doc. No. 128-1.

**Response: Defendants decline to characterize, summarize, or otherwise describe the documents in the administrative record, as they speak for themselves, and must be assessed on their face.** *Seafreeze Shoreside, Inc. v. United States Dep't of the Interior*, **No. 1:22-CV-11091-IT, 2023 WL 6691015, at \*5 (D. Mass. Oct. 12, 2023),** *aff'd*, **123 F.4th 1 (1st Cir. 2024) (On a motion for summary judgment governed by the APA, "[t]he court looks directly to the Administrative Record [] rather than the parties' characterizations of the Administrative Record.").**

14. The AR has no information about country conditions in Haiti. Doc. No. 128-1.

**Response: See response to No. 13.**

15. The AR has no information about country conditions in Nicaragua. Doc. No. 128-1.

**Response: See response to No. 13.**

16. The AR has no information about country conditions in Venezuela. Doc. No. 128-1.

**Response: See response to No. 13.**

17. The AR has no information about parolees' compliance with statutory and/or regulatory requirements that they keep DHS updated as to any change to their address. Doc. No. 128-1.

**Response: Admit.**

18. The index of the certified administrative record for DHS's Implementation of a Parole Process for Cubans, 88 Fed. Reg. 1,266 (Jan. 9, 2023), has 100 entries. Doc. No. 128-14.

**Response: Defendants object to this paragraph as citing to facts outside the administrative record. For motions for summary judgment, under the APA, the Court's review "is limited to the administrative record." *Lovgren v. Locke*, 701 F.3d 5, 20 (1st Cir. 2012); *Seafreeze Shoreside, Inc. v. United States Dep't of the Interior*, No. 1:22-CV-11091-IT, 2023 WL 6691015, at \*5 (D. Mass. Oct. 12, 2023), *aff'd*, 123 F.4th 1 (1st Cir. 2024) (declining to consider documents cited to in a Local Rule 56.1 Statement, where those documents were not part of the Administrative Record and the offering party never moved to supplement the record.). To the extent a response is required, admit.**

19. None of the 100 entries in the index of the certified administrative record for DHS's Implementation of a Parole Process for Cubans, 88 Fed. Reg. 1,266 (Jan. 9, 2023), is listed in the index of the certified administrative record for the March 25, 2025 Federal Register Notice terminating that parole process. Compare Doc. No. 128-1 with 128-14.

**Response: Defendants object to this paragraph as citing to facts outside the administrative record. For motions for summary judgment, under the APA, the Court's review "is limited to the administrative record." *Lovgren v. Locke*, 701 F.3d 5, 20 (1st Cir. 2012); *Seafreeze Shoreside, Inc. v. United States Dep't of the Interior*, No. 1:22-CV-11091-IT, 2023 WL 6691015, at \*5 (D. Mass. Oct. 12, 2023), *aff'd*, 123 F.4th 1 (1st Cir. 2024) (declining to consider documents cited to in a Local Rule 56.1 Statement, where those documents were not part of the Administrative Record and the offering party never moved to supplement the record.). To the extent a response is required, admit.**

20. The index of the certified administrative record for DHS's Implementation of a Parole Process for Haitians, 88 Fed. Reg. 1,243 (Jan. 9, 2023), has 145 entries. Doc. No. 128-15.

**Response: Defendants object to this paragraph as citing to facts outside the administrative record. For motions for summary judgment, under the APA, the Court's review "is limited to the administrative record."** *Lovgren v. Locke*, **701 F.3d 5, 20 (1st Cir. 2012);** *Seafreeze Shoreside, Inc. v. United States Dep't of the Interior*, **No. 1:22-CV-11091-IT, 2023 WL 6691015, at \*5 (D. Mass. Oct. 12, 2023),** *aff'd*, **123 F.4th 1 (1st Cir. 2024) (declining to consider documents cited to in a Local Rule 56.1 Statement, where those documents were not part of the Administrative Record and the offering party never moved to supplement the record.). To the extent a response is required, admit.**

21. None of the 100 entries in the index of the certified administrative record for DHS's Implementation of a Parole Process for Haitians, 88 Fed. Reg. 1,243 (Jan. 9, 2023), is listed in the index of the certified administrative record for the March 25, 2025 Federal Register Notice terminating that parole process. Compare Doc. No. 128-1 with 128-15.

