**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SVITLANA DOE, et al.,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, et al.,<br><br>　　　　　　Defendants. | Civil Action No.: 1:25-cv-10495-IT |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT (Doc. No. 212)**

## INTRODUCTION

Plaintiffs submit this Memorandum of Law in Support of their Motion for Leave to File a Third Amended Complaint. Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure ("FRCP"), Plaintiffs respectfully request the Court's approval to amend their Second Amended Complaint ("SAC") (Doc. No. 68) to address two agency actions which post-date the SAC but which are relevant to this action because they implicate the same issues already being litigated in the case: 1) the immediate and indefinite suspension of the processing of parole-related applications, and 2) the premature termination of certain parole processes and existing grants of parole. Plaintiffs' proposed Third Amended Complaint is **Exhibit A** (Doc. No. 212-1) to their Moton, and **Exhibit B** (Doc. No. 212-2) is a redline copy as against the SAC. As part of its amendments, Plaintiffs seek leave to add additional plaintiffs as class representatives.[1]

On December 2, 2025, U.S. Citizenship and Immigration Services ("USCIS") issued a policy memorandum calling for an immediate hold on the processing of all asylum applications irrespective of nationality and an immediate hold on the processing of benefit requests for individuals who were born in or are nationals of any 19 countries separately targeted by President Trump vis-à-vis a presidential proclamation executed on June 4, 2025 - Presidential Proclamation 10949. *See* USCIS, Policy Memorandum: "Hold and Review of all Pending Asylum Applications and all USCIS Benefit Applications Filed by Aliens from High-Risk Countries", PM-602-0192 (Dec. 2, 2025) ("Dec. 2 USCIS Memo" or "Memo"). The Memo calls for a hold on the processing of applications pending "comprehensive review" and for a "comprehensive re-review of [already] approved benefit requests". *Id*.

---

[1] Plaintiffs also wish to substitute certain individual defendants named in their official capacity with other personnel given staffing changes at the relevant agencies. *See* Fed. R. Civ. P. 25(d).

On December 15, 2025, the Department of Homeland Security ("DHS") published a Federal Register Notice terminating certain family reunification parole processes and, effective January 14, 2026, prematurely terminating valid grants of parole issued under nine family reunification parole processes to nationals of Colombia, Cuba, Ecuador, El Salvador, Guatemala, Haiti, and Honduras and their immediate family members. *See* Termination of Family Reunification Parole Processes for Colombians, Cubans, Ecuadorians, Guatemalans, Haitians, Hondurans, and Salvadorans, 90 Fed. Reg. 58032 (Dec. 15, 2025) ("FRP FRN"). The FRP FRN also revokes work authorizations issued to the same parolees. *Id*. The FRP FRN makes clear that DHS "intends to promptly remove aliens" who entered under these parole programs "and who stay in the United States beyond their parole termination date with no lawful basis to remain[.]" *Id*. at 58043.

Because of the urgent need to address the Dec. 2 USCIS Memo and the FRP FRN, Plaintiffs seek leave to amend the SAC. Indeed, their reasons for doing so are entirely valid. Both the Memo and the FRP FRN implicate the same problematic conduct already at issue in the litigation – the unlawful suspension in processing of parole-related applications, the premature termination of parole processes, and the unlawful early termination of existing grants of parole. It is clear that both the Memo and FRP FRN simply constitute new administrative vehicles through which Defendants seek to impermissibly deprive parolees – on an expedited basis – of their right to seek lawful status and benefits. As such, both present the same risks of irreparable harm to Plaintiffs and class members as do the other administrative actions already at issue in the case. Because of this, adjudication of both the Memo and the FRP FRN vis-à-vis amendment of the SAC is both logical and efficient.

