IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SVITLANA DOE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, et al.,<br><br>Defendants. | Civil Action No.: 1:25-cv-10495-IT |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
THIRD SUPPLEMENTAL MOTION TO PROCEED UNDER PSEUDONYM**

Pursuant to Federal Rule of Civil Procedure 5.2(e), Plaintiffs move to supplement the March 3, 2025, March 21, 2025, and March 27, 2025 Orders (Doc. Nos. 8, 43, 69) to permit the use of pseudonyms for David Doe, Francisca Doe, John Doe, Jose Doe, and Luciana Doe (collectively, the "new Doe Plaintiffs"), whose sensitive and highly personal information is described in the Third Amended Complaint, Doc. No. 212-1, and will necessarily be described in detail in further documents filed in this matter as the case proceeds.

The new Doe Plaintiffs are beneficiaries under the Family Reunification Parole ("FRP") parole processes. They wish to proceed under pseudonym and incorporate by reference the same legal arguments and reasoning articulated in Plaintiffs' First Motion to Proceed Under Pseudonym, Doc. No. 5; Plaintiffs' Supplemental Motion to Proceed Under Pseudonym, Doc. No. 38; and Plaintiffs' Second Supplemental Motion to Proceed Under Pseudonym, Doc. No. 64, and submit

this supplemental brief to illuminate for the Court the specific reasons their personal circumstances warrant the use of pseudonyms per the paradigms outlined by the First Circuit.[1]

> **1. The new Doe Plaintiffs reasonably fear that compelled disclosure of their identities to the federal government could subject them to unusually severe physical or mental harm, including retaliation through immigration enforcement and harm in their home countries.**

Like the other Doe Plaintiffs in this litigation, the new Doe Plaintiffs' fear of immigration enforcement and the prospect of removal from the United States and deportation back to dangerous conditions in their home countries is entirely reasonable. On December 15, 2025, the government published a Federal Register Notice announcing termination of the FRP processes and revocation of existing grants of FRP parole as of January 14, 2026, unless the parole beneficiary has filed an adjustment of status application (Form I-485) by December 15, the date of publication. *Termination of Family Reunification Parole Processes for Colombians, Cubans, Ecuadorians, Guatemalans, Haitians, Hondurans, and Salvadoran*s, 90 Fed. Reg. 58032 (Dec. 15, 2025), Doc. No. 214-1. This is in keeping with President Trump's promise since his first day in office to end humanitarian parole processes such as CHNV, Uniting for Ukraine, Operation Allies Welcome, the Central American Minors parole process, Military Parole in Place, and FRP, as well as to induce "mass deportations."[2]

---

[1] This Court enjoys "broad discretion" to allow the Doe Plaintiffs to proceed using pseudonyms. *Doe v. Mass. Inst. of Tech.,* 46 F.4th 61, 72 (1st Cir. 2022) (hereinafter "*MIT*"). As part of this inquiry, the First Circuit has outlined several factors a court may consider, including: "whether the case is one in which the movant reasonably fears that coming out of the shadows will cause him unusually severe physical or mental harm; whether the case is one in which compelled disclosure of the movant's name will likely lead to disclosure of a nonparty's identity, causing the latter substantial harm; [and] whether the case is one in which compelled disclosure would likely deter, to an unacceptable degree, similarly situated individuals from litigating." *Id.* If the case before the court "fits into one of the [paradigmatic] categories," then "'party anonymity ordinarily will be warranted.'" *Doe v. Town of Lisbon*, 78 F.4th 38, 65 (1st Cir. 2023) (quoting *MIT*, 46 F.4th at 71).
[2] *See, e.g.*, "Securing Our Borders," Exec. Order No. 14165 (Jan. 20, 2025), https://www.whitehouse.gov/presidential-actions/2025/01/securing-our-borders/ (directing the

