IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SVITLANA DOE, et al.<br><br>Plaintiffs,<br><br>– v. –<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, et al.<br><br>Defendants. | Civil Action No.: 1:25-cv-10495-IT |

**EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION AND/OR STAY OF *EN MASSE* TRUNCATION OF FAMILY REUNIFICATION PAROLE**

Plaintiffs respectfully move for a temporary restraining order, preliminary injunction, and a stay under 5 U.S.C. § 705 of Defendants' unlawful truncation of all remaining valid grants of humanitarian parole issued, on a case-by-case basis, to approximately 15,000 immigrants from seven Latin American countries (Colombia, Cuba, Ecuador, El Salvador, Guatemala, Haiti, and Honduras) through various Family Reunification Parole processes (hereinafter, "FRP"). Absent relief, an estimated 10,000 to 12,000 of these individuals (more than a quarter of them children) will lose their legal status on January 14, 2026 pursuant to Secretary Noem's unlawful actions. These immigrants were paroled into the country while waiting the last few years until their green cards are available, and some are just weeks away. Many will not even learn they have been rendered unlawfully present.

These parolees all have, under existing law, a clear path to becoming lawful permanent residents (LPRs) based on approved family-based visa petitions filed by their U.S. citizen or LPR family members, and are merely waiting here for the last few years before their immigrant visa becomes available. Although in a temporary status, these parolees did not come temporarily; they

came to get a jumpstart on their new lives in the United States, typically bringing immediate family members with them (more than a quarter of FRP parolees are children). These future green card holders, moreover, were affirmatively invited to come by the United States government. They had been waiting abroad for their visa when the State Department affirmatively reached out to their sponsoring family members and invited them to apply to the FRP processes; without an invitation, there was no way to apply. Since they arrived, FRP parolees have gotten employment authorization documents (EADs), jobs, and enrolled their kids in school. Once their visa becomes available— FRP parolees received three-year grants of parole from when they entered, and none had more than five years to wait when their families were invited to apply to the FRP processes—the FRP parolees can file an application to adjust status to lawful permanent resident (a Form I-485). Cuban FRP parolees (only) do not even have to wait that long: they can apply to adjust status to LPR after just one year of physical presence in the United States, under the Cuban Adjustment Act. The FRP processes for Cuba and Haiti date to 2007 and 2014, respectively, and the others began in 2023.

Notwithstanding the foregoing, on December 15, 2025 the Department of Homeland Security published in the Federal Register notice of Secretary Noem's decision to end all of the family reunification parole processes, which had been suspended since January 2025. *Termination of Family Reunification Parole Processes for Colombians, Cubans, Ecuadorians, Guatemalans, Haitians, Hondurans, and Salvadorans*, 90 Fed. Reg. 58032 (Dec. 15, 2025) (the "FRP FRN"). Secretary Noem principally justified ending FRP due to its failure to reduce border encounters, a metric unrelated to the processes' stated purpose of expediting family reunification.

In addition to ending the processes prospectively, the FRP FRN announced that pending applications would be summarily denied without adjudication. Most relevant here, it also announced that existing grants of FRP parole will terminate on January 14, 2026, if they had not

2

expired already. According to the FRN, "[t]here are two circumstances" where an FRP parolee's grant of parole will not end on January 14, 2026. *Id.* One is if Secretary Noem "determines otherwise on a case-by-case basis." *Id.* The other is that FRP parolees who filed an adjustment of status application (Form I-485) "before December 15, 2025 that is still pending adjudication as of January 14, 2026" retain their original parole expiration date until it expires or their adjustment of status application is adjudicated, whichever is sooner. *Id.* A denial of their adjustment of status application immediately terminates their grant of parole and they are "expected to depart the United States immediately if they have no other lawful basis for remaining," as are the other FRP parolees whose parole will now end on January 14. Like with its termination of CHNV parole, DHS principally relies on "constructive" notice of its actions, meaning many FRP parolees will not even know that, come January 14, Immigration and Customs Enforcement and other federal officers will view them as unlawfully present and legitimate targets for arrest, detention, and removal, to say nothing of the possible collateral legal consequences on their future ability to become LPRs and U.S. citizens.

