YAAKOV M. ROTH
*Acting Assistant Attorney General*

DREW C. ENSIGN
*Deputy Assistant Attorney General*

KATHERINE J. SHINNERS
*Senior Litigation Counsel*

ELISSA FUDIM
*Trial Attorney*

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Tel: (202) 598-6073
Email: elissa.p.fudim@usdoj.gov

*Counsel for Defendants*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Svitlana Doe, *et al.*, | Civil Action No. 1:25-cv-10495 |
| Plaintiffs, | |
| v. | |
| Kristi Noem, in her official capacity as Secretary of Homeland Security, *et al.*, | |
| Defendants. | |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO EXPEDITE BRIEFING

Defendants submit this response in opposition to Plaintiffs' Motion to expedite briefing, ECF No. 221, of their Third Supplemental Motion to Proceed Under Pseudonym, Doc. No. 214 (the "Third Pseudonym Motion"), Emergency Motion for a Temporary Restraining Order, Preliminary Injunction, and/or Stay of *En Masse* Truncation of Family Reunification Parole, Doc. No. 216 (the "Third Preliminary Injunction Motion"), and Motion to Modify Class Definition, Doc. No. 219 (the "Third Class Certification Motion"). Plaintiffs did not propose any dates for Defendants to oppose these three motions, but argued that briefing needs to be sufficiently expedited, such that briefing is complete and the court can rule on these three motions before January 14, 2026. Doc. No. 221 at 1. Although the Court already required Defendants to file oppositions to these three motions by January 6, 2026, before receiving Defendants' response to this motion (which Defendants had advised they would file by December 31, 2025), Defendants submit this brief to explain the reasons for their opposition to the motion to expedite, to respectfully request the Court reconsider its order, and to preserve their objections to the accelerated schedule.

The motion to expedite is premature and procedurally improper. At a minimum, Plaintiffs' request to expedite briefing of these three motions is premature until the Court has resolved whether Plaintiffs are permitted to file a Third Amended Complaint.[1] A plaintiff "may not amend its complaint to add claims through a motion for an injunction." *Christmas House USA Inc. v. ChristmasLand Experience LLC*, No. 23-CV-8412 (LDH) (SIL), 2024 WL 1494687, at *2 (E.D.N.Y. Apr. 5, 2024) ("While Plaintiff has sought leave to amend the complaint to add a claim for trade dress, the Court has not yet granted Plaintiff's request, and Plaintiff may not amend its complaint to add claims through the motion for an injunction.") (internal ECF citation omitted).

---

[1] Defendants did not oppose Plaintiffs' request to expedite briefing of their motion for leave to file a Third Amended Complaint, and Defendants have filed an opposition to that motion. *See* Doc. No. 226.

1

In other words, briefing on these three motions should proceed only if the Court *grants* Plaintiffs' motion for leave to file a Third Amended Complaint, because absent amendment, these motions are wholly untethered to the claims in this case. *See Alabama v. United States Army Corps of Engineers*, 424 F.3d 1117, 1127 (11th Cir. 2005) (a motion for a preliminary injunction must be based upon both a cause of action and relief sought in the complaint). Here, none of the Plaintiffs in this case are affected by the January 14, 2026 termination of existing grants of parole under the Family Reunification Parole (FRP) processes, and none can represent a class of those affected by that termination. *See* Doc. No. 212-1 at ¶ 412. If the Court grants Plaintiffs' motion for leave to file a Third Amended Complaint, briefing on Plaintiffs' Third Pseudonym Motion, Third Preliminary Injunction Motion, and Third Class Certification Motion should continue in accordance with Local Rule 7.1(b). Alternatively, even if briefing proceeds on Plaintiffs' Third Pseudonym Motion, Third Preliminary Injunction Motion, and Third Class Certification Motion before resolution of the Motion for Leave to File a Third Amended Complaint, Defendants maintain that the Parties should proceed with a normal, non-expedited briefing schedule under Local Rule 7.1(b) with Defendants' response due on January 12, 2026. The current schedule—with responses to each of the motions due on January 6, 2026—does not permit sufficient time for Defendants to adequately brief the motions for class certification and preliminary relief, having only received those motions December 29, 2025 and having no advance knowledge of the legal arguments that would be asserted and no information about the proposed new plaintiffs.

Plaintiffs fail to demonstrate that expedited briefing is warranted here. Indeed, "the filing of emergency motions is disfavored because of the numerous problems they create for the opposing party and the court resolving them.'" *Paradise v. State*, No. CV 25-02358-MRA (DFM), 2025 WL 1423844, at *1 (C.D. Cal. Apr. 9, 2025), *reconsideration denied*, 2025 WL 1421379 (C.D. Cal.

2

Apr. 15, 2025) (quoting *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1140 (D. Nev. 2015)). That is because "[t]he adversarial process requires thoughtful, developed argument by both parties explaining what the parties' competing positions are, the factual basis for those positions, and the legal authority supporting the arguments presented." *Id.* "To establish that the Court should bypass its default procedures, the movant must show that it will be irreparably prejudiced unless its motion is heard on an expedited basis." *Cardoza*, 141 F. Supp. 3d at 1142. "When such prejudice is absent, sufficient justification for bypassing the default briefing schedule does not exist and the request may be properly decided on a non-expedited basis." *Id.*

Plaintiffs argue that expedited briefing on their three motions[2] is warranted because prospective plaintiffs and the class they seek to represent will lose their parole on January 14. However, this rationale does not pass muster because these are *non-parties* who will lose their grants of parole. Plaintiffs seek injunctive relief *before* this Court has even decided whether Plaintiffs may file their Third Amended Complaint, to, *inter alia*, join the very plaintiffs for whom they seek relief. Those plaintiffs are not yet parties before this Court, and thus, Plaintiffs cannot request relief on their behalf. *Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1985) (federal courts "may not attempt to determine the rights of persons not before the court"). Defendants have objected to amendment of the complaint and the addition of additional class representatives. Doc. No. 226. To that end, the Court should afford Defendants an opportunity to have their objections heard, before Plaintiffs are permitted to seek preliminary relief on such non-parties' behalf.

