YAAKOV M. ROTH
*Acting Assistant Attorney General*

DREW C. ENSIGN
*Deputy Assistant Attorney General*

KATHERINE J. SHINNERS
*Senior Litigation Counsel*

ELISSA FUDIM
*Trial Attorney*

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Tel: (202) 598-6073
Email: elissa.p.fudim@usdoj.gov

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Svitlana Doe, *et al.*, | Civil Action No. 1:25-cv-10495 |
| Plaintiffs, | |
| v. | |
| Kristi Noem, in her official capacity as Secretary of Homeland Security, *et al.*, | |
| Defendants. | |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO
PLAINTIFFS' MOTION TO PROCEED BY PSEUDONYM**

Defendants hereby oppose Plaintiffs' motion to proceed under pseudonym. There is a "strong presumption against pseudonymity in civil litigation." *Doe v. Massachusetts Inst. of Tech.*, 46 F.4th 61, 70 (1st Cir. 2022). This "hostility" is based upon "our Nation's tradition of doing justice out in the open, neither in a corner nor in any covert manner." *Id*. at 68 (internal citations omitted). The burden is upon the proponent seeking protection to demonstrate the need for confidentiality. *MacInnis v. Cigna Grp. Ins. Co. of Am.*, 379 F. Supp. 2d 89, 90 (D. Mass. 2005). The First Circuit has not adopted a strict test for evaluating when a party may proceed via pseudonym but instead evaluates whether a party has overcome "the strong presumption against pseudonymity" by considering the totality of the circumstances. *Doe*, 46 F.4th at 68. Plaintiffs and class counsel have not overcome the presumption here for the proposed new plaintiffs.

Class counsel contend there are several reasons their new clients should be permitted to proceed via pseudonym: risk of government retaliation, risk of danger in their own countries, and risk of disincentivizing future plaintiffs from pursuing litigation. None of these reasons are compelling here.

First, the claim that the Government will retaliate against the five new proposed plaintiffs (or their family members) by promptly placing them in removal proceedings or denying any future applications for immigration benefits goes against the presumption of regularity, and strong evidence is required to displace that presumption. *United States v. Chem. Found., Inc.*, 272 U.S. 1, 14-15 (1926). Plaintiffs do not present any. Instead, they rely upon hearsay and speculation as reported in an article in the Guardian. Doc. No. 215 at 6, n.7. That article reports upon the deportation of a woman, Any Lucia López Belloza, pursuant to a removal order issued in 2015, and the subsequent detention of members of her family, also present without lawful status.[1] Her

---

[1] https://www.theguardian.com/us-news/2025/dec/08/ice-family-college-student-deported-honduras

1

family speculates that the reason they were detained was because of public statements made by López Belloza—rather than their own unlawful status. *Id*. These statements constitute nothing more than speculation and hearsay and are completely unrelated to this case. Further, even if generalized, unsupported, allegations were enough, Plaintiffs have not shown why the new proposed plaintiffs are more at risk than the thousands of aliens who sue the Government over denied benefits or other challenges to agency action. Were threadbare and vague allegations of retaliation conclusive, there would be virtually no benefit-denial cases or policy challenge cases—even outside the immigration context—in which plaintiffs use their own names. Flimsy allegations of risk of harm and a generalized fear applicable to every lawsuit challenging a policy or the denial of a government benefit should not be found sufficient. *See United States v. Doe*, 488 F.3d 1154, 1156 n.1 (9th Cir. 2007) ("'[T]he identity of the parties in any action, civil or criminal, should not be concealed except in an unusual case, where there is a need for the cloak of anonymity.'"); *Webb v. Green Tree Servicing LLC*, 283 F.R.D. 276, 279 (D. Md. 2012) ("'Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing.'") (quotation omitted).

      Second, Plaintiffs argue that at least two of their new plaintiffs, Francisca Doe and Luciana Doe, fear removal back to their home countries, which they claim to have fled "because it was not safe for them anymore." Doc. No. 215 at 4. But these proposed plaintiffs have not asserted claims of persecution on a protected ground that *might* be able to justify nondisclosure of their identities under federal regulation. *See* 8 C.F.R. § 208.6. Further, to the extent they are arguing that disclosure of their identities might lead to immigration enforcement that could require them to return to their home country, the risk that a parolee may be required to depart the United States was inherent in the process. Parole granted under the Family Reunification Parole programs was always temporary

and parolees such as Francisca and Luciana Does were never guaranteed the right to remain in the United States. 8 U.S.C. § 1182(d)(5); Doc. No. 24-28, 88 Fed. Reg. 43581 at 43583 (July 10, 2023) (Guatemala) (noting parole was temporary); Doc. No. 24-26, 88 Fed. Reg. 43591 at 43593 (July 10, 2023) (Colombia) (same). Further, the processes also stated explicitly that parole could be terminated at any time, and the beneficiary could be placed in removal proceedings at such time. Doc. No. 24-28, 88 Fed. Reg. at 43588 (Guatemala); Doc. No. 24-26, 88 Fed. Reg. at 43598 (Colombia). Nor is adjustment of status ultimately guaranteed, as parolees who seek family-based adjustment still need to demonstrate that they are eligible for adjustment and warrant a favorable exercise of discretion. *See* 8 U.S.C. § 1225(a). Further, if Francisca Doe and Luciana Doe feared return to Guatemala and Colombia due to past or potential future persecution on a protected ground, they were free to file applications for asylum once they arrived in the United States. But they do not claim to have done so. Doc. No. 214-3, Doc. No. 214-6. Indeed, if they are placed in removal proceedings, they can still assert defensive claims for asylum or protections under the Convention Against Torture.

