BRETT A. SHUMATE
*Assistant Attorney General*

DREW C. ENSIGN
*Deputy Assistant Attorney General*

KATHERINE J. SHINNERS
*Senior Litigation Counsel*
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Tel: (202) 598-8259
Email: katherine.j.shinners@usdoj.gov

ELISSA P. FUDIM
DANIEL SCHUTRUM-BOWARD
*Trial Attorneys*

Counsel for Defendants

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| Svitlana Doe, *et al.*, ) | Civil Action No. 1:25-cv-10495-IT |
| Plaintiffs, ) | |
| v. ) | |
| Kristi Noem, in her official capacity as ) Secretary of Homeland Security, *et al.*, ) | |
| Defendants. ) | |

**DEFENDANTS' FURTHER OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY CLASS DEFINITION (Doc. No. 219)**

i

Defendants submit this further opposition to Plaintiffs' motion to modify the class definition for purposes of the Court's evaluation of the preliminary injunction. *See* Doc. Nos. 219, 220, 229.[1] The Court granted Plaintiffs' motion on January 10, 2026, certifying a class of all individuals who have received parole through the Family Reunification Parole programs ("FRP") subject to the December 15, 2025 Federal Register Notice, "Termination of Family Reunification Parole Processes for Colombians, Cubans, Ecuadorians, Guatemalans, Haitians, Hondurans, and Salvadorans," 90 Fed. Reg. 58032 ("FRP FRN" or "FRN"), for which such parole was scheduled to be terminated on January 14, 2026 (the "FRP Termination Class"). *See* Doc. No. 241. On the same date, the Court also granted an emergency 14-day stay of that termination, effectively extending the parole term for such individuals through January 24, 2026. *See* Doc. No. 243.

The Court has not yet set forth the reasons it found that the requirements of Federal Rule of Civil Procedure have been met, nor addressed the other legal arguments raised by Defendants in their emergency opposition to class certification filed on January 6, 2026 (Doc. No. 234). Accordingly, Defendants respectfully request the Court revisit its certification of the FRP Termination Class for the reasons stated in their prior opposition, the arguments for which are incorporated here by reference. First, threshold reasons preclude certification because Congress has precluded jurisdiction over challenges to the discretionary exercise of parole authority, like the

---

[1] In its Order dated January 4, 2026, the Court ordered Defendants to "file any opposition to Plaintiffs' Emergency Motion for a Temporary Restraining Order and/or Emergency Stay of En Masse Truncation of Family Reunification Parole [[216]] and Motion to Modify Class Definition [[219]] for purposes of the request for emergency relief no later than January 6, 2026" and to file "any opposition to Plaintiffs' Motion for a Preliminary Injunction and/or Stay of En Masse Truncation of Family Reunification Parole [[216]] and any further opposition to Plaintiffs' Motion to Modify Class Definition [[219]] no later than January 13, 2026, unless that date is further modified by the court at or after the January 9, 2026 hearing on the request for emergency relief." Doc. No. 229. At the January 9, 2026, hearing, the Court modified the date to January 15, 2026. *See* Doc. No. 247; *see also* Doc. No. 243 at 5.

1

FRP FRN, and parolees lack standing to challenge the termination because their harms are not traceable to the challenged termination and an order setting aside or enjoining the termination would not redress their claimed harms. *See* Doc. No. 234, at 8–10. Second, the FRP Termination Class does not satisfy commonality and typicality because the class has not suffered the same legal injury from termination of parole. *Id.* at 12–14.[2] Third, the proposed class does not satisfy Rule 23(b)(2) for similar reasons: vacatur or stay of the FRP parole termination will not redress the injuries of each class member. *Id.* at 15–17.

There are also additional reasons for the Court to revisit its class certification decision, based on the Court's analysis in its temporary restraining order staying the effective date of the parole termination. Plaintiffs had posited that common questions exist about whether the challenged parole termination was contrary to law under the APA. Doc. No. 220 at 17–19. In its Order granting a temporary stay of the FRP FRN's termination of parole grants, the Court tentatively relied on its conclusion that publication in the Federal Register is not "written notice to the alien" as required by 8 C.F.R. § 212.5(e)(2)(i). Doc. No. 243 at 3. However, as the Court noted, the FRN stated that U.S. Citizenship and Immigration Services will provide individual notice via parole beneficiaries' myUSCIS online accounts, or, for legacy FRP beneficiaries, by mail. *Id.* at 3, 4. The Court also noted there was not yet evidence that such notice had been provided or whether parolees had online accounts. *Id.* at 3, 4. *But see* 90 Fed. Reg. at 58041; Doc. No. 246, at FRP-FRN-00010; *id.* at FRP-FRN-00195 (explaining that, for the modern FRP process for Colombians, "[i]f a petitioner's Form I–134A is confirmed by USCIS, the beneficiary named in the Form I–

---

[2] As the Court certified the new class as a separate class, Defendants do not re-assert their argument that Plaintiffs improperly sought to merge the new proposed class with a preexisting class who challenged a separate agency action. *See* Doc. No. 234 at 10–11. Defendants would continue to object on that basis if Plaintiffs did seek to merge the new proposed class with a preexisting class.

