IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SVITLANA DOE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> KRISTI NOEM, in her official capacity as Secretary of Homeland Security, et al., <br><br> Defendants. | Civil Action No.: 1:25-cv-10495-IT |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO CLARIFY (Doc. No. 254)**

Plaintiffs agree that the Court should set a deadline for Defendants to answer Plaintiffs' supplemental allegations regarding the two agency actions those allegations target: the Family Reunification Parole ("FRP") Federal Register Notice of December 15, 2025 (Doc. No. 225) and the December 2, 2025 USCIS Policy Memorandum suspending all immigration benefits adjudication for immigrants already in the United States who are from (as relevant to this case) Afghanistan, Cuba, Haiti, and Venezuela (Doc. No. 224). *See* Fed. R. Civ. P. 15(d) ("The court may order that the opposing party plead to the supplemental pleading within a specified time."). Subject to two notes, Plaintiffs do not oppose Defendants' request that the Court order them to do so by January 30, as proposed in their Motion for Clarification (Doc. No. 254).

First, whatever deadline the Court sets for Defendants to respond to the supplemental allegations, Plaintiffs respectfully request that the Court order Defendants to produce the administrative record ("AR") for the December 2, 2025 USCIS Policy Memorandum by that same

date or soon thereafter, with Plaintiffs' deadline to respond running from production of the AR.[1] Plaintiffs intend to seek preliminary relief as to that USCIS Policy Memorandum promptly, *see* Doc. No. 210 (Plaintiffs' notice), and the AR will aid the Court in evaluating Plaintiffs' likelihood of success. Moreover, courts routinely require production of the AR to evaluate motions to dismiss (presumably how Defendants will respond); indeed, the local rules for the District Court for the District of Columbia, which routinely handles APA cases, requires the AR to be produced "simultaneously" with any motion to dismiss. D.D.C. Local Civil Rule 7(n). Similarly, the First Circuit has cautioned district courts that, since "[t]he focal point of APA review is the existing administrative record,"

> Allowing the allegations of a complaint to become the focal point of judicial review introduces an unnecessary and inevitably unproductive step into the process. The relevant inquiry is—and must remain—not whether the facts set forth in a complaint state a plausible claim but, rather, whether the administrative record sufficiently supports the agency's decision.

*Atieh v. Riordan*, 727 F.3d 73, 76 (1st Cir. 2013) (citation omitted).

Second, Defendants' reasoning for the deadline they request—that "the new Supplemented Complaint is difficult to parse," Doc. No. 254 at 2—is surprising. Defendants never raised these issues with Plaintiffs prior to bringing them to the Court's attention, *see* Doc. No. 256-1, notwithstanding their meet and confer requirements under Local Rule 7.1(a)(2). And Defendants only identify two discrete, non-substantive issues in the Supplemented Second Amended Complaint (Doc. No. 239)—one paragraph on page 120 was labeled a letter instead of a number and one paragraph on page 128 was repeated twice in a row, which threw off the numbering of the

---

[1] Defendants have refused to produce this AR or discuss when it could be produced. *See* Doc. No. 256-1. Defendants voluntarily produced the AR for the FRP FRN on January 13, Doc. No. 246, and the parties were able to negotiate a schedule regarding the three other ARs produced in this case, Doc. No. 106 at 2 (May 9, 2025 stipulation that Defendants would produce the ARs by May 23, 2025 and respond to the operative complaint by May 30, 2025).

paragraphs in between—and Plaintiffs have now filed a corrected pleading, which Defendants can presumably answer. Doc. No. 255; s*ee also* Doc. No. 255-1 (redline from Doc. No. 239). To the extent Defendants have difficulty discerning which allegations or claims relate to which Plaintiffs or have other concerns that could be addressed or narrowed before presentation to the Court, Defendants can raise those issues with Plaintiffs.

In sum, Plaintiffs do not oppose Defendants' request that January 30, 2026 be their deadline to answer the Supplemented Second Amended Complaint, but request that Defendants be required to produce the administrative record for the December 2, 2025 USCIS Memorandum by the same day or soon thereafter, with Plaintiffs' time to respond to any Rule 12 motion running from the date that AR is produced.

| | |
|---|---|
| Dated: January 23, 2026 | Respectfully submitted, |
| | */s/ Justin B. Cox* |
| Esther H. Sung (*pro hac vice*) | Justin B. Cox (*pro hac vice*) |
| Karen C. Tumlin (*pro hac vice*) | **LAW OFFICE OF JUSTIN B. COX** |
| Hillary Li (*pro hac vice*) | *JAC Cooperating Attorney* |
| Laura Flores-Perilla (*pro hac vice*) | PO Box 1106 |
| Brandon Galli-Graves (*pro hac vice*) | Hood River, OR 97031 |
| **JUSTICE ACTION CENTER** | (541) 716-1818 |
| P.O. Box 27280 | justin@jcoxconsulting.org |
| Los Angeles, CA 90027 | |
| Telephone: (323) 450-7272 | John A. Freedman (BBO#629778) |
| esther.sung@justiceactioncenter.org | Laura Shores (*pro hac vice* pending) |
| karen.tumlin@justiceactioncenter.org | Katie Weng (*pro hac vice* pending) |
| hillary.li@justiceactioncenter.org | **ARNOLD & PORTER KAYE SCHOLER LLP** |
| laura.flores-perilla@justiceactioncenter.org | 601 Massachusetts Ave, NW |
| brandon.galli-graves@justiceactioncenter.org | Washington, D.C. 20001-3743 |
| | Telephone: (202) 942-5316 |
| | john.freedman@arnoldporter.com |
| Anwen Hughes (*pro hac vice*) | laura.shores@arnoldporter.com |
| **HUMAN RIGHTS FIRST** | katie.weng@arnoldporter.com |
| 75 Broad St., 31st Fl. | |
| New York, NY 10004 | H. Tiffany Jang (BBO#691380) |
| Telephone: (212) 845-5244 | **ARNOLD & PORTER KAYE SCHOLER LLP** |

| | |
|---|---|
| HughesA@humanrightsfirst.org | 200 Clarendon Street, Fl. 53 |
| | Boston, MA 02116 |
| Robert Stout (*pro hac vice*) | Telephone: (617) 351-8053 |
| Sarah Elnahal (*pro hac vice*) | tiffany.jang@arnoldporter.com |
| **ARNOLD & PORTER KAYE SCHOLER LLP** | |
| 250 West 55th Street | Daniel B. Asimow (*pro hac vice*) |
| New York, NY 10019-9710 | **ARNOLD & PORTER KAYE SCHOLER LLP** |
| Telephone: (212) 836-8000 | Three Embarcadero Center |
| rob.stout@arnoldporter.com | 10th Floor |
| sarah.elnahal@arnoldporter.com | San Francisco, CA 94111-4024 |
| | Telephone: (415) 471-3142 |
| | daniel.asimow@arnoldporter.com |

## CERTIFICATE OF SERVICE

I, Justin B. Cox, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Dated: January 23, 2026

> */s/ Justin B. Cox*
> Justin B. Cox