**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SVITLANA DOE, et al. | |
| Plaintiffs, | |
| – *v.* – | Civil Action No.: 1:25-cv-10495-IT |
| KRISTI NOEM, in her official capacity as Secretary of Homeland Security, et al. | |
| Defendants. | |

## PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION AND STAY OF THE USCIS BENEFITS SUSPENSION AS TO THE CERTIFIED CLASS

Plaintiffs respectfully move for a preliminary injunction and a stay under 5 U.S.C. § 705 of Defendants' unlawful moratorium on immigration benefits for nationals of certain countries—including Afghanistan, Cuba, Haiti, and Venezuela—as applied to benefit requests (other than asylum) filed by members of the certified class. *See* Policy Mem., *Hold and Review of all Pending Asylum Applications and All USCIS Benefit Applications Filed by Aliens from High-Risk Countries*, PM-602-0192 (Dec. 2, 2025) (Doc. No. 224). Specifically, Plaintiffs seek relief as to the "Other Immigration Benefits Subclass" and the "Re-Parole Subclass." Doc. No. 108.

On November 27 of last year—Thanksgiving Day—President Trump announced that he would "permanently pause migration from all Third World Countries" and "terminate all of the millions of Biden illegal admissions," asserting that "[o]nly REVERSE MIGRATION can fully cure this situation."[1] Later that day, "the director of [USCIS], Joseph Edlow, said the agency would take additional steps to screen people from 19 'high-risk' countries 'to the maximum degree

---

[1] Associated Press, *Trump Vows to 'Permanently Pause' Migration from Poor Nations in Social Media Screed*, NPR (Nov. 28, 2025), www.npr.org/2025/11/28/nx-s1-5623787/trump-vows-to-permanently-pause-migration-from-poor-nations-in-social-media-screed.

possible.'" *Id.* The following Tuesday, USCIS issued the challenged memorandum, which is unsigned.[2] Doc. No. 224. Among other things, the Memo directs an indefinite suspension of adjudications of all immigration benefits for noncitizens who are nationals of or were born in any of the 19 countries named in President Trump's June 2025 travel ban. *Id.* at 1. Most relevant here, this indefinite moratorium on granting immigration benefits (including employment authorization and its renewal, parole and re-parole, adjustment of status, and naturalization) applies to Afghans, Cubans, Haitians, and Venezuelans paroled in through one of the parole processes at issue in this case, as well as to requests for Military Parole-In-Place (and re-parole) for nationals of the same countries who entered the United States without inspection. *Id.* Defendants imposed similar benefits suspensions to these populations via the January 23, 2025 Higgins Email (Doc. No. 41-2) and the February 14, 2025 Davidson Memorandum (Doc. No. 41-3), which this Court preliminarily stayed on May 28, 2025 (Doc. No. 107).

As shown in their accompanying memorandum of law, Plaintiffs are likely to succeed in proving that USCIS's nationality-based indefinite benefits moratorium violates the APA's procedural requirements and is *ultra vires* and contrary to the existing statutory and regulatory scheme, through which USCIS has made case-by-case adjudications for decades without ever (before this Administration) taking any remotely comparable action. Absent preliminary relief from this Court, tens of thousands of class members will lose employment authorization and/or will be rendered unlawfully present and removable, notwithstanding their pending, duly filed benefits applications that USCIS refuses to adjudicate.

---

[2] The Memo does not acknowledge the President's Thanksgiving Day directives; nor does it rely on any other presidential order, findings, or authority for its justification. *See* Doc. No. 224 at 2 ("USCIS has determined that it must implement an adjudicative hold on all . . . pending benefit requests filed by aliens from [the 19] high-risk countries outlined in [the June 2025 travel ban].").

## REQUEST FOR ORAL ARGUMENT

To the extent that it would aid the Court in the expeditious resolution of this motion, Plaintiffs respectfully request an oral argument pursuant to Local Rule 7.1(d).

Dated: February 3, 2026

Respectfully submitted,

*/s/ Justin B. Cox*
Justin B. Cox (*pro hac vice*)
**LAW OFFICE OF JUSTIN B. COX**
*JAC Cooperating Attorney*
PO Box 1106
Hood River, OR 97031
(541) 716-1818
justin@jcoxconsulting.org

Esther H. Sung (*pro hac vice*)
Karen C. Tumlin (*pro hac vice*)
Hillary Li (*pro hac vice*)
Laura Flores-Perilla (*pro hac vice*)
Brandon Galli-Graves (*pro hac vice*)
**JUSTICE ACTION CENTER**
P.O. Box 27280
Los Angeles, CA 90027
Telephone: (323) 450-7272
esther.sung@justiceactioncenter.org
karen.tumlin@justiceactioncenter.org
hillary.li@justiceactioncenter.org
laura.flores-perilla@justiceactioncenter.org
brandon.galli-graves@justiceactioncenter.org

John A. Freedman (BBO#629778)
Laura Shores (*pro hac vice*)
Katie Weng (*pro hac vice* pending)
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Ave, NW
Washington, D.C. 20001-3743
Telephone: (202) 942-5316
john.freedman@arnoldporter.com
laura.shores@arnoldporter.com
katie.weng@arnoldporter.com

Anwen Hughes (*pro hac vice*)
**HUMAN RIGHTS FIRST**
75 Broad St., 31st Fl.
New York, NY 10004
Telephone: (212) 845-5244
HughesA@humanrightsfirst.org

H. Tiffany Jang (BBO# 691380)
**ARNOLD & PORTER KAYE SCHOLER LLP**
200 Clarendon Street, Fl. 53
Boston, MA 02116
Telephone: (617) 351-8053
tiffany.jang@arnoldporter.com

Robert Stout (*pro hac vice*)
Sarah Elnahal (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
250 West 55th Street
New York, NY 10019-9710
Telephone: (212) 836-8000
rob.stout@arnoldporter.com
sarah.elnahal@arnoldporter.com

Daniel B. Asimow (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
Three Embarcadero Center
10th Floor
San Francisco, CA 94111-4024
Telephone: (415) 471-3142
daniel.asimow@arnoldporter.com

*Attorneys for Plaintiffs*

## CERTIFICATE UNDER LOCAL RULE 7.1(a)(2)

The Plaintiffs, through their counsel, have conferred with the Defendants' counsel pursuant to Local Rule 7.1(a)(2) regarding the subject matter of the instant motion, and the parties have not come to a resolution. Defendants' counsel stated that they oppose the relief sought in this motion.

Dated: February 3, 2026

/s/ Justin B. Cox
Justin B. Cox


## CERTIFICATE OF SERVICE

I, Justin B. Cox, hereby certify that this document and any attachments thereto filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: February 3, 2026

/s/ Justin B. Cox
Justin B. Cox