UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SVITLANA DOE, *et al.*,<br><br>      Plaintiffs,<br><br> – *versus* –<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, *et al.*,<br><br>      Defendants. | Civil Action No.: 1:25-cv-10495-IT |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION AND STAY OF USCIS BENEFITS SUSPENSION AS TO THE CERTIFIED CLASS (Doc. No. 264)**

Plaintiffs respectfully submit this notice of supplemental authority to bring to the Court's attention the government's motion to dismiss in *Fuenmayor Perozo v. Edlow*, No. 1:25-cv-25607-JB (S.D. Fla. filed Feb. 2, 2026) (Doc. No. 273-1), which also challenges the December 2, 2025 USCIS Policy Memorandum PM-602-0192 (Doc. No. 224). In that motion (at 7-8), the government concedes that the Dec. 2 Memo "effectively prevents USCIS from adjudicating" the Venezuelan plaintiff's immigration benefit application, using that reality to argue that the plaintiff cannot satisfy redressability because USCIS cannot adjudicate even if ordered to do so.

Defendants' concession in *Fuenmayor* supports Plaintiffs' pending Motion for a Preliminary Injunction and Stay of the USCIS Benefits Suspension as to the Certified Class (Doc. No. 264) in four respects. First, it confirms that the Memo operates as a binding norm that eliminates officer discretion—the hallmark of a legislative rule requiring notice and comment. *See* Doc. No. 265 at 15-16. Second, it strips away the opacity of Defendants' characterizations in this case of the Memo as a "pause in final individualized adjudications" that "preserves individualized adjudication," Doc. No. 272 at 23, 27—language carefully constructed to suggest the Memo leaves

the adjudicatory process intact without actually saying much at all.[1] In *Fuenmayor*, where the government's litigation interest ran the other direction, counsel was candid that the Memo "effectively prevents USCIS from adjudicating."

Third, the *Fuenmayor* concession is compounded by Defendants' subsequent concession in this case that the assessments the Dec. 2 Memo purports to require—biographic and biometric checks, fraud detection and national security screening, national security interviews, and law enforcement referrals—"are part of ordinary adjudications." Doc. No. 272 at 23; *see also* Doc. No. 265 at 12 (arguing this point). Together, these concessions confirm that the Dec. 2 Memo suspends the decades-long practice of individualized adjudication to perform the same assessments that individualized adjudication already performs—and without ever acknowledging the change, much less explaining and justifying it.[2] *See* Doc. No. 265 at 12-15. Fourth, the *Fuenmayor* concession confirms that the Dec. 2 Memo is functionally indistinguishable from the suspensions that this Court preliminarily stayed in May of last year. *See* Doc. No. 107. Defendants' opposition (Doc. No. 272) does not acknowledge this; indeed, it does not reference this Court's May order (Doc. No. 107) at all, even as it repeats numerous arguments that Order expressly rejected. *See* Doc. No. 265 (citing Doc. No. 107 throughout where it decided the issue in question).

Because Plaintiffs have no reply as of right, they file this notice to ensure this concession is before the Court. Plaintiffs are prepared to provide further briefing as the Court may direct.

---

[1] Defendants further exacerbate this misdirection by suggesting the Memo's 90-day timeline for re-review prioritization and "operational guidance," Doc. No. 224 at 2-3, means the benefits suspension might end after 90 days (on March 2, 2026), *see* Doc. No. 272 at 1, 5, 7. To the contrary, and by its own terms, the suspension "remain[s] in effect until lifted by the USCIS Director through a subsequent memorandum." Doc. No. 224 at 2-3; *see also* Doc. No. 107 at 37 (discussing similar nature of prior suspensions).

[2] The threadbare administrative record (Doc. No. 266-1), which Defendants do not once mention in their opposition (Doc. No. 272), likewise contains nothing resembling a reasoned explanation for any aspect of the Dec. 2 Memo.

Dated: February 20, 2026                              Respectfully submitted,

/s/ *Justin B. Cox*

Esther H. Sung (*pro hac vice*)                       Justin B. Cox (*pro hac vice*)
Karen C. Tumlin (*pro hac vice*)                      **LAW OFFICE OF JUSTIN B. COX**
Hillary Li (*pro hac vice*)                           *JAC Cooperating Attorney*
Laura Flores-Perilla (*pro hac vice*)                 PO Box 1106
Brandon Galli-Graves (*pro hac vice*)                 Hood River, OR 97031
**JUSTICE ACTION CENTER**                             (541) 716-1818
P.O. Box 27280                                        justin@jcoxconsulting.org
Los Angeles, CA 90027
Telephone: (323) 450-7272                             John A. Freedman (BBO#629778)
esther.sung@justiceactioncenter.org                   Laura Shores (*pro hac vice*)
karen.tumlin@justiceactioncenter.org                  Katie Weng (*pro hac vice*)
hillary.li@justiceactioncenter.org                    **ARNOLD & PORTER KAYE SCHOLER LLP**
laura.flores-perilla@justiceactioncenter.org          601 Massachusetts Ave, NW
brandon.galli-graves@justiceactioncenter.org          Washington, D.C. 20001-3743
                                                      Telephone: (202) 942-5316
                                                      john.freedman@arnoldporter.com
Anwen Hughes (*pro hac vice*)                         laura.shores@arnoldporter.com
Inyoung Hwang (*pro hac vice*)                        katie.weng@arnoldporter.com
**HUMAN RIGHTS FIRST**
121 W 36th Street                                     H. Tiffany Jang (BBO# 691380)
PMB 520                                               **ARNOLD & PORTER KAYE SCHOLER LLP**
New York, NY 10018                                    200 Clarendon Street, Fl. 53
Telephone: (212) 845-5200                             Boston, MA 02116
HughesA@humanrightsfirst.org                          Telephone: (617) 351-8053
HwangS@humanrightsfirst.org                           tiffany.jang@arnoldporter.com


Robert Stout (*pro hac vice*)                         Daniel B. Asimow (*pro hac vice*)
Sarah Elnahal (*pro hac vice*)                        **ARNOLD & PORTER KAYE SCHOLER LLP**
Javier Ortega Alvarez (*pro hac vice*)                Three Embarcadero Center
**ARNOLD & PORTER KAYE SCHOLER LLP**                  10th Floor
250 West 55th Street                                  San Francisco, CA 94111-4024
New York, NY 10019-9710                               Telephone: (415) 471-3142
Telephone: (212) 836-8000                             daniel.asimow@arnoldporter.com
rob.stout@arnoldporter.com
sarah.elnahal@arnoldporter.com                        *Attorneys for Plaintiffs*
javier.ortega@arnoldporter.com

## CERTIFICATE OF SERVICE

    I, Justin B. Cox, hereby certify that this document and any attachments thereto filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

    Dated: February 20, 2026

                                        */s/ Justin B. Cox*
                                        Justin B. Cox