UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:25-cv-25607-JB

RAYMUNDO ALBERTO FUENMAYOR
PEROZO, an individual; BERENICE
SOTELO GODOY, an individual; MATTEO
FUENMAYOR SOTELO, and DANNA
PAOLA FUENMAYOR SOTELO, an individual

    Plaintiffs,

v.

JOSEPH B. EDLOW, Director of U.S.
Citizenship and Immigration Services; KRISTI
NOEM, Secretary of U.S. Department of
Homeland Security, U.S. DEPARTMENT OF
HOMELAND SECURITY; PAMELA BONDI,
Attorney General of the United States; and
JASON A. REDING QUIÑONES, United States
Attorney for the Southern District of Florida

    Defendants.

_____/

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
COMPLAINT FOR MANDAMUS AND DECLARATORY JUDGMENT**

Defendants by and through the undersigned Assistant United States Attorney, hereby file its

Motion to Dismiss Plaintiff's Complaint for Mandamus and Declaratory Judgment and state in

support thereof as follows:

I.  **INTRODUCTION**

Plaintiffs, Raymundo Alberto Fuenmayor Perozo, Berenice Sotelo Godoy, Matteo Fuenmayor Sotelo, and Danna Paola Fuenmayor Sotelo allege that Forms I-765, Application for Employment Authorization and I-131, Application for Travel Document (Advance Parole) were filed on or about April 30, 2025. [DE 1, p. 2]. Plaintiffs also assert that U.S. Citizenship and Immigration Services (USCIS) has failed to adjudicate these applications within a reasonable amount of time, yet do not provide any statutory deadline by which USCIS must adjudicate same and instead refer to median processing times or aspirational timeframes that are not binding. *Id.* at ¶¶ 19, 26. Plaintiffs further concede that there is no statutory deadline for rendering a decision on a Form I-765 and I-131 application. See *id.* at ¶ 35. In sum, Plaintiffs seek relief both under the Mandamus Act and Administrative Procedure Act ("APA") compelling USCIS to render a decision as to the pending applications. *Id.* at ¶¶ 2-3.

Defendant now moves to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim. Accordingly, the Complaint should be dismissed with prejudice.

II. **ARGUMENT**

  **A. Standards**

The Eleventh Circuit has explained that attacks on subject matter jurisdiction under Federal Rule of Civil Procedure12(b)(1) present in two forms: facial or factual. *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1230 (11th Cir. 2021). Facial attacks require that the court merely look to see whether plaintiff has sufficiently alleged a basis of subject matter jurisdiction while taking the allegations of the complaint to be true. *Id.* at 1230. Factual attacks challenge the existence of

2

subject matter jurisdiction irrespective of the pleadings, and extrinsic evidence may be considered. *Id.* For purposes of this motion, Defendants raise a facial attack of the Complaint.

When ruling on a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plausibility standard asks for more than the sheer possibility that a defendant has acted unlawfully. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). A pleading that offers labels and conclusions, a formulaic recitation of elements to a cause of action, or naked assertions devoid of factual enhancement will not stand. *Id.* at 557.

**B. This Court Lacks Subject Matter Jurisdiction over Plaintiffs' Mandamus Claim because Defendants do Not owe Plaintiff a Clear, Non-Discretionary Duty to Adjudicate their I-131 and I-765 applications within a Designated Timeframe.**

The Mandamus Act provides that district courts shall have original jurisdiction of any action to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Plaintiff. 28 U.S.C. § 1361. Mandamus relief is appropriate when (1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) no other adequate remedy is available. *Cash v. Barnhart*, 327 F.3d 1252, 1258 (11th Cir. 2003). A writ of mandamus is an extraordinary remedy that is available when plaintiff has exhausted all other avenues of relief and only if the defendant owes a clear, non-discretionary duty. *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). However, when the defendant has failed to perform a *discretionary* act, mandamus relief is unavailable to the plaintiff. *See Pittson Coal Group v. Sebben*, 488 U.S. 105, 121 (1988).

Plaintiffs direct this Court to 8 U.S.C. § 1571 stating that 180-days is "Congress's preferred adjudication timeline". [DE 1, ¶¶ 19, 26]. A preferred adjudication timeline is not statutorily

3

binding. Specifically, 8 U.S.C. § 1571 states that "[i]t is the sense of Congress that the processing of an immigration benefit application *should* be completed not later than 180 days after the initial filing of the application . . . . " 8 U.S.C. § 1571(b) (emphasis added). The "sense of Congress" language in 8 U.S.C. § 1571(b) is in no way binding on Defendants or this Court. *See, e.g.*, *Osechas Lopez v. Mayorkas*, 649 F. Supp. 3d 1278, 1285 (11th Cir. 2023) (discussing how Section 1571(b) does not plainly prescribe a duty to adjudicate a petition within a specific timeframe and the statute's use of "should" is not "must"; therefore, Plaintiff failed to plead any right to mandamus relief or that Defendants owed a clear duty).

