**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SVITLANA DOE, *et al.*,<br><br>          Plaintiffs,<br><br>– *versus* –<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, *et al.*,<br><br>          Defendants. | **Civil Action No.: 1:25-cv-10495-IT** |

<u>**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION AND STAY OF USCIS BENEFITS SUSPENSION AS TO THE CERTIFIED CLASS (Doc. No. 264)**</u>

Plaintiffs respectfully submit this notice of supplemental authority to bring to the Court's attention two recent legal developments relevant to Plaintiffs' pending Motion for a Preliminary Injunction and Stay of the USCIS Benefits Suspension as to the Certified Class (Doc. No. 264).

First, on February 20, 2026, a district court in the Northern District of California issued a preliminary injunction, enjoining the government from suspending the adjudication of plaintiffs' pending benefit applications pursuant to the same December 2, 2025 USCIS Memo (Doc. No. 224) at issue here, rejecting the same arguments Defendants advance in Doc. No. 272. *See Varniab v. Edlow*, No. 25-cv-10602-SVK, 2026 WL 485490, at *1 (N.D. Cal. Feb. 20, 2026) (Doc. No. 274-1).

On jurisdiction and reviewability, the *Varniab* court held that the December 2 USCIS Memo was a final agency action and thus reviewable under the APA, explaining that "significant pauses and blanket moratoria are final agency actions that cannot be exempted from judicial review merely by being characterized as intermediate." *Id.* at *17 (quoting *Massachusetts v. Trump*, 790 F. Supp. 3d 8, 26 (D. Mass. 2025)). *Varniab* also rejected Defendants' arguments (pressed in Doc. No. 272 at 8-12) that section 1252(a)(2)(B) deprives the court of jurisdiction, holding that the

retrogression cases are inapposite because the December 2 USCIS Memo has no "condition precedent for the [benefits moratorium] to be lifted, and no end point is apparent" for the policy itself. *Id.* at *7; *accord* Doc. No. 107 at 27-28 (rejecting similar arguments based on the same inapposite case law).

On the merits, Judge van Keulen found that plaintiffs in *Varniab* were likely to succeed for many of the same reasons Plaintiffs identified, Doc. No. 265 at 14-15, including that the benefits moratorium failed to comply with notice-and-comment procedures, *Varniab*, 2026 WL 485490, at *20-21, is *ultra vires* and contrary to law, *id.* at *21-22, and is arbitrary and capricious, *id.* at *18-20; *accord* Doc. No. 107 at 37-39 (same holding, and with similar reasoning, regarding prior benefits suspension). *Varniab* also rejected (at *10) Defendants' reliance on 8 C.F.R. § 103.2(b)(18) as authorizing the suspension, explaining that it "is not a blanket authority to indefinitely withhold adjudication." *See* Doc. No. 272 at 19 (invoking the same regulation to argue that the December 2 USCIS Memo is authorized by "existing regulatory authority"); *see also* Doc. No. 107 at 27-28.[1]

Second, that same day, the Supreme Court held in *Learning Resources, Inc. v. Trump* that the International Emergency Economic Powers Act's delegation of power to "regulate . . . importation" does not authorize the President to impose tariffs. No. 24-1287, 2026 WL 477534, at *6, *13 (Feb. 20, 2026) (Doc. No. 274-2). This decision reinforces Plaintiffs' contrary to law

---

[1] Judge van Keulen also held plaintiffs will suffer imminent irreparable harm in the absence of a preliminary injunction and that the balance of equities and the public interest tip in favor of an injunction. *Varniab*, 2026 WL 485490, at *22-24. Importantly, the court reached its conclusion on the balance of the equities and the public interest whilst dismissing defendants' national security arguments, observing that "if the Government is concerned about public safety and national security, particularly with respect to applicants already in the United States, it should find a way to process adjustment of status applications *more quickly* 'thereby revealing threats to security more quickly.'" *See id.* at *20 (quoting *Hong Wang v. Chertoff*, 550 F. Supp. 2d 1253, 1260 (W.D. Wash. 2008)) (emphasis added).

argument in their pending Motion for a Preliminary Injunction and Stay. *See* Doc. No. 265 at 7-11. The Court held that if Congress had intended to delegate such "extraordinary power . . . it would have done so expressly," *Learning Resources*, 2026 WL 477534, at *10, and that the "'lack of historical precedent'" of the Executive claiming such power is strong indication that no such power exists. *See id.* at *9, *11 (majority) (citation omitted). Defendants argue that the doctrine does not apply to the December 2 USCIS Memo benefits moratorium because "USCIS undoubtedly has the authority to adjudicate applications and conduct vetting and investigations," Doc. No. 272 at 18, but that is the kind of argument *Learning Resources* rejected: the authority to regulate importation did not encompass the authority to impose tariffs, just as the authority to adjudicate benefit applications does not encompass the authority to indefinitely refuse to adjudicate them (and on the basis of nationality). *See* 2026 WL 477534, at *9-11, *13 ("In light of the breadth, history, and constitutional context of that asserted authority, [the agency] must identify clear congressional authorization to exercise [the power].").

Dated: February 27, 2026

John A. Freedman (BBO#629778)
Laura Shores (*pro hac vice*)
Katie Weng (*pro hac vice* pending)
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Ave, NW
Washington, D.C. 20001-3743
Telephone: (202) 942-5316
john.freedman@arnoldporter.com
laura.shores@arnoldporter.com
katie.weng@arnoldporter.com

H. Tiffany Jang (BBO#691380)
**ARNOLD & PORTER KAYE SCHOLER LLP**
200 Clarendon Street, Fl. 53
Boston, MA 02116
Telephone: (617) 351-8053

Respectfully submitted,

*/s/ Laura Flores-Perilla*
Laura Flores-Perilla (*pro hac vice*)
Esther H. Sung (*pro hac vice*)
Karen C. Tumlin (*pro hac vice*)
Hillary Li (*pro hac vice*)
Brandon Galli-Graves (*pro hac vice*)
**JUSTICE ACTION CENTER**
P.O. Box 27280
Los Angeles, CA 90027
Telephone: (323) 450-7272
laura.flores-perilla@justiceactioncenter.org
esther.sung@justiceactioncenter.org
karen.tumlin@justiceactioncenter.org
hillary.li@justiceactioncenter.org
brandon.galli-graves@justiceactioncenter.org

3

tiffany.jang@arnoldporter.com

Daniel B. Asimow (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
Three Embarcadero Center
10th Floor
San Francisco, CA 94111-4024
Telephone: (415) 471-3142
daniel.asimow@arnoldporter.com

Robert Stout (*pro hac vice*)
Sarah Elnahal (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
250 West 55th Street
New York, NY 10019-9710
Telephone: (212) 836-8000
rob.stout@arnoldporter.com
sarah.elnahal@arnoldporter.com

Anwen Hughes (*pro hac vice*)
Inyoung Hwang (*pro hac vice*)
**HUMAN RIGHTS FIRST**
75 Broad St., 31st Fl.
New York, NY 10004
Telephone: (212) 845-5244
HughesA@humanrightsfirst.org
hwangs@humanrightsfirst.org

Justin B. Cox (*pro hac vice*)
**LAW OFFICE OF JUSTIN B. COX**
*JAC Cooperating Attorney*
PO Box 1106
Hood River, OR 97031
(541) 716-1818
justin@jcoxconsulting.org

*Attorneys for Plaintiffs*

4

5

**CERTIFICATE OF SERVICE**

I, Laura Flores-Perilla, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: February 27, 2026

/s/ Laura Flores-Perilla
Laura Flores-Perilla