YAAKOV M. ROTH
*Acting Assistant Attorney General*
DREW C. ENSIGN
*Deputy Assistant Attorney General*
KATHERINE J. SHINNERS
*Senior Litigation Counsel*
ELISSA FUDIM
*Trial Attorney*
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Tel: (202) 451-7460
Email: elissa.p.fudim@usdoj.gov

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Svitlana Doe, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>Kristi Noem, in her official capacity as Secretary of Homeland Security, *et al.*,<br><br>Defendants. | Civil Action No. 1:25-cv-10495 |

## NOTICE OF SUPPLEMENTAL DECLARATION

Defendants respectfully submit the attached supplemental declaration of James Kernochan, which is submitted to supplement and correct Mr. Kernochan's previously filed declaration on January 15, 2026 (ECF 250-1) regarding the number of legacy Family Reunification Parole beneficiaries who are in an initial period of parole who will be impacted by the parole termination FRN.

Dated: March 6, 2026          Respectfully submitted,

                         By: <u>/s/ *Elissa Fudim*</u>
                            ELISSA FUDIM
                            *Trial Attorney*
                            U.S. Department of Justice, Civil Division
                            Office of Immigration Litigation

                            KATHERINE J. SHINNERS
                            *Senior Litigation Counsel*

                            *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 6, 2026, I electronically filed this notice and Declaration with the Clerk of the Court using CM/ECF, which provided an electronic notice and electronic link of the same to all attorneys of record.

Dated: March 6, 2026                Respectfully submitted,

By: /s/ *Elissa Fudim*
ELISSA FUDIM
*Trial Attorney*
U.S. Department of Justice, Civil Division
Office of Immigration Litigation

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SVITLANA DOE, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) Civil Action No. |
| | ) |
| v. | ) 1:25-cv-10495-IT |
| | ) |
| KRISTI NOEM, in her official capacity as | ) |
| Secretary of Homeland Security, et al.; | ) |
| | ) |
| Defendants. | ) |

## SUPPLEMENTAL DECLARATION OF JAMES KERNOCHAN

I, James Kernochan, make the following declaration, as provided by Section 1746 of Title 28 of the United States Code. I am aware that this declaration will be filed in the above-captioned civil action with the United States District Court for the District of Massachusetts. I hereby certify:

1. I am the Deputy Director of U.S. Citizenship and Immigration Services (USCIS), a component agency within the U.S. Department of Homeland Security (DHS). I have held this position since December 22, 2025. Previously, I served as Chief of Staff at the U.S. Customs and Border Protection from January 20, 2025.

2. The statements contained in this declaration are based upon my personal knowledge and upon information provided to me in my official capacity.

3. On December 12, 2025, DHS announced the termination of all categorical FRP programs for aliens from Colombia, Cuba, Ecuador, El Salvador, Guatemala, Haiti, and Honduras, and their immediate family members. DHS published a Federal Register notice (FRN), titled "Termination of Family Reunification Parole Process for Colombians, Cubans, Ecuadorians, Guatemalans, Haitians, Hondurans, and

1

Salvadorans,"[1] terminating the FRP programs as of December 15, 2025. DHS further announced that there would be a return to a case-by-case review of parole requests, consistent with the policies of the current administration, and provided additional information in the FRN on how the termination of the FRP programs would be administered.

4. On January 10, 2026, the United States District Court for the District of Massachusetts issued a Temporary Restraining Order (TRO).[2] The order temporarily stayed the Termination of Family Reunification Parole programs for Colombians, Cubans, Ecuadorians, Guatemalans, Haitians, Hondurans, and Salvadorans, 90 Fed. Reg. 58032 (Dec. 15, 2025), "insofar as it revokes previously granted parole and work authorization issued to noncitizens paroled into the United States" under the FRP programs.

5. On January 24, 2026, the United States District Court for the District of Massachusetts issued a Preliminary Injunction Order, staying parts of the December 15, 2025 Federal Register Notice titled, "Termination of Family Reunification Parole programs for Colombians, Cubans, Ecuadorians, Guatemalans, Haitians, Hondurans, and Salvadorans," 90 Fed. Reg. 58032 (Dec. 15, 2025), to the extent that it terminates previously granted individual parole and employment authorization issued to aliens paroled into the United States pursuant to the FRP programs prior to the aliens' originally stated parole end dates.[3]

6. I make this declaration to supplement and correct my previous declaration, filed on January 15, 2026, which explained that there were approximately 628 legacy FRP[4] beneficiaries who are in an initial period of parole who will be impacted by the parole termination FRN. After running additional data checks and revalidating the information found in our systems, USCIS has reduced that estimate to approximately

---

[1] "Termination of Family Reunification Parole Processes for Colombians, Cubans, Ecuadorians, Guatemalans, Haitians, Hondurans, and Salvadorans," 90 Fed. Reg. 58032.
[2] *Svitlana Doe v. Noem*, No. 1:25-cv-10495, ECF #243 (D. Mass. Jan. 10, 2026).
[3] *Svitlana Doe v. Noem*, No. 1:25-cv-10495, ECF #257 (D. Mass. Jan. 24, 2026).
[4] DHS established and first implemented the Cuban Family Reunification Parole program ("legacy CFRP") in 2007, and the Haitian Family Reunification Parole program ("legacy HFRP") in 2014 (collectively, the "legacy FRP programs").

140 legacy Cuban FRP (CFRP) beneficiaries still in an initial period of parole (3 years) who may be subject to parole termination—i.e., for whom USCIS cannot locate a pending Form I-485 filed with USCIS on or before December 15, 2025. As explained in my previous declaration, USCIS has not identified any legacy Haitian FRP beneficiaries whose parole will be terminated under the FRN.

7. The discrepancy in the data is due to significant A number validation issues for the legacy CFRP beneficiary population, which USCIS was working through prior to the TRO issuance. For the FRP population, Form I-485 filings were matched against CBP data showing current parole dates based on A number. However, many legacy CFRP parolees were issued multiple A numbers due to inconsistencies in biographic data, the fact that they were touched by multiple government agencies, and lack of systems integration, particularly with legacy USCIS systems. USCIS has also found that these multiple A numbers were never properly consolidated. Due to these issues, and as a result of inconsistent A numbers being used by aliens on their Form I-485 filings, the USCIS data team encountered a large number of "false negative" findings when matching unique A numbers against Form I-485 filings. USCIS has since refined the data by comparing known CFRP parolee data (names, dates of birth) against Form I-485 filings and eliminating false negatives created by the multiple A numbers. This means that fewer legacy CFRP parolees are anticipated to have their parole terminated than I reported in my previous declaration.

8. There was also a discrepancy in my previous declaration regarding the number of modernized FRP beneficiaries who were issued parole termination notices before the TRO, which stated that 3,501 notices had been issued by USCIS. This number was likely an error due to overlapping data sets and IT issues that were being worked through during the issuance process. Upon further review, it appears that 3,589 notices were actually pushed out on January 5, 2026, leaving fewer than 4,200 who did not have a notice issued out of the population originally identified by USCIS. However, the number of impacted individuals is subject to further review and refinement before USCIS issues any new termination notices, because the number may change based on future events that could impact continued parole validity for individual aliens. Reports created by USCIS for data reporting purposes reflect the

3

most up-to-date data available at the time the relevant government databases are queried.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge.

Executed this 17th day of February, 2026, in Camp Springs, Maryland.

James Kernochan
Deputy Director
U.S. Citizenship and Immigration Services
Department of Homeland Security