YAAKOV M. ROTH
*Acting Assistant Attorney General*
DREW C. ENSIGN
*Deputy Assistant Attorney General*
KATHERINE J. SHINNERS
*Senior Litigation Counsel*
ELISSA FUDIM
*Trial Attorney*
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Tel: (202) 451-7460
Email: elissa.p.fudim@usdoj.gov

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| Svitlana Doe, *et al.*, | ) Civil Action No. 1:25-cv-10495 |
|  | ) |
| Plaintiffs, | ) |
|  | ) |
| v. | ) |
|  | ) |
| Kristi Noem, in her official capacity as | ) |
| Secretary of Homeland Security, *et al.*, | ) |
|  | ) |
| Defendants. | ) |
|  | ) |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION
## FOR AN ORDER TO SHOW CAUSE

Plaintiffs seek to manufacture controversy by mischaracterizing a proper procedural correction as misconduct. *See* Doc 284. On March 6, 2026, Defendants filed a Notice of Corrected Administrative Record, to amend the Certified Administrative Record to add five erroneously omitted documents. Docs. No. 276, 276-1. This correction was not only appropriate, but arguably necessary to avoid maintaining an inaccurate declaration, Doc. 246-1, before the Court. There is no requirement that such corrections be made by motion, and indeed, there is nothing extraordinary about doing so via a Notice. *See e.g. Roe v. Mayorkas*, No. 22-cv-10808-ADB, Doc. No. 85 (D.Mass., June 27, 2023) (Notice of Filing USCIS's Corrected Administrative Record).

Plaintiffs have not been prejudiced by the correction. On the contrary, they concede they "possess an interest in having the full administrative record," Doc No. 285 at 1, and in fact, contend that the additional documents *strengthen* their case, Doc. No. 286 at 10-11. While Plaintiffs feign concern that the additional documents may reflect a "*post hoc*" rationalization, Doc. No. 285 at 6, that concern is disingenuous, as the omitted material was referenced and relied upon in the decisional document, and pre-date the decisional document. *See* Doc. No. 216-1, 276-1. Plaintiffs also cannot point to an advantage Defendants gained by any purported delay in correction of the administrative record (nor were Plaintiffs prejudiced by any delay, as the preliminary stay of the FRP termination has remained in place up to this point).

Given the procedural posture of this case—where a preliminary injunction was issued on an expedited timeframe (Doc. No. 257), but the case has yet to proceed to final judgment on the merits—it behooves all parties to ensure that the administrative record is complete. Plaintiffs' motion, sustained only by the weight of feigned indignation and unfounded accusation, should be denied.

Dated: March 24, 2026                    Respectfully submitted,

                                         By: /s/ *Elissa Fudim*
                                             ELISSA FUDIM
                                             *Trial Attorney*
                                             U.S. Department of Justice, Civil Division
                                             Office of Immigration Litigation

                                             KATHERINE J. SHINNERS
                                             *Senior Litigation Counsel*

                                             *Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 24, 2026, I electronically filed this motion and accompanying memorandum with the Clerk of the Court for the United States District Court for the District of Massachusetts by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

By: */s/ Elissa Fudim*
ELISSA FUDIM
*Trial Attorney*
United States Department of Justice