**Response: Defendants object to this paragraph as citing to facts outside the administrative record. For motions for summary judgment, under the APA, the Court's review "is limited to the administrative record."** *Lovgren v. Locke*, **701 F.3d 5, 20 (1st Cir. 2012);** *Seafreeze Shoreside, Inc. v. United States Dep't of the Interior*, **No. 1:22-CV-11091-IT, 2023 WL 6691015, at \*5 (D. Mass. Oct. 12, 2023),** *aff'd*, **123 F.4th 1 (1st Cir. 2024) (declining to consider documents cited to in a Local Rule 56.1 Statement, where those documents were not part of the Administrative Record and the offering party never moved to supplement the record.). To the extent a response is required, admit.**

22. The index of the certified administrative record for DHS's Implementation of a Parole Process for Nicaraguans, 88 Fed. Reg. 1,255 (Jan. 9, 2023), has 101 entries. Doc. No. 128-16.

**Response: Defendants object to this paragraph as citing to facts outside the administrative record. For motions for summary judgment, under the APA, the Court's review "is limited to the administrative record."** *Lovgren v. Locke*, **701 F.3d 5, 20 (1st Cir. 2012);** *Seafreeze Shoreside, Inc. v. United States Dep't of the Interior*, **No. 1:22-CV-11091-IT, 2023 WL 6691015, at \*5 (D. Mass. Oct. 12, 2023),** *aff'd*, **123 F.4th 1 (1st Cir. 2024) (declining to consider documents cited to in a Local Rule 56.1 Statement, where those documents were not part of the Administrative Record and the offering party never moved to supplement the record.). To the extent a response is required, admit.**

       23. None of the 101 entries in the index of the certified administrative record for DHS's Implementation of a Parole Process for Nicaraguans, 88 Fed. Reg. 1,255 (Jan. 9, 2023), is listed in the index of the certified administrative record for the March 25, 2025 Federal Register Notice terminating that parole process. Compare Doc. No. 128-1 with 128-16.

**Response: Defendants object to this paragraph as citing to facts outside the administrative record. For motions for summary judgment, under the APA, the Court's review "is limited to the administrative record."** *Lovgren v. Locke*, **701 F.3d 5, 20 (1st Cir. 2012);** *Seafreeze Shoreside, Inc. v. United States Dep't of the Interior*, **No. 1:22-CV-11091-IT, 2023 WL 6691015, at \*5 (D. Mass. Oct. 12, 2023),** *aff'd*, **123 F.4th 1 (1st Cir. 2024) (declining to consider documents cited to in a Local Rule 56.1 Statement, where those documents were not part of the Administrative Record and the offering party never moved to supplement the record.). To the extent a response is required, admit.**

       24. The index of the certified administrative record for DHS's Implementation of Changes to the Parole Process for Venezuelans, 88 Fed. Reg. 1,279 (Jan. 9, 2023), has 105 entries. Doc. No. 128-17.

**Response: Defendants object to this paragraph as citing to facts outside the administrative record. For motions for summary judgment, under the APA, the Court's review "is limited to the administrative record."** *Lovgren v. Locke*, **701 F.3d 5, 20 (1st Cir. 2012);** *Seafreeze Shoreside, Inc. v. United States Dep't of the Interior*, **No. 1:22-CV-11091-IT, 2023 WL 6691015, at \*5 (D. Mass. Oct. 12, 2023),** *aff'd*, **123 F.4th 1 (1st Cir. 2024) (declining to consider documents cited to in a Local Rule 56.1 Statement, where those documents were not part of the Administrative Record and the offering party never moved to supplement the record.). To the extent a response is required, admit.**

25. None of the 105 entries in the index of the certified administrative record for DHS's Implementation of Changes to the Parole Process for Venezuelans, 88 Fed. Reg. 1,279 (Jan. 9, 2023), is listed in the index of the certified administrative record for the March 25, 2025 Federal Register Notice terminating that parole process. Compare Doc. No. 128-1 with 128-17.