There are also no overriding considerations which might warrant denial of the request. First, Plaintiffs did not delay in seeking amendment of the SAC after Defendants issued the Memo and FRP FRN. Second, Plaintiffs' request is not futile given their proposed amendments bear substantive merit. Third, Defendants would not be unduly prejudiced by amendment of the SAC and any burdens they are likely to face in defending against challenges to the Memo and the FRP FRN are wholly justified given they made the decision to issue the Memo and the FRP FRN at this very moment while this litigation is ongoing. Their conduct gave rise to the need for amendment of the SAC, and, as such, any extra effort they may need to expend in defending against Plaintiffs' claims cannot be deemed unjust or unreasonable. And fourth, Plaintiffs seek to amend the SAC in good faith for the sole purpose of protecting their rights and those of class members. For these reasons, the Court should grant Plaintiffs' request.

## BACKGROUND

On February 28, 2025, Plaintiffs filed a complaint challenging both the termination of certain humanitarian parole processes, including Uniting for Ukraine ("U4U") and Operation Allies Welcome ("OAW") as well as parole processes for Cuban, Haitian, Nicaraguan, and Venezuelan nationals ("CHNV Parole"), and the indefinite suspension of adjudication of immigration benefits applications filed by parole beneficiaries of these processes. *See generally* Doc. No. 1. On March 17, 2025, Plaintiffs filed their First Amended Complaint to add plaintiffs, including sponsors and beneficiaries of the Military Parole in Place ("MPIP"), Family Reunification ("FRP"), and Central American Minors ("CAM") parole programs. *See generally* Doc. No. 22.

On March 27, 2025, Plaintiffs filed a Second Amended Complaint adding parties and claims to challenge Defendants' formal termination of parole processes for Cuban, Haitian, Nicaraguan, and Venezuelan nationals ("CHNV Parole"). *See* Doc. Nos. 61, 68. On April 14, 2025,

3

the Court entered an order certifying a class of "[a]ll individuals who have received a grant of parole that is subject to the Termination of Parole Processes for Cubans, Haitians, Nicaraguans, and Venezuelans, 90 Fed. Reg. 13611 (Mar. 25, 2025), rescinding individual grants of parole on a categorical and en masse basis" ("April 14 Order"). *See* Doc. No. 98.

On May 28, 2025, the Court modified its April 14 Order to certify the following class: 1) those already covered by the April 14 Order, 2) "[a]ll individuals who have received humanitarian parole through already established humanitarian parole processes that provide for re-parole, such as the U4U, OAW, FRP, MPIP, and CAM parole processes, with any pending applications for re-parole", 3) "[a]ll individuals who have received humanitarian parole through already established humanitarian parole processes and have a pending application for any additional immigration benefit (besides re-parole)"; and 4) "[a]ll individuals who have a pending application to support any family member for initial parole through the [MPIP] program". *See* Doc. No. 108. On the same day, the Court issued an order staying the challenged agency actions which suspended the processing of all application benefits filed by members of the certified class. *See* Doc. No. 107.

## LEGAL STANDARD

Under Rule 15(a)(2) of the FRCP, courts retain broad discretionary authority to authorize amendment of a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). As the provision instructs courts to "freely give leave [to amend]", the rule is a permissive one. *Id*; *see also Amyndas Pharms., S.A. v. Zealand Pharma A/S*, 48 F.4th 18, 36 (1st Cir. 2022) (noting that "[t]he Civil Rules take a liberal stance toward the amendment of pleadings, consistent with the federal courts' longstanding policy favoring the resolution of disputes on the merits").[2]

---

[2] As cases progress, a more rigorous standard than Rule 15(a)(2) may apply to determinations of a request to amend a complaint. *See Somascan, Inc. v. Philips Med. Sys. Nederland, B.V.*, 714 F.3d 62, 64 (1st Cir. 2013); *Hatch v. Dept. For Children, Youth and Their Families*, 274 F.3d 12,