As Plaintiffs have detailed in prior briefing, over the last year, this administration has targeted humanitarian parole beneficiaries like the new Doe Plaintiffs as part of these mass deportations, including through the Federal Register Notice terminating grants of CHNV parole[3]; the termination of grants of parole issued following CBP One appointments[4]; a coordinated campaign of courthouse arrests; and the unprecedented expansion and use of expedited removal.[5] In addition to this Court, at least one other court in this district has credited fears of retaliation by the federal government, in the form of immigration enforcement, when granting a motion to proceed pseudonymously. *See, e.g.*, *K.O. by and through E.O. v. United States*, 651 F. Supp. 3d 331, 343 (D. Mass. 2023) (crediting "fears of retaliation" as a reason the court "allowed the plaintiffs to proceed pseudonymously" in a case involving family separation at the border). The new Doe Plaintiffs reasonably fear that disclosure of their identities in this litigation could subject them to removal, as the Federal Register Notice terminating FRP parole processes explicitly states that "[f]ollowing [the] termination, and consistent with the direction in Executive Order 14165, DHS generally intends to promptly remove [noncitizens] . . . who entered the United States under the FRP programs and who stay in the United States beyond their parole termination date." 90 Fed. Reg. at 58043, Doc. No. 214-1. Indeed, even before their parole terminates on January 14, 2026,

---

Secretary of Homeland Security to terminate "categorical parole programs"); Ted Hesson & Alexandra Ulmer, *Trump launches sweeping border crackdown, mass deportation push,* Reuters (January 20, 2025), https://www.reuters.com/world/us/trump-declare-national-emergency-border-trump-official-says-2025-01-20/.

[3] *See* Doc. Nos. 70, 72.

[4] Joel Rose & Sergio Martínez-Beltrán, *Migrants who entered the U.S. via CBP One app should leave 'immediately,' DHS says,* NPR (April 8, 2025), https://www.npr.org/2025/04/08/g-s1-58984/cbp-one-app-migrants-dhs-border; *see also* Doc. No. 95.

[5] *See* Doc. No. 72; *see also* Camilo Montoya-Galvez, *Judge blocks expedited deportations of those who entered the U.S. legally, possibly curtailing ICE courthouse arrests*, CBS News (August 1, 2025), https://www.cbsnews.com/news/judge-expedited-deportations-of-those-who-entered-u-s-legally-possibly-curtailing-ice-courthouse-arrests/.

the Doe Plaintiffs face this risk. *Id.* (stating that "DHS retains is discretion to commence enforcement action . . . against any [noncitizen] at any time, including during the 30-day waiting period created by this notice"). Each of the new Doe Plaintiffs will be subject to the premature termination of their parole status on January 14. David Doe Decl., Doc. No. 214-2, ¶¶ 12-15; Francisca Doe Decl., Doc. No. 214-3, ¶¶ 11-15;[6] John Doe Decl., Doc. No. 214-4, ¶¶ 12-17; Jose Doe Decl., Doc. No. 214-5, ¶¶ 1-18; Luciana Doe Decl., Doc. No. 214-6, ¶¶ 2, 7-13. Thus, like the other Doe Plaintiffs in this case, they reasonably fear that revealing their true identities and personal stories, as well as their participation in this lawsuit, could subject them to retaliation, including immigration enforcement. David Doe Decl., Doc. No. 214-2, ¶ 20; Francisca Doe Decl., Doc. No. 214-3, ¶ 20; John Doe Decl., Doc. No. 214-4, ¶ 24; Jose Doe Decl. Doc. No. 214-5, ¶ 22; Luciana Doe Decl., Doc. No. 214-6, ¶ 17.

Additionally, Francisca Doe and Luciana Doe—similar to Alejandro Doe, Armando Doe, Ana Doe, and Carlos Doe, Andrea Doe, Miguel Doe, and Daniel Doe—fear not only the possibility of immigration enforcement and removal from the United States, but also removal *back to their home countries*, which they fled because it was not safe for them anymore. In Guatemala, Francisca Doe's husband owned a bookstore, and due to the gang presence in the area, he would have to close the bookstore regularly to avoid threats these gangs would make against him and his family's safety, including their children. Francisca Doe Decl., Doc. No. 214-3, ¶¶ 7, 20. In Colombia, Luciana Doe served as a legal witness to a crime that resulted in the shooting of her friend. Luciana

---

[6] Per the Federal Register Notice, individuals who file an adjustment of status application "that is postmarked or electronically filed as of December 15, 2025" are excepted from premature parole termination on January 14. 90 Fed. Reg. at 58043, Doc. No. 214-1. Plaintiff Francisca Doe was able to mail her adjustment of status application on December 15, 2025, but about a week later she received confirmation from USCIS that her application was not accepted in time. Francisca Doe Decl., Doc. No. 214-3, ¶ 15.