As shown in their accompanying memorandum of law, Plaintiffs are likely to succeed in proving that DHS fell well short of satisfying their most basic obligations under the APA, due process, the parole statute, and its own regulations. Absent preliminary relief from this Court, an unknown number of law-abiding future green card holders will be rendered unlawfully present and removable, and many of them won't even know. Plaintiffs respectfully request that, as soon as possible, the Court issue a temporary restraining order, preliminary injunction, and/or stay under 5 U.S.C. § 705 on behalf of a certified class so as to prevent Defendants' unnecessary, unlawful, and process-free revocation of their bridge to a green card.

**REQUEST FOR ORAL ARGUMENT**

To the extent that it would aid the Court in the expeditious resolution of this motion, Plaintiffs respectfully request an oral argument pursuant to Local Rule 7.1(d).

Dated: December 29, 2025                                                Respectfully submitted,

/s/ Justin B. Cox
Justin B. Cox (*pro hac vice*)
**LAW OFFICE OF JUSTIN B. COX**
*JAC Cooperating Attorney*
PO Box 1106
Hood River, OR 97031
(541) 716-1818
justin@jcoxconsulting.org

Esther H. Sung (*pro hac vice*)
Karen C. Tumlin (*pro hac vice*)
Hillary Li (*pro hac vice*)
Laura Flores-Perilla (*pro hac vice*)
Brandon Galli-Graves (*pro hac vice*)
**JUSTICE ACTION CENTER**
P.O. Box 27280
Los Angeles, CA 90027
Telephone: (323) 450-7272
esther.sung@justiceactioncenter.org
karen.tumlin@justiceactioncenter.org
hillary.li@justiceactioncenter.org
laura.flores-perilla@justiceactioncenter.org
brandon.galli-graves@justiceactioncenter.org

John A. Freedman (BBO#629778)
Laura Shores (*pro hac vice*)
Katie Weng (*pro hac vice* pending)
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Ave, NW
Washington, D.C. 20001-3743
Telephone: (202) 942-5316
john.freedman@arnoldporter.com
laura.shores@arnoldporter.com
katie.weng@arnoldporter.com

Anwen Hughes (*pro hac vice*)
**HUMAN RIGHTS FIRST**
75 Broad St., 31st Fl.
New York, NY 10004
Telephone: (212) 845-5244
HughesA@humanrightsfirst.org

H. Tiffany Jang (BBO# 691380)
**ARNOLD & PORTER KAYE SCHOLER LLP**
200 Clarendon Street, Fl. 53
Boston, MA 02116
Telephone: (617) 351-8053
tiffany.jang@arnoldporter.com

Robert Stout (*pro hac vice*)
Sarah Elnahal (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
250 West 55th Street
New York, NY 10019-9710
Telephone: (212) 836-8000
rob.stout@arnoldporter.com
sarah.elnahal@arnoldporter.com

Daniel B. Asimow (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
Three Embarcadero Center
10th Floor
San Francisco, CA 94111-4024
Telephone: (415) 471-3142
daniel.asimow@arnoldporter.com

*Attorneys for Plaintiffs*

**CERTIFICATE UNDER LOCAL RULE 7.1(a)(2)**

The plaintiffs, through their counsel, have conferred with the defendants' counsel pursuant to Local Rule 7.1(a)(2) regarding the subject matter of the instant motion, and the parties have not come to a resolution. Defendants' counsel stated that they will oppose this motion.

Dated: December 29, 2025

                                                        */s/ Justin B. Cox*
                                                        Justin B. Cox


**CERTIFICATE OF SERVICE**

I, Justin B. Cox, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Dated: December 29, 2025

                                                        */s/ Justin B. Cox*
                                                        Justin B. Cox