Expedited briefing is especially prejudicial here because Plaintiffs seek relief based on the circumstances of five newly proposed plaintiffs whose identities and factual situations have not

---

[2] Plaintiffs requested expedited briefing on five motions, but Defendants did not oppose briefing this motion and Plaintiffs' Motion to Amend on an expedited basis to account for Plaintiffs' stated concerns.

3

been meaningfully vetted. Defendants have had no opportunity to investigate these individuals' parole histories, eligibility, or other relevant facts that would bear directly on standing, irreparable harm, and the propriety of injunctive relief. Rushing briefing on a motion premised on the rights and circumstances of unidentified or unexamined individuals would severely limit Defendants' ability to test Plaintiffs' factual assertions and present an informed response.

The prejudice is compounded by the scope and complexity of the motions Plaintiffs seek to rush. Plaintiffs' Third Preliminary Injunction Motion is not a narrow or routine request for interim relief; it seeks equitable relief concerning the administration and termination of a federal parole program, raises significant legal and factual questions, and seeks relief far beyond the circumstances of any existing plaintiff in this case. Motions of this magnitude require careful factual development, thoughtful legal analysis, and coordination across agencies. An expedited schedule deprives Defendants of the time necessary to provide the fulsome and considered briefing that such important issues warrant.

The January 14 date for termination of existing grants of parole, by itself, does not create a basis for expedited briefing for two reasons. First, notwithstanding this deadline, these prospective plaintiffs are not part of this lawsuit. Second, Plaintiffs have not demonstrated that the January 14 parole termination date arose so suddenly, such that it constitutes an "emergency" to support an expedited briefing schedule. To the contrary, Plaintiffs were aware of the January 14 termination date on December 12 when they filed a notice about it with the Court. Doc. No. 210. At such time, they could have filed a new action challenging the FRP termination and sought preliminary relief. In doing so, they would not have risked losing time on briefing and a ruling on a motion to amend. For example, in an analogous situation, where the plaintiffs in *Make the Road v. Noem*, No. 1:25-cv-00190 ("MTR II"), a case challenging guidance concerning the

implementation of expedited removal, wished to challenge new guidance that was made publicly available for the first time on October 20, 2025, the plaintiffs filed a new action rather than filing a motion to amend. *See Make the Road New York v. Noem*, No. 1:25-cv-04455 (D.D.C.) ("MTR III"). They explained to the court that because "timely action on an opposed motion for leave to amend could not be guaranteed, Plaintiffs filed their claims against the February 28 Guidance in a separate lawsuit, in an abundance of caution." *MTR II*, 1:25-cv-00190, Doc. No. 72, at 2.

Courts routinely recognize that parties may not manufacture exigency through strategic litigation choices and then rely on that self-created urgency to demand expedited treatment. *See, e.g.*, *Alice L. v. Dusek*, 492 F.3d 563, 565 (5th Cir. 2007) ("This court strongly disfavors the practice of creating an "emergency" by waiting to file a motion."). Where timely relief is genuinely necessary, plaintiffs may file a new action rather than pursuing legitimately-contested amendments that introduce delay and uncertainty. Plaintiffs' decision to proceed otherwise here reflects a litigation strategy—not an emergency—and does not justify compressing briefing schedules to Defendants. Here, Plaintiffs failed to file their motions expeditiously, instead taking a "few weeks … to prepare the relevant papers in support of their request to amend and to seek preliminary relief." Doc. No. 213 at 7. Yet, despite Plaintiffs having taken a "few weeks" to prepare their motions, Defendants are now given 8 days—including a federal holiday—to oppose those same motions. That is highly prejudicial. Further, Plaintiffs should have factored in the January 14 parole termination into their planning when they contemplated filing five motions in this court, including a threshold motion for leave to amend which would necessarily need to be granted before their remaining motions would be procedurally proper. Their failure to do so undercuts Plaintiffs' claim for urgency. *See Batley v. Homeseekers.com, Inc.*, No. CV 01-5642 NM (JWJX), 2003 WL 27384462, at *4 (C.D. Cal. May 13, 2003) (collecting cases at *4) (citing *Tough Traveler. Ltd. v.*

*Outbound Products*, 60 F.3d 964, 968 (2d Cir. 1995) ("[A plaintiff's] failure to act sooner undercuts the sense of urgency that ordinarily accompanies a motion for preliminary relief and suggests that there is, in fact, no irreparable injury.")).

For these reasons, Defendants oppose Plaintiffs' motion to expedite briefing.

DATED: December 31, 2025  Respectfully submitted,

YAAKOV M. ROTH
*Acting Assistant Attorney General*

DREW C. ENSIGN
*Deputy Assistant Attorney General*

KATHERINE J. SHINNERS
*Senior Litigation Counsel*

By: /s/ *Elissa Fudim*
ELISSA FUDIM
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
*Counsel for Defendants*