Plaintiffs also rely upon *Doe v. U.S. Sec'y of State*, 707 F. Supp. 3d 142 (D.N.H. 2023) as persuasive authority for granting their motion to proceed via pseudonym based on risk of harm to the proposed plaintiffs or their family. Doc. No. 215 at 6. But that case is markedly different than this one. In the *Doe* case, the plaintiff was an Afghani national who was *still in Afghanistan hiding from the Taliban*. *Id*. at 144. He had aided U.S. military efforts for several years, had been directly threatened by the Taliban, and the Taliban had already discovered his location on at least one occasion despite his substantial efforts to remain hidden. *Id*. Francisca and Luciana are presently in the United States. And even if they were placed in removal proceedings, they could assert claims for asylum or protections under the Convention Against Torture.

3

Third, Plaintiffs argue that an order denying permission for these new plaintiffs to proceed under pseudonym will deter other similarly situated individuals from pursuing litigation like this case, Doc. No. 215 at 6-7, given "the contentious nature of public debates on immigration," *id.* at 5. But debates over policies and politics do not warrant pseudonyms in civil litigation. And courts have found that litigating hot button issues does not mean litigants are automatically entitled to pseudonyms. *See, e.g.*, *Brnovich v. Biden*, No. CV-21-01568-PHX-MTL, 2021 U.S. Dist. LEXIS 255953, at *7-8 (D. Ariz. Dec. 15, 2021) (denying pseudonyms to federal employee suing the Biden administration over vaccine mandate); *Merten*, 219 F.R.D. at 394 (denying pseudonyms to aliens in "challeng[ing] Virginia's alleged policy of denying college admission to illegal aliens"). Indeed, many challenges involving issues that are just as controversial as this one, including those with minor plaintiffs, have not been pursued anonymously. *E.g.*, *Fisher v. Univ. of Tex.*, 579 U.S. 365 (2016) (challenge by named high school students to the University of Texas's affirmative action policies); *Kerry v. Din*, 576 U.S. 86 (2015) (challenge by named citizen to refusal to issue a visa to Taliban-affiliated spouse); *Zivotofsky v. Clinton*, 566 U.S. 189 (2012) (challenge by named 10-year-old plaintiff to refusal to list "Jerusalem, Israel" on his passport); *see also Doe v. Kamehameha Sch.*, No. 08-00359 JMS-BMK, 2008 U.S. Dist. LEXIS 88594, at *23-24 (D. Haw. Oct. 28, 2008) ("The federal courts have heard many controversial education-related civil rights cases brought by minor plaintiffs who proceeded in their own names." (collecting cases)).

To support their arguments, Plaintiffs rely generally and repeatedly upon the fact that this Court issued an order permitting the existing plaintiffs in this case to proceed via pseudonym. *See generally* Doc. No. 215. While that is true, and while Plaintiffs state that they are willing "to disclose Plaintiffs' identies to the Court pursuant to the parties' stipulated protective order," Doc. No. 214 at 1, Plaintiffs have not disclosed any identifying information concerning the five new

4

putative plaintiffs to Defendants' counsel to allow Defendants to vet their claims and assess their standing. Plaintiffs cannot use pseudonymity to cut off the Court's line of inquiry into Article III standing by shielding critical jurisdictional facts from review. *Jane Doe 1 v. Merten*, 219 F.R.D. 387, 394 (E.D. Va. 2004) ("…an assessment of plaintiffs' standing to litigate these issues clearly does depend on their identity."); *see also Kamehameha Sch.*, 2008 U.S. Dist. LEXIS 88594, at *22 (denying pseudonymity where doing so would mean "the public might not 'fully understand the basis for the Court's decision' as to standing."). Further, Defendants only stipulated to the terms of the current protective order because the Court had already granted the existing Plaintiffs' motions to proceed under pseudonym *ex parte* before Defendants had been served and/or without providing Defendants the opportunity to oppose. As explained above, Plaintiffs have not justified concealing their identities from the public, thus no protective order should be required.

\*\*\*

For all these reasons, Plaintiffs have not met their burden to show that their new proposed plaintiffs need to proceed under pseudonym, and their motion should be denied.

DATED: January 6, 2026

Respectfully submitted,

YAAKOV M. ROTH
*Acting Assistant Attorney General*

DREW C. ENSIGN
*Deputy Assistant Attorney General*

Katherine J. Shinners
*Senior Litigation Counsel*

By: /s/ *Elissa Fudim*
ELISSA FUDIM
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
*Counsel for Defendants*

5

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 6, 2025, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which provided an electronic notice and electronic link of the same to all attorneys of record.

                        */s/ Elissa P. Fudim*
                        Elissa P. Fudim
                        Trial Attorney
                        United States Department of Justice
                        Civil Division