134A will receive an email from USCIS with instructions to create an online account with myUSCIS and next steps for completing the request"). Yet, if the claims in this case—and any emergency relief the Court may issue—turn on whether each individual received or was provided individualized notice before his or her parole terminated, this is not a common question because the class members are not all similarly situated with respect to whether and when they were individually provided notice. To be clear, the government's position is that *all* prospective class members received sufficient notice by publication. *See* Doc. No. 233 at 20–21; Doc. No. 251. Yet, assuming the Court rejects that position, the question of whether other notice was adequate is not common to the class. As set forth in USCIS's declaration, of the parolees affected by the FRN, 3,501 were provided electronic notice of the parole termination via their online accounts on January 5, 2026, and other affected parolees under the modernized and legacy FRP programs had not yet been provided notice at the time the TRO issued. Doc. No. 250-1, Kernochan Decl. ¶¶ 15–16. Accordingly, to the extent Plaintiffs' likelihood of success and the issuance of relief depends on whether and when individualized notice was provided, this question cannot be answered in the same way as to the entire class. "What matters to class certification . . . is not the raising of common questions—even in droves—but rather, the capacity of a class-wide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). The questions raised by the Court regarding the adequacy of notice to each individual cannot be resolved on a common basis for the class as a whole, defeating commonality for this claim, regardless of what common questions may exist as to other claims. *See Reid v. Donelan*, 17 F.4th 1, 10–11 (1st Cir. 2021) (holding that a certified class with a common question as to one claim cannot be used "as a bootstrap to then adjudicate, on a class-wide basis, claims that hinge on the individual circumstances of each class member"); *see also*

3

Fed. R. Civ. P. 23(b)(2) (a Rule 23(b)(2) class may only be maintained where Defendants "have acted or refused to act on grounds *that apply generally to the class*, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole") (emphasis added). Even if the Court could conclude on a classwide basis that notice by publication does not suffice, the Court could not issue "final injunctive relief or corresponding declaratory relief … respecting the class as a whole" that would resolve the question whether each class member received timely individual notice or remedying any lack of notice.[3]

Further, to the extent any resolution of Plaintiffs' claims or request for emergency relief hinges on whether electronic notice is sufficient notice, *see* Doc. No. 243, at 3, this is yet another difference among the class that defeats commonality and typicality because only those with myUSCIS accounts are to receive electronic notice, whereas legacy FRP beneficiaries who lack myUSCIS accounts will receive notice by mail. As to typicality, "the central inquiry in assessing whether a proposed class has 'typicality' is whether the class representatives' claims have the same essential characteristics as the claims of the other members of the class," *Garcia v. E.J. Amusements of New Hampshire, Inc.*, 98 F. Supp. 3d 277, 288 (D. Mass. 2015). Each of the five named Plaintiffs who seek to represent this class received electronic notice via their myUSCIS

---

[3] Altering the class definition would not cure this problem. A class defined by the legal adequacy of any individual's notice, such as FRP parolees "who were not provided adequate notice of the termination" would be a classic fail-safe class, which is impermissible. *In re Nexium Antitrust Litig.*, 777 F.3d 9, 22 (1st Cir. 2015) (noting "the inappropriateness of certifying what is known as a 'fail-safe class'—a class defined in terms of the legal injury"). Further, attempting to define class membership by whether an individual *received* timely actual notice, such as "FRP parolees who did not receive actual notice before terminations," would raise insurmountable ascertainability problems. *Crosby v. Soc. Sec. Admin. of U.S.*, 796 F.2d 576, 580 (1st Cir. 1986) ("Because the standard of 'within a reasonable time' makes class members impossible to identify prior to individualized fact-finding and litigation, the class fails to satisfy one of the basic requirements for a class action . . . ."), *id.* ("Defendant's "action or inaction must not be so varied and particularized in relation to the individual putative class members as to be valid as to some and invalid as to others.'" (quoting 3B *Moore's Federal Practice* 23.04[1], at 23-291-23-292).

accounts. *See* Doc. No. 250-1 at ¶ 17. Accordingly, the named Plaintiffs are not typical of those who were to receive mailed notice in ways that appear to be material to Plaintiffs' claims and request for relief. *See id.*

For these reasons and the reasons stated in Defendants' opposition, the Court should revisit its order certifying the FRP Termination Class.

Dated: January 15, 2026                                Respectfully submitted,

BRETT A. SHUMATE
*Assistant Attorney General*

DREW C. ENSIGN
*Deputy Assistant Attorney General*

By: */s/ Katherine J. Shinners*
KATHERINE J. SHINNERS
Senior Litigation Counsel
U.S. Department of Justice
Civil Division
Office of Immigration Litigation

ELISSA P. FUDIM
DANIEL SCHUTRUM-BOWARD
*Trial Attorneys*

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

    I hereby certify that on January 15, 2026, I electronically filed this opposition with the Clerk of the Court for the United States Court of for the District of Columbia by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

                                                  By: */s/ Katherine J. Shinners*
                                                        KATHERINE J. SHINNERS
                                                        U.S. Department of Justice
                                                        Civil Division
                                                        Office of Immigration Litigation