Because Plaintiffs fail to establish the Mandamus Act provides an independent basis for jurisdiction, this claim should be dismissed under Rule 12(b)(1). *See Sands v. U.S. Dep't of Homeland Sec.*, 308 F. App'x 418, 419 (11th Cir. 2009)(affirming district court conclusion that the Mandamus Act provides no basis for jurisdiction where the action complained of is discretionary); *Tetelain v. Jaddou,* no. 23-60742-CIV, 2023 WL 9787562, at *3 (S.D. Fla. Nov. 27, 2023) ("Plaintiff, therefore, has no clearly defined right and Defendant has no clear duty to act within a certain timeframe. The first two requirements for mandamus jurisdiction are not present. The Court, therefore, lacks jurisdiction under the Mandamus Act to compel Defendant to act.").

Lastly, Plaintiffs fail to establish that no other adequate remedy is available because they have brought forth an APA claim in addition to requesting mandamus relief. *See Hollywood Mobile Ests. Ltd. v. Seminole Tribe of Fla.*, 641 F.3d 1259, 1268 (11th Cir. 2011)("The availability of relief under the Administrative Procedure Act … forecloses a grant of writ of mandamus.").

**C. Plaintiffs have Failed to State a Claim for Relief under the APA so as to Support the adjudication of their I-765 and I-131 Applications has been Unreasonably Delayed.**

"Although the APA independently does not confer subject-matter jurisdiction, 28 U.S.C. § 1331 confers jurisdiction on federal judges to review agency action under federal-question jurisdiction." *Perez v. USCIS*, 774 F.3d 960, 965 (11th Cir. 2014)(citation omitted). The APA provides that an administrative agency is to adjudicate a matter presented to it within a reasonable time. 5 U.S.C. § 555(b). To proceed on a claim of unreasonable delay, a plaintiff must assert that an agency has failed to take a discrete action that it is required to take. *See Norton v. S. Utah Wilderness All.* 542 U.S. 55, 64 (2004). However, APA review is unavailable when "(1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(2). Plaintiffs are unable to proceed on such claims when reviewing the Complaint's allegations.

The APA merely provides the standards for reviewing agency action once jurisdiction is otherwise established. *Staacke v. U.S. Sec'y of Labor*, 841 F.2d 278, 282 (9th Cir. 1988). If the Court finds jurisdiction under another provision, judicial review under the APA "is not to be had if the statute is drawn so that the court would have no meaningful standard against which to judge the agency's use of discretion." *Heckler v. Chaney*, 470 U.S. 821, 830 (1985). "If no judicially manageable standards are available for judging how and when an agency should exercise its discretion, then it is impossible to evaluate agency action for 'abuse of discretion.'" *Id*. No statutory or regulatory provisions provide a "meaningful standard" to review how long it should take to adjudicate an I-765 or I-131 application. Because there is no statute or regulation providing a timeframe for completion of the adjudication process, there is no standard against which the

5

Court can measure whether the agency has acted "within a reasonable time" or "unreasonably delayed adjudication." 5 U.S.C. § 555(b); 5 U.S.C. § 706(1).

Plaintiffs only allege the passage of time as it pertains to the adjudication of their applications noting that Plaintiffs' Form I-765 has been pending for "almost 8 months, which amounts to 5 months beyond median processing times. . . .". [DE 1, ¶¶ 19, 26]. The passage of time cannot, standing alone, support a claim of unreasonable delay. *INS v. Miranda*, 459 U.S. 14, 18 (1982). Even in cases involving statutory deadlines, which do not apply here, courts have declined to grant such relief. *See, e.g., In re Barr Labs., Inc.*, 930 F.2d 72, 75 (D.C. Cir. 1991); *Mashpee Wampanoag Tribal Council, Inc. V. Norton*, 336 F.3d 1094, 1101 (D.C. Cir. 2003). As such, no viable APA claim has been presented for this Court's consideration.

Assuming arguendo Plaintiffs had been able to show an unreasonable delay, Plaintiffs still have not alleged sufficient prejudice to state a claim under 5 U.S.C. § 706. The Complaint alleges that "delay in adjudication impacts Plaintiffs' ability to obtain gainful employment, apply for a social security number, obtain affordable health insurance, renew Florida's driver licenses, and attend school." [DE 1, ¶ 21]. Indeed, "uncertainty and the ability to move forward with the normal course of life are inherent risks of engaging in the immigration process." *Osechas Lopez v. Mayorkas*, No. 22-CIV-21733, 2023 WL 152640, at * 3 (S.D. Fla. Jan. 10, 2023).