**Response: Defendants object to this paragraph as citing to facts outside the administrative record. For motions for summary judgment, under the APA, the Court's review "is limited to the administrative record."** *Lovgren v. Locke*, **701 F.3d 5, 20 (1st Cir. 2012);** *Seafreeze Shoreside, Inc. v. United States Dep't of the Interior*, **No. 1:22-CV-11091-IT, 2023 WL 6691015, at \*5 (D. Mass. Oct. 12, 2023),** *aff'd*, **123 F.4th 1 (1st Cir. 2024) (declining to consider documents cited to in a Local Rule 56.1 Statement, where those documents were not part of the Administrative Record and the offering party never moved to supplement the record.). To the extent a response is required, admit.**

26. Since the 1950s, there have been at least 125 parole processes similar to the CHNV parole processes. See Doc. No. 24-38 (listing them)

**Response: Defendants object to this paragraph as citing to facts outside the administrative record. For motions for summary judgment, under the APA, the Court's review "is limited to the administrative record." *Lovgren v. Locke*, 701 F.3d 5, 20 (1st Cir. 2012); *Seafreeze Shoreside, Inc. v. United States Dep't of the Interior*, No. 1:22-CV-11091-IT, 2023 WL 6691015, at \*5 (D. Mass. Oct. 12, 2023), *aff'd*, 123 F.4th 1 (1st Cir. 2024) (declining to consider documents cited to in a Local Rule 56.1 Statement, where those documents were not part of the Administrative Record and the offering party never moved to supplement the record.). To the extent a response is required, deny. Plaintiffs' characterization of the CHNV parole programs as "similar to" a list of 125 other programs is vague and ambiguous. Further, Plaintiffs cites a list of the names of 125 programs with no other details of the program to support their conclusion.**

      27. Although the federal government has ended similar parole processes before, it has never before truncated or cut short existing grants of parole en masse. Doc. No. 71-1 (March 25 FRN), 90 Fed. Reg. at 13619-20.

**Response: Deny. Plaintiffs' reference to "similar parole processes" is vague and ambiguous. Further, the document Plaintiffs point to—the Federal Register Notice terminating parole granted under the CHNV parole programs—does not stand for the proposition for which it is cited, and this sentence appears to refer to facts outside the administrative record. For motions for summary judgment, under the APA, the Court's review "is limited to the administrative record." *Lovgren v. Locke*, 701 F.3d 5, 20 (1st Cir. 2012); *Seafreeze Shoreside, Inc. v. United States Dep't of the Interior*, No. 1:22-CV-11091-IT, 2023 WL 6691015, at \*5 (D. Mass. Oct. 12, 2023), *aff'd*, 123 F.4th 1 (1st Cir. 2024) (declining to consider documents cited**

to in a Local Rule 56.1 Statement, where those documents were not part of the Administrative Record and the offering party never moved to supplement the record.).

28. DHS employees had authorized each CHNV parolee, on a case-by-case basis, to travel to an airport in United States to request parole. Doc. No. 71-1 (March 25 FRN), 90 Fed. Reg. at 13611; Docs. No. 24-21 through 24-25 (Federal Register notice for each parole process); Doc. No. 128-12 (I-134A Review's Guide) at 32; Doc. No. 196-1 (Nuñez-Neto Decl.) ¶¶ 17, 19.

**Response: Defendants object to this paragraph as citing to facts outside the administrative record. For motions for summary judgment, under the APA, the Court's review "is limited to the administrative record."** *Lovgren v. Locke*, **701 F.3d 5, 20 (1st Cir. 2012);** *Seafreeze Shoreside, Inc. v. United States Dep't of the Interior*, **No. 1:22-CV-11091-IT, 2023 WL 6691015, at \*5 (D. Mass. Oct. 12, 2023),** *aff'd*, **123 F.4th 1 (1st Cir. 2024) (declining to consider documents cited to in a Local Rule 56.1 Statement, where those documents were not part of the Administrative Record and the offering party never moved to supplement the record.). To the extent a response is required, admit.**