4

In resolving motions to amend, courts in the First Circuit "examine the totality of the circumstances" and "exercise [their discretionary authority] in light of the pertinent balance of equitable considerations." *Amyndas Pharms., S.A.*, 48 F.4th at 37 (*quoting Quaker State Oil Ref. Corp. v. Garrity Oil Co.*, 884 F.2d 1510, 1517 (1st Cir. 1989)). The reason for seeking amendment must be valid. *See Torres-Estrada v. Cases*, 88 F.4th 14, 26 (1st Cir. 2023). Courts also typically consider whether "undue delay", "futility", "undue prejudice" to the non-moving party, and/or any "bad faith or dilatory motive" on the part of the movant might warrant denying a request to amend a pleading. *See The Hilsinger Co. v. Kleen Concepts, LLC*, 164 F. Supp. 3d 195, 198 (D. Mass. 2016) (*quoting Foman v. Davis*, 371 U.S. 178, 182 (1962)). While the factors considered may vary given context, the predominant focus of analysis under Rule 15's liberal standard is usually "bad faith of the moving party and [] prejudice to the opposing party". *Taitt v. Select Portfolio Servicing, Inc.*, 2:25-cv-00008-LEW, 2025 WL 3238260, at *2 (D. Me. Nov. 20, 2025) (*quoting O'Connell v. Hyatt Hotels of P.R.*, 357 F.3d 152, 155 (1st Cir. 2004)). Plaintiffs' reasons for seeking amendment are valid and none of the considerations that might warrant denial of a request to

---

19 (1st Cir. 2001). Rule 15(a)(2) however remains the applicable standard here because the case remains at the preliminary stage. While Defendants have sought dismissal, *see* Doc. Nos. 113-5, 125, the motion remains pending and Rule 15(a)(2) applies in such instances. *See U.S. ex rel. D'Agostino v. EV3, Inc.*, 802 F.3d 188, 192, 194-5 (1st Cir. 2015). Plaintiffs have also moved for partial summary judgment, *see* Doc Nos. 196, 205, and 209, and while requests to amend can be subject to heightened scrutiny in certain instances when they follow a summary judgment request, *see Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004), such is not the case here because Plaintiffs' proposed amendments address new agency directives which are irrelevant to their existing summary judgment request; it is Plaintiffs and not Defendants who have moved for partial summary judgment; and the request has been made in the early stages of the case before discovery. *See Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996) (noting heightened scrutiny is appropriate when circumstances suggest "an attempt to alter the shape of the case in order to defeat summary judgment" or "to avert imminent defeat"); *Ingle v. Sonesta Int'l Hotels Corp.*, Civil Action No. 1:24-cv-10855-IT, 2025 WL 3228236, at *3 (D. Mass. Nov. 19, 2025) (J. Talwani) (same).

amend are relevant here. Significantly, the facts, claims, and parties that Plaintiffs seek to add address recent agency actions which post-date filing of the SAC.

## ARGUMENT

Validity of a request to amend is generally determined by how reasonable the request is given the circumstances. *See Amyndas Pharms., S.A.*, 48 F.4th at 37; *Torres-Estrada*, 88 F.4th at 26. Here, Plaintiffs' request to amend is undoubtedly reasonable. Plaintiffs do not want to seek amendment – they must. The Dec. 2 USCIS Memo and the FRP FRN constitute the latest attempts by Defendants to deprive Plaintiffs and class members of their right to pursue lawful status and benefits, and to prematurely terminate legitimate parole programs while truncating existing grants of parole validly issued.

The Memo's suspension of the processing of parole-related applications is akin to that provided for in the January 23, 2025 email from former Acting Director of USCIS Jennifer B. Higgins ("Higgins Email") and the February 14, 2025 memorandum by then-Acting Deputy Director of USCIS, Andrew Davidson ("Davidson Memo"). The FRP FRN's termination of family reunification parole and premature termination of existing parole grants mirror that previously undertaken as to CHNV Parole. *See The Termination of Parole Processes for Cubans, Haitians, Nicaraguans, and Venezuelans*, 90 Fed. Reg. 13611 (Mar. 25, 2025). Recognizing the irreparable harms that the Higgins Email, the Davidson Memo, and the termination of CHNV Parole were likely to cause, the Court granted preliminary relief staying their immediate enforcement. *See* Doc. Nos. 97, 107. The Dec. 2 USCIS Memo and the FRP FRN effectively pose the same risks of causing immediate, irreparable harm to Plaintiffs and class members. For this reason alone, Plaintiffs seek to amend the SAC. There is unquestionably a need to do so in order to safeguard against the very risks that Plaintiffs' existing allegations and claims in the SAC are intended to address.