4

Doe Decl., Doc. No. 214-6, ¶ 4. To protect herself from threats of possible future violence, Luciana Doe sold her store, cut her hair and changed her appearance, and moved away from her hometown until one of the perpetrators of the crime was convicted and sentenced. *Id.* However, the individual was released from prison shortly thereafter, and he would frequent the area of Luciana's hometown. *Id.* at ¶ 17. If she has to return to Colombia, Luciana fears that the people who targeted her as a witness to their crime will find her and target and threaten her again. *Id*. Such fears are sufficient to overcome the presumption against the use of pseudonyms in civil litigation. *See, e.g.*, *Alianza Americas v. DeSantis*, Case No. 1:22-cv-11550-ADB, slip op. at 1 (D. Mass. Sept. 21, 2022) (holding that plaintiffs, who had alleged a fear of physical violence inflicted on them or their family members in Venezuela, as reprisal for their decision to flee the country, had rebutted the presumption in favor of disclosing their identities).

    2.   ***The new Doe Plaintiffs with family members who are nonparties to this litigation reasonably fear that compelled disclosure of their identities to the federal government could subject their nonparty family members to substantial harm.***

David Doe, Francisca Doe, Jose Doe, and Luciana Doe – similar to Svitlana Doe, Omar Doe, Andrea Doe, Aleksandra Doe, Teresa Doe, Marim Doe, Rosa Doe, Miguel Doe, and Gabriela Doe – fear immigration enforcement and removal proceedings not only for themselves, but also for their spouses, children, and other family members who are not parties to this lawsuit, which would cause their families substantial harm. David Doe Decl., Doc. No. 214-2, ¶ 20; Francisca Doe Decl., Doc. No. 214-3, ¶ 20; Jose Doe Decl., Doc. No. 214-5, ¶ 22; Luciana Doe Decl., Doc. No. 214-6, ¶ 17. Luciana Doe also fears harassment or danger from members of the public that could affect her young daughter, given the contentious nature of public debates on immigration. Luciana Doe Decl., Doc. No. 214-6, ¶ 17. At least one other district court in this circuit recently found that harboring such fears of harm to family members reasonably placed a Doe plaintiff

5

within the paradigms of *MIT*. *See Doe v. U.S. Sec. of State*, 707 F. Supp. 3d 142, 144 (D.N.H. 2023) (acknowledging that "[r]evelation of [an Afghani national] Doe's identity in this proceeding would also risk substantial harm to his family members, who are not parties to this action").[7] In some instances, the very real specter of immigration enforcement could also lead to the harm of family separation or could otherwise force Plaintiffs to make difficult decisions to maintain the integrity of their families. For example, Jose Doe has two young children under the age of six who are U.S. citizens, Jose Doe Decl., Doc. No. 214-5, ¶ 3, so the threat of deportation of Jose Doe and his wife, as FRP parolees, could result in separation from their children, *see id.* at ¶ 22.

### 3. *Compelled public disclosure would deter the new Doe Plaintiffs and similarly situated individuals from litigating.*

The new Doe Plaintiffs would likely not continue participating in this litigation if they are compelled to disclose their identities publicly. David Doe Decl., Doc. No. 214-2, ¶ 20; Francisca Doe Decl., Doc. No. 214-3, ¶ 20; John Doe Decl., Doc. No. 214-4, ¶ 24; Jose Doe Decl., Doc. No. 214-5, ¶ 22; Luciana Doe Decl., Doc. No. 214-6, ¶ 18. Given that they are similarly situated to all the other people in the country granted FRP parole,[8] it is likely that similarly situated individuals would also be deterred from litigating in the future. *MIT*, 46 F.4th at 72. This contradicts one of the fundamental purposes of courts, which is to "provide the mechanism for the peaceful resolution of disputes," and courts "must be wary of "deter[ring] the legitimate exercise of the right to seek [this] peaceful redress of grievances." *Id.* at 71. Specific to immigration-related cases like this, as