**D. Plaintiff, Raymundo Alberto Fuenmayor Perozo has Failed to Establish Standing.**

The Eleventh Circuit described standing as a threshold jurisdictional question which requires courts to assess whether they have the power to entertain suit. *Booker v. Sec'y, Fla. Dep't of Corr.*, 22 F.4th 954, 957 (11th Cir. 2022). Therefore, in order to bring a claim in federal court, a plaintiff must establish standing under Article III's "case-or-controversy requirement." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Pursuant to this requirement, Plaintiff must show throughout the

6

course of litigation: (1) an injury in fact; (2) fairly traceable to the challenged conduct; and (3) that is likely to be redressed by the relief requested. *Fed. Election Comm'n v. Cruz*, 596 U.S. 289, 296 (2022). Here, the relief requested is that this Court order USCIS to adjudicate Plaintiff's I-765 and I-131 applications. [DE 1, p. 2]. Yet the December 2, 2025 USCIS Policy Memorandum PM-602-0192, "Hold and Review of all Pending Asylum Applications and all USCIS Benefit Applications Filed by Aliens from High-Risk Countries" effectively prevents USCIS from adjudicating Plaintiff's application. *See* **Exhibit 1**. The memo instructs USCIS personnel to place a hold on pending benefit requests for aliens from countries listed in the Presidential Proclamation 10949, which was issued on June 4, 2025. One of the countries listed on that Presidential Proclamation includes Venezuela, Plaintiff, Raymundo Alberto Fuenmayor Perozo's country of citizenship. *See* **Exhibit 2**; *see also* [DE 1, ¶ 8].

On January 1, 2026, USCIS also issued PM-602-0194," Hold and Review of USCIS Benefit Applications Filed by Aliens from Additional High-Risk Countries." *See* **Exhibit 3**. This memorandum did not supersede the guidance in PM 602-0912 except as specified under the "Exceptions to the Adjudication Hold". Both PM-602-0192 and PM-602-0194 were issued in response to a national security incident and constitute intervening facts that directly impact this litigation and prohibit adjudication of Plaintiff, Raymundo Alberto Fuenmayor's application.

Additionally, the authority over the immigration system in combination with national security are committed to the political branches, not the judiciary. *See Mathews v. Diaz*, 426 U.S. 67, 81-82 (1976); *Dep't of State v. Munoz*, 602 U.S. 899, 911 (2024)(noting that immigration is "an area unsuited to rigorous judicial oversight"); *Orlov v. Howard*, 523 F. Supp. 2d 30, 36 (D.D.C. 2007)("the general rule [is] that courts should refrain from interfering with matters of immigration and national security"). Therefore, to compel USCIS to adjudicate an application in contravention

of an executive judgment would interfere with such efforts to maintain public safety. *See e.g. Ameziane v. Obama,* 699 F.3d 488, 494 (D.C. Cir. 2012)("[i]t is not within the role of the courts to second-guess executive judgments made in furtherance of acquiring and exercising expertise of protecting national security by the executive"). Thus, the current hold on such adjudications is a discretionary action by the Executive Branch, and the Court lacks jurisdiction to compel any action to the contrary. As such, Plaintiff lacks standing because the redressability element cannot be satisfied.

### E. Plaintiffs May Not Recover Under the Declaratory Judgment Act

Plaintiffs also request this Court "to declare that Defendants' failure to act on Plaintiff's Form I-765 and I-131 to be arbitrary and capricious, unconstitutional, and a violation of the INA [Immigration and Nationality Act], the federal regulations, and the APA." [DE 1, ¶ 6]. Because Plaintiffs' substantive claims under the Mandamus Act and the APA fail, they are not entitled to declaratory relief. *Aguilera v. Dist. Dir.*, 423 F. App'x 916, 918 (11th Cir. 2011) (Declaratory Judgment Act does not provide an independent basis for subject-matter jurisdiction); *Kornegay v. Beretta USA Corp.*, 614 F.Supp. 3d 1029, 1037 (S.D. Ala. 2022) ("Declaratory judgments and injunctions are not causes of action but, rather, are remedies tied to some other cause of action". (citation omitted)).

### III. CONCLUSION

Based upon the foregoing, Plaintiffs' Complaint [DE 1] must be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

WHEREFORE, Defendants respectfully request that their Motion to Dismiss Plaintiff's Complaint for Mandamus and Declaratory Judgment be granted as well as any other relief deemed

just and proper.

Dated: February 2, 2026　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　**JASON A. REDING QUIÑONES**
　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES ATTORNEY**

　　　　　　　　　　　　　　　　　　　By:　*/s/ Jeanette M. Lugo*
　　　　　　　　　　　　　　　　　　　　　　Jeanette M. Lugo, Esq.
　　　　　　　　　　　　　　　　　　　　　　Assistant U.S. Attorney
　　　　　　　　　　　　　　　　　　　　　　Florida Bar No. 122060
　　　　　　　　　　　　　　　　　　　　　　Email: Jeanette.Bernard@usdoj.gov
　　　　　　　　　　　　　　　　　　　　　　United States Attorney's Office
　　　　　　　　　　　　　　　　　　　　　　101 South U.S. 1, Suite 3100
　　　　　　　　　　　　　　　　　　　　　　Fort Pierce, Florida 34950
　　　　　　　　　　　　　　　　　　　　　　Telephone: 772-293-0352
　　　　　　　　　　　　　　　　　　　　　　Facsimile: 772-466-1020