29. Once each individual flew to an airport in the United States, that individual was inspected by one or more DHS employees who determined, on a case-by-case basis, that that individual warranted a grant of parole. Doc. No. 71-1 (March 25 FRN), 90 Fed. Reg. at 13617; Docs. No. 24-21 through 24-25 (Federal Register notice for each parole process); Doc. No. 128-6; Doc. No. 128-12 (I-134A Review's Guide) at 32; Doc. No. 153-1 (I-134A for Ana Doe); Doc. No. 196-1 (Nuñez-Neto Decl.) ¶¶ 17, 19; Doc. No. 196-2 (Nuñez-Neto Supp. Decl.) ¶ 3.

**Response: Defendants object to this paragraph to the extent it relies on materials that are outside the record. For motions for summary judgment, under the APA, the Court's review "is limited to the administrative record."** *Lovgren v. Locke*, **701 F.3d 5, 20 (1st Cir. 2012);**

*Seafreeze Shoreside, Inc. v. United States Dep't of the Interior*, No. 1:22-CV-11091-IT, 2023 WL 6691015, at *5 (D. Mass. Oct. 12, 2023), *aff'd*, 123 F.4th 1 (1st Cir. 2024) (declining to consider documents cited to in a Local Rule 56.1 Statement, where those documents were not part of the Administrative Record and the offering party never moved to supplement the record.). Defendants also object that this paragraph also is a characterization of the law, and is not a statement of fact, and thus is not properly included in a Rule 56.1 Statement. Statements regarding the law or legal argument are also not properly a part of a LR. 56.1 statement of facts. *Latimore v. Trotman*, No. CV 14-13378-MBB, 2021 WL 5763009, at *7 (D. Mass. Dec. 3, 2021). Admit that this sentence generally describes the process of inspection and a grant of parole, but deny any implication that the cited documents support the assertion that each DHS employee who granted parole engaged in an individualized assessment of urgent humanitarian reasons or significant public benefit.

30. DHS employees denied a significant number of parole requests of CHNV nationals who had been granted authorization to fly to a port of entry to request it. Doc. No. 128-6.

**Response: Deny. The document cited by Plaintiffs does not stand for the proposition cited. Further, the phrase "significant number" is vague and ambiguous.**

31. When deciding to truncate all unexpired grants of CHNV parole, Secretary Noem did not consider the record that was before the agency when agency employees authorized those individuals, on a case-by-case basis, to travel to the United States to request parole at an interior port of entry. Doc. No. 128-1 (AR index); Doc. No. 128-12 (I-134A Review's Guide) at 32; Doc. No. 153-1 (I-134A for Ana Doe); Doc. No. 140 at 16.

**Response: Admit. However, Defendants deny any implication that the cited documents support the assertion that DHS employees who authorized individual aliens to travel to the**

**United States engaged in an individualized assessment of urgent humanitarian reasons or significant public benefit before the alien arrived at a port of entry to request parole. The CHNV parole program FRNs also stand on their own for their conclusions, which were addressed in the CHNV termination FRN. Also note that the Secretary "terminated" parole; she did not "truncate" it. 90 Fed. Reg. At 13611.**

32. When deciding to truncate all unexpired grants of CHNV parole, Secretary Noem did not consider the record that was before the agency when agency employees authorized those individuals, on a case-by-case basis, that each of those parolees warranted a discretionary grant of parole. Doc. No. 128-1 (AR index); Doc. No. 128-12 (I-134A Review's Guide) at 32; Doc. No. 153-1 (I-134A for Ana Doe); Doc. No. 140 at 16.

**Response: Deny. 90 Fed. Reg. at 13611-19. Defendants also deny any implication that the cited documents support the assertion that each DHS employee who granted parole engaged in an individualized assessment of urgent humanitarian reasons or significant public benefit.**

33. When deciding to truncate all unexpired grants of CHNV parole, Secretary Noem's intended purpose was that the parolees leave the United States and abandon any pending applications for immigration relief. Doc. No. 71-1 (March 25 FRN), 90 Fed. Reg. at 13618-19; Doc. No. 140 at 11-12.