6

There has also been no undue delay in Plaintiffs' request to amend. When there is a significant, unjustifiable lull in seeking amendment of a complaint despite an awareness of a need to do so, this type of delay could (standing alone) warrant denial of a request to amend. *See Amyndas Pharms., S.A.*, 48 F.4th at 37; *The Hilsinger Co.*, 164 F. Supp. 3d at 198–99. But such is not the case here. Both the Dec. 2 USCIS Memo and the FRP FRN were issued less than a month ago - December 2nd and 15th, respectively. In the few weeks since, Plaintiffs have been diligently analyzing their impact on class members and mobilizing to prepare the relevant papers in support of their request to amend and to seek preliminary relief. Plaintiffs' request to amend is timely.

The proposed amendments to the SAC are also not futile. Futility is determined by how "frivolous" the requested amendments are and whether they broadly "contain[] some fatal defect." *Amyndas Pharms., S.A.*, 48 F.4th at 40 (citing Wright, Miller & Kane, 6 Fed. Prac. & Proc. Civ. § 1487 (3d ed. 2022)). Courts generally look to whether a proposed amended complaint "states a facially plausible claim" applying the Rule 12(b)(6) standard to make the determination. *See Amyndas Pharms., S.A.*, 48 F.4th at 40-41. If the proposed complaint "sets forth a general scenario which, if proven, would entitle the plaintiff to relief against the defendant on some cognizable theory," an amendment is not futile. *Hatch v. Dept. For Children, Youth and Their Families*, 274 F.3d 12, 19 (1st Cir. 2001). Here, Plaintiffs have included sufficient allegations and claims that 1) detail the nuances of Defendants' Memo and the FRP FRN, 2) make clear their impact on Plaintiffs and class members, 3) describe how they contravene federal law, and 4) state why Plaintiffs are entitled to relief.

Defendants would likewise suffer no undue prejudice from amendment of the SAC. First, the case is still at a preliminary stage. The Court has yet to enter a scheduling order and discovery on the merits of the case has not yet commenced. *See Meador v. United States*, Case No. 22-cv-

7

40024-DJC, 2024 WL 583687, at *4 (D. Mass. Feb. 13, 2024) (finding that "[s]ince the Court ha[d] not yet set a further schedule for merits discovery or trial, [defendants] [were] not prejudiced in their ability to prepare a defense"); *Viscito v. Nat'l Plan. Corp.*, Civil Case No. 3:18-30132-MGM, 2019 WL 7578462, at *6 (D. Mass. July 5, 2019) (finding defendant's contention of undue prejudice unconvincing given the case was in its infancy and discovery had not yet commenced).

Second, the allegations and claims do not alter the fundamental issues being litigated in this case – the blanket termination of parole programs, the premature termination of existing parole grants, and the suspension in the processing of immigration benefits applications by parole beneficiaries. As already noted, the Dec. 2 USCIS Memo's suspension of the processing of parole-related applications (including asylum applications) is likely to have the same impact on Plaintiffs and class members as the Higgins Email and the Davidson Memo. The FRP FRN's termination of family reunification parole processes and existing parole grants resemble that already undertaken by Defendants as to CHNV Parole. Because of the substantive overlap, Defendants would not need to revamp their defense strategy should the Court grant Plaintiffs' request for amendment of the SAC to challenge the Memo and the FRP FRN. The proposed amendments might prolong the litigation, but any delay in conclusion of the case is a direct result of Defendants' decision to issue the Memo and the FRP FRN now. Such delay, therefore, cannot be deemed as unduly prejudicial. The extension of the duration of a case also does not qualify as unduly prejudicial to a nonmoving party per se. *See Est. of Orre v. Ocwen Loan Servicing, LLC*, CIVIL ACTION 19-10553-TSH, 2023 WL 2743338, at *3 (D. Mass. Mar. 31, 2023).