---

[7] These fears for the new Doe Plaintiffs are reasonable, as recent reporting confirms that the federal government has indeed recently engaged in this type of retaliation against an immigrant's family members. *See* Anna Betts, *Family of student deported to Honduras say they were targeted by ICE agents*, The Guardian (Dec. 8, 2025), https://www.theguardian.com/us-news/2025/dec/08/ice-family-college-student-deported-honduras.

[8] Since July 10, 2023, approximately 14,000 noncitizens were granted parole into the United States pursuant to the FRP programs. 90 Fed. Reg. at 58043, Doc. No. 214-1.

this Court has recognized previously in denying Defendants' Motion for an Order to Provide Identifying Information for the Individual Plaintiffs (Doc. No. 77), disclosure of the identity of individuals who fear deportation and harm in their home countries "would likely deter similarly situated individuals from litigating cases such as these, in which the perceived risk of proceeding without a pseudonym—deportation—is precisely the harm Plaintiffs seek to prevent by participating in the lawsuit." Mem. & Order, Doc. No. 79 (April 2, 2025) at 4.

## CONCLUSION

The new Doe Plaintiffs reasonably fear that compelled disclosure of their identities could result in substantial harm to them and their loved ones, including removal from the United States and the lives they have built here. Accordingly, the third supplemental motion to proceed under pseudonym filed herewith should be granted.

Dated: December 29, 2025

John A. Freedman (BBO#629778)
Laura Shores (*pro hac vice*)
Katie Weng (*pro hac vice* pending)
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Ave, NW
Washington, D.C. 20001-3743
Telephone: (202) 942-5316
john.freedman@arnoldporter.com
laura.shores@arnoldporter.com
katie.weng@arnoldporter.com

Anwen Hughes (*pro hac vice*)
**HUMAN RIGHTS FIRST**
75 Broad St., 31st Fl.
New York, NY 10004
Telephone: (212) 845-5244
HughesA@humanrightsfirst.org

Justin B. Cox (*pro hac vice*)
**LAW OFFICE OF JUSTIN B. COX**
*JAC Cooperating Attorney*
PO Box 1106
Hood River, OR 97031
(541) 716-1818
justin@jcoxconsulting.org

Respectfully submitted,

*/s/ Hillary Li*
Hillary Li (*pro hac vice*)
Esther H. Sung (*pro hac vice*)
Karen C. Tumlin (*pro hac vice*)
Laura Flores-Perilla (*pro hac vice*)
Brandon Galli-Graves (*pro hac vice*)
**JUSTICE ACTION CENTER**
P.O. Box 27280
Los Angeles, CA 90027
Telephone: (323) 450-7272
hillary.li@justiceactioncenter.org
esther.sung@justiceactioncenter.org
karen.tumlin@justiceactioncenter.org
laura.flores-perilla@justiceactioncenter.org
brandon.galli-graves@justiceactioncenter.org

Daniel B. Asimow (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
Three Embarcadero Center
10th Floor
San Francisco, CA 94111-4024
Telephone: (415) 471-3142
daniel.asimow@arnoldporter.com

H. Tiffany Jang (BBO# 691380)
**ARNOLD & PORTER KAYE SCHOLER LLP**
200 Clarendon Street, Fl. 53
Boston, MA 02116
Telephone: (617) 351-8053
tiffany.jang@arnoldporter.com

Robert Stout (*pro hac vice*)
Sarah Elnahal (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
250 West 55th Street
New York, NY 10019-9710
Telephone: (212) 836-8000
robert.stout@arnoldporter.com
sarah.elnahal@arnoldporter.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I, Hillary Li, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: December 29, 2025

                                            */s/ Hillary Li*
                                            Hillary Li