**Response: Admit that a purpose of terminating parole was to encourage parolees to leave the United States. Deny that the intended purpose of parole termination was that parolees abandon any pending applications for immigration benefits. The documents cited by Plaintiffs do not support the statement. Doc. No. 71-1 (March 25 FRN), 90 Fed. Reg. at 13618-19; Doc. No. 140 at 11-12.**

34. DHS's position under Secretary Noem is that it has the legal authority to subject CHNV parolees to expedited removal as "arriving aliens," and no matter how long they have been in the United States. See, e.g., Doc. No. 140 at 13; Doc. No. 89 at 12 n.4.

**Response: This paragraph alleges a legal position taken in this matter, and is not a statement of fact, and thus is not properly included in a Rule 56.1 Statement. Statements regarding the law or legal argument are also not properly a part of a LR. 56.1 statement of facts.** *Latimore v. Trotman*, **No. CV 14-13378-MBB, 2021 WL 5763009, at \*7 (D. Mass. Dec. 3, 2021). To the extent a response is required, admit.**

35. Prior to the current Administration, DHS had not subjected noncitizens who had been paroled into the country to expedited removal under 8 U.S.C. § 1225(b)(1)(A)(iii)(II). *See* 8 C.F.R. § 235.3(b)(6) (explaining that if subjected to expedited removal, the noncitizen "will be given a reasonable opportunity to establish to the satisfaction of the examining immigration officer that he or she was admitted or paroled into the United States following inspection at a port-of-entry," and that a noncitizen "who cannot satisfy the examining officer that he or she was lawfully admitted or paroled will be ordered removed pursuant to [expedited removal, 8 U.S.C. § 1225(b)(1)]."

**Response: Defendants object to this paragraph as citing to facts outside the administrative record. For motions for summary judgment, under the APA, the Court's review "is limited to the administrative record."** *Lovgren v. Locke*, **701 F.3d 5, 20 (1st Cir. 2012);** *Seafreeze Shoreside, Inc. v. United States Dep't of the Interior*, **No. 1:22-CV-11091-IT, 2023 WL 6691015, at \*5 (D. Mass. Oct. 12, 2023),** *aff'd,* **123 F.4th 1 (1st Cir. 2024) (declining to consider documents cited to in a Local Rule 56.1 Statement, where those documents were not part of the Administrative Record and the offering party never moved to supplement the record.).**

**Defendants also object that this paragraph also is a characterization of the law, and is not a statement of fact, and thus is not properly included in a Rule 56.1 Statement. Statements regarding the law or legal argument are also not properly a part of a LR. 56.1 statement of facts.** *Latimore v. Trotman*, No. CV 14-13378-MBB, 2021 WL 5763009, at *7 (D. Mass. Dec. 3, 2021). **To the extent a response is required, Defendants deny.**

36. As of August 1, 2025, DHS had granted a new period of parole to just two former CHNV parolees. Defs.' 28(j) Letter, Doe v. Noem, No. 25-1384 (1st Cir. Aug. 1, 2025).

**Response: Defendants object to this paragraph as citing to facts outside the administrative record. For motions for summary judgment, under the APA, the Court's review "is limited to the administrative record."** *Lovgren v. Locke*, 701 F.3d 5, 20 (1st Cir. 2012); *Seafreeze Shoreside, Inc. v. United States Dep't of the Interior*, No. 1:22-CV-11091-IT, 2023 WL 6691015, at *5 (D. Mass. Oct. 12, 2023), *aff'd*, 123 F.4th 1 (1st Cir. 2024) **(declining to consider documents cited to in a Local Rule 56.1 Statement, where those documents were not part of the Administrative Record and the offering party never moved to supplement the record.). To the extent a response is required, Defendants admit.**


DATED: November 25, 2025        Respectfully submitted

                                By: /s/ *Elissa Fudim*
                                ELISSA FUDIM
                                Trial Attorney
                                U.S. Department of Justice, Civil Division
                                Office of Immigration Litigation
                                *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 25, 2025, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which provided an electronic notice and electronic link of the same to all attorneys of record.

>*/s/ Elissa P. Fudim*
>Elissa P. Fudim
>Trial Attorney
>United States Department of Justice Civil Division