Significantly, no injustice or undue burden arises from permitting amendment of the SAC. This is so even if Defendants are forced to expend additional energy responding to new allegations and claims. Here, Defendants chose to issue the Memo and FRP FRN while this litigation was

pending. Both effectively constitute another attempt to terminate parole programs or otherwise obstruct the processing of parole-related applications (albeit through new administrative vehicles). Defendants chose to institute the same types of measures, in substance, akin to those already at issue in this case, notwithstanding the Court's prior orders holding that such measures are likely unlawful. Defendants chose to issue new policies that effectively deprive Plaintiffs and class members of their legally-protected rights to seek lawful status and benefits. Defendants chose to institute new measures which would likely cause the same types of harm to Plaintiffs and class members as those that already underlie this case. And they chose to do so on an expedited basis. They cannot claim undue prejudice when they created the need for Plaintiffs to amend the SAC and to add new allegations and claims. Defendants also cannot claim unfair surprise and must have anticipated that these latest directives would be challenged in this litigation given their impact on Plaintiffs and class members. As such, any amendment of the SAC to safeguard Plaintiffs and class members against these latest attacks cannot be deemed as unduly prejudicial.

Finally, Plaintiffs do not submit their request to amend in "bad faith" or with any "dilatory motive". The amendments that Plaintiffs seek are not predicated on a desire to either redo or relitigate existing claims. The amendments address Defendants' latest attempts to infringe on the legally-protected rights of Plaintiffs and class members. Plaintiffs' request to amend is made in good faith with the sole purpose of protecting both themselves and class members against the irreparable harm they are likely to face from enforcement of the Memo and the FRP FRN. Plaintiffs do not seek to prolong this litigation or to impose additional hurdles towards adjudication of their existing claims. What they seek through amendment is to prevent the harms which they are safeguarding against through existing claims in the SAC from occurring anyway through enforcement of the Memo and the FRP FRN. Nothing more.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion for Leave to File a Third Amended Complaint.

Dated: December 29, 2025                              Respectfully submitted,

/s/ *Esther H. Sung*
Esther H. Sung (*pro hac vice*)
Karen C. Tumlin (*pro hac vice*)
Hillary Li (*pro hac vice*)
Laura Flores-Perilla (*pro hac vice*)
Brandon Galli-Graves (*pro hac vice*)
**JUSTICE ACTION CENTER**
P.O. Box 27280
Los Angeles, CA 90027
Telephone: (323) 450-7272
esther.sung@justiceactioncenter.org
karen.tumlin@justiceactioncenter.org
hillary.li@justiceactioncenter.org
laura.flores-perilla@justiceactioncenter.org
brandon.galli-graves@justiceactioncenter.org

Inyoung Hwang (*pro hac vice*)
Anwen Hughes (*pro hac vice*)
**HUMAN RIGHTS FIRST**
121 W 36th Street
PMB 520
New York, NY 10018
Telephone: (212) 845-5200
HughesA@humanrightsfirst.org
HwangS@humanrightsfirst.org

John A. Freedman (BBO#629778)
Laura Shores (*pro hac vice*)
Katie Weng (*pro hac vice* pending)
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Ave, NW
Washington, D.C. 20001-3743
Telephone: (202) 942-5316
john.freedman@arnoldporter.com
laura.shores@arnoldporter.com
katie.weng@arnoldporter.com

H. Tiffany Jang (BBO#691380)
**ARNOLD & PORTER KAYE SCHOLER LLP**
200 Clarendon Street, Fl. 53
Boston, MA 02116
Telephone: (617) 351-8053
tiffany.jang@arnoldporter.com

Daniel B. Asimow (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
Three Embarcadero Center
10th Floor
San Francisco, CA 94111-4024
Telephone: (415) 471-3142
daniel.asimow@arnoldporter.com

Robert Stout (*pro hac vice*)
Sarah Elnahal (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
250 West 55th Street
New York, NY 10019-9710
Telephone: (212) 836-8000
rob.stout@arnoldporter.com
sarah.elnahal@arnoldporter.com

Justin B. Cox (*pro hac vice*)
**LAW OFFICE OF JUSTIN B. COX**
*JAC Cooperating Attorney*
PO Box 1106
Hood River, OR 97031
(541) 716-1818
justin@jcoxconsulting.org

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Esther H. Sung, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: December 29, 2025

                                        */s/ Esther H. Sung*
                                        Esther H. Sung