UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SVITLANA DOE, et al.,                         *
                                              *
        Plaintiffs,                           *
                                              *
        v.                                    *      Civil Action No. 1:25-cv-10495-IT
                                              *
MARKWAYNE MULLIN, et al.,[1]                  *
                                              *
        Defendants.                           *

MEMORANDUM & ORDER

March 25, 2026

TALWANI, D.J.

        Pending before the court is Defendants' Motion for Reconsideration or Stay [Doc. No.

277]. Defendants ask the court to reconsider and dissolve the court's Preliminary Injunction

[Doc. No. 257] preliminarily enjoining and staying Defendants' Termination of Family

Reunification Parole Processes for Colombians, Cubans, Ecuadorians, Guatemalans, Haitians,

Hondurans, and Salvadorans, 90 Fed. Reg. 58032 (Dec. 15, 2025) (the "Federal Register

Notice") and to do so by today. Defendants request, in the alternative, a stay pending

reconsideration and appeal. Also pending is Plaintiffs' Motion for an Order to Show Cause, or in

the Alternative, to Strike Improper and Untimely Supplementation of the Administrative Record

[Doc. No. 283]. For the reasons below, the clerk shall set Plaintiffs' motion for a hearing.

Defendants' motion is DENIED without prejudice to refile a motion to dissolve or modify the

---

[1] Secretary of the Department of Homeland Security Markwayne Mullin is substituted for former
Secretary Kristi Noem as a Defendant in this litigation. See Fed. R. Civ. P. 25(d) ("An action
does not abate when a public officer who is a party in an official capacity . . . ceases to hold
office while the action is pending. The officer's successor is automatically substituted as a
party.").

court's <u>Preliminary Injunction</u> [Doc. No. 257] based on the <u>Corrected Certified Administrative</u>

<u>Record</u> [Doc. No. 276-1] if the court denies Plaintiffs' pending motion.

## I.    Request for Reconsideration

### A.    *Standard of Review*

"[A] district court has the inherent power to reconsider its interlocutory orders[.]"

<u>Fernandez-Vargas v. Pfizer</u>, 522 F.3d 55, 61 n.2 (1st Cir. 2008). Reconsideration of a motion

may be appropriate "if the moving party presents newly discovered evidence, if there has been an

intervening change in the law, or if the movant can demonstrate that the original decision was

based on a manifest error of law or was clearly unjust." <u>U.S. v. Allen</u>, 573 F.3d 42, 53 (1st Cir.

2009). A motion for reconsideration "is normally not a promising vehicle for revisiting a party's

case and rearguing theories previously advanced and rejected." <u>Palmer v. Champion Mortg.</u>, 465

F.3d 24, 30 (1st Cir. 2006).

### B.    *Reconsideration Based on the "Corrected Administrative Record"*

Defendants assert that "in its haste to respond to the motion for a preliminary injunction"

and related motions, the Department of Homeland Security ("DHS") "inadvertently omitted five

documents" from the Administrative Record. Mem. ISO Mot. for Reconsideration 3 [Doc. No.

278]. Plaintiffs object to the court's consideration of these additional documents, <u>see</u> Motion for

an Order to Show Cause, or in the Alternative, to Strike Improper and Untimely Supplementation

of the Administrative Record [Doc. No. 283], and argue further that, if considered, the additional

documents support rather than undermine the preliminary injunction, <u>see</u> Pls.' Opp'n to Defs.'

Mot. for Reconsideration 10 [Doc. No. 286].

The court begins with the procedural history. On Friday, December 12, 2025, Plaintiffs

filed a <u>Notice</u> [Doc. No. 210] that the Federal Register Notice announcing the formal termination

of family reunification parole programs had been released that day (to be published on Monday,

December 15, 2025). Id. Plaintiffs noted that they intended to challenge the Federal Register Notice and would be asking the court to rule on such challenges prior to the January 14, 2026 effective date for the termination of the programs. Id. at 1, 3. Accordingly, Defendants were on notice, as of December 12, 2025, that the Administrative Record would be needed on an expedited basis.

Plaintiffs filed their opening brief on December 29, 2025, before the Administrative Record was filed. Plaintiffs argued that the Secretary had "raised vague fraud concerns based on an unreleased, internal report[.]" Pls.' Mem. ISO Emergency Mot. for a TRO, Prelim. Inj. and/or Stay 7 [Doc. No. 218]. Defendants did not respond to this claim in their first opposition brief. See Defs.' Mem. in Opp'n to Pls.' Emergency Mot. for a TRO and/or Stay [Doc. No. 233].

At the January 9, 2026 TRO hearing, Defendants volunteered that they would be producing the administrative record by January 13, 2026. Hearing Tr. 37:7–37:10 [Doc. No. 244]. The court directed Defendants to do so by that date, and extended Defendants' deadline for their opposition to the motion for a preliminary injunction to January 15, 2026. Electronic Order [Doc. No. 242]. On January 13, 2026, Defendants produced the Administrative Record [Doc. Nos. 246-1, 246-2] with a Certification of Administrative Record [Doc. No. 246-1], in which the individual "responsible for the oversight and management of the Office of the Executive Secretary, which oversees the management of written communications intended for, and originated by, the Secretary and Deputy Secretary of Homeland Security, and the maintenance of official Department records[,]" certified under penalty of perjury that the documents provided "constitute the nonprivileged documents and materials directly or indirectly considered by DHS and that these documents constitute the administrative record the agency considered in issuing the Federal Register Notice[.]" See id. ¶¶ 1–2.

3

Defendants' further opposition brief, filed two days after the Administrative Record was filed, was still silent as to Plaintiffs' argument concerning an unreleased, internal report. See Defs.' Mem. in Opp'n to Pls.' Mot. for a Prelim. Inj. and/or Stay [Doc. No. 251].

On January 20, 2026, Plaintiffs noted in their reply brief that the Administrative Record contained no "recent internal audit." See Pls.' Reply Mem. ISO Mot. for a Prelim. Inj., TRO, and/or Stay 3 [Doc. No. 253] ("[E]ven though Secretary Noem twice referenced a 'recent internal audit' as allegedly raising fraud or security concerns about the FRP processes, that 'internal audit' is not in the AR[.]" (quoting Termination of Family Reunification Parole Processes, 90 Fed. Reg. at 58041)).

On January 24, 2026, this court issued its Preliminary Injunction [Doc. No. 257] and Memorandum and Order [Doc. No. 258], see Doe v. Noem, No. 1:25-CV-10495-IT, 2026 WL 184883 (D. Mass. Jan. 25, 2026).[2] The court determined, inter alia, that Plaintiffs were likely to succeed on their claim that the Secretary's decision to terminate the FRP programs was arbitrary and capricious, relying in part on the court's finding that "[a]s evidence of the purported fraud by parolees whose parole is being terminated, DHS cited 'a recent internal audit'" but that the Administrative Record "include[d] no such audit[.]" Doe, 2026 WL 184883, at *12 (citing Termination of Family Reunification Parole Processes, 90 Fed. Reg. at 58041).

On February 13, 2026, Defendants' counsel sought Plaintiff's stipulation to add material to the Administrative Record and Plaintiffs' counsel refused to stipulate. See Decl. of Esther Sung ¶ 4 ("Sung Decl.") [Doc. No. 284]; Sung Decl. Ex. 1 [Doc. No. 284-1] (February 13, 2026 email chain).

---

[2] The Memorandum and Order [Doc. No. 258] is published in Westlaw but the Preliminary Injunction [Doc. No. 257] is not. The court will cite the Westlaw publication for references to the Memorandum and Order but will use the docket cite for references to the Preliminary Injunction.

Three weeks later, Defendants filed, without seeking leave of court and without noting Plaintiffs' opposition, a <u>Notice of Corrected Certified Administrative Record</u> [Doc. No. 276] to "correct[] the certification and administrative record originally filed with the Court." <u>Id.</u> at 1. The accompanying certification offers little explanation, stating only: "[i]n our haste to provide the court with a complete administrative record in a timely manner, USCIS experts have determined that a few documents that were considered in the decision-making process were not included." Certification of Corrected Administrative Record ¶ 3 [Doc. No. 276-1].

Plaintiffs ask the court to strike Defendants' filing, arguing, <u>inter alia</u>, that the delay in bringing the documents to the court's attention raises "a serious question whether the purportedly 'corrected' administrative record represents 'the full administrative record that was before the Secretary at the time [s]he made h[er] decision[.]]'" Pls. Mem. ISO Mot. for Order to Show Cause or to Strike Supplementation of the Administrative Record 6 [Doc. No. 285] (citing <u>Citizens to Preserve Overton Park v. Volpe</u>, 401 U.S. 402, 419-20 (1971)).

In their opposition to Plaintiffs' motion, filed late yesterday afternoon, Defendants charge that Plaintiffs' concern is "disingenuous, as the omitted material was referenced and relied upon in the decisional document, and pre-date the decisional document." Defs.' Opp'n to Pls.' Mot. for an Order to Show Cause 2 [Doc. No. 287]. The Federal Register Notice at issue in the preliminary injunction described a "recent internal audit" as "revealing that over 700 requests to be a supporter were filed under the names of deceased individuals of which USCIS confirmed approximately half." Termination of Family Reunification Parole Processes, 90 Fed. Reg. at 58041. The first of the new documents submitted by Defendants, identified as U.S. Citizenship and Immigr. Serv., Fraud Detection & Nat'l Sec. Directorate, *Brief Analysis of Family Reunification Parole Data* (Dec. 4, 2024), appears to be a report on an internal audit that does reference 700+ additional deceased petitioners[,] but the date of the report is unclear and is

certainly not December 4, 2025. See Certification of Corrected Administrative Record FRP-FRN-01574 [Doc. No. 276-1] (noting report was "[i]ssued December 4, 2024, but providing an "Update: Since completing the initial draft of this report on December 4, 2024"); id. at FRP-FRN-01581 (providing an "Update: January 23, 2025). Even more concerning, the Federal Register Notice asserted that "the same internal audit concluded that the vetting standards applied to co-supporters under the modernized FRP programs were even weaker than those for primary supporters, further compromising program integrity." Termination of Family Reunification Parole Processes, 90 Fed. Reg. at 58041. On an initial review, the new internal audit document does not appear to contain this conclusion.

The court finds Plaintiffs' objections and concerns as to the compilation of the Administrative Record warrant further review. Accordingly, before the court considers modification or vacatur of the Preliminary Injunction, the court will resolve first whether the additional documents are part of the Administrative Record. Accordingly, reconsideration based on the new documents is DENIED without prejudice.

      C.     *Reconsideration Based on Alleged Legal Error*

Defendants' motion for reconsideration based on legal error does not satisfy the standard for reconsideration set forth above. Defendants point to no newly discovered evidence, no intervening change in the law, and no "manifest" error of law or clear injustice.

Instead, Defendants rehash their prior arguments, asserting that all of Plaintiffs' challenges improperly "attack, and seek relief from, the substantive decision" made by the Secretary. Mem. ISO Mot. for Reconsideration 9–10 [Doc. No. 278]. In doing so, Defendants ignore the nuances of the court's decision. For example, while the court determined that 8 U.S.C. § 1252(a)(2)(B)(ii) did not divest the court of jurisdiction to determine "whether the procedures adopted in this case for the exercise of [the Secretary's] discretion are in accordance with the

law" and whether "the steps taken" by the Secretary to terminate parole were proper, the court also acknowledged that it could not review final determinations of whether to revoke individual grants of parole, because those determinations were within the Secretary's discretion. Doe, 2026 WL 184883, at *7 (emphasis added); see also id. at *9 (finding for purposes of the motion for a preliminary injunction that Plaintiffs have not shown a substantial likelihood of success as to Plaintiffs' claims that the Secretary's en masse termination exceeded her statutory authority); id. at *10 (rejecting Plaintiffs' argument that Secretary failed to recognize FRP Programs were directed at family reunification, and finding that Secretary was within her discretion in considering whether the purpose of deterring irregular migration was served by the termination of the FRP programs where "deterring irregular migration was included as a factor (albeit a minor one) in the notices establishing the FRP Programs, and the Secretary was within her discretion in considering whether that purpose was served by the termination of the FRP Programs"); id. at *16 (finding for purposes of the motion for a preliminary injunction that Plaintiffs have not shown a substantial likelihood of success as to Plaintiffs' claims that notice-and-comment was required prior to the en masse termination of FRP parole grants).

In contrast, the court found a likelihood of success as to Plaintiffs' challenge that DHS failed to give proper notice of termination and that the failure violated DHS regulations and constitutional due process. Defendants offer no discussion whatsoever as to how Plaintiffs' notice challenge could possibly be a challenge to a "substantive decision" rather than a procedural one.

As to Plaintiffs' arbitrary and capricious challenge (where the court also found a likelihood of success on the merits), the dispute as to the proper administrative record underscores the problem with Defendants' arguments. The court found Plaintiffs' arbitrary and capricious claim likely to succeed not because the court disagreed with DHS's weighing of the

record or exercise of discretion, but because nothing in the record supported certain findings. See id. For example, in pointing to concerns about insufficient vetting and fraud, DHS relied on "a recent internal audit," id. at *12 (quoting Termination of Family Reunification Parole Processes, 90 Fed. Reg. at 58041), that, as discussed above and as is now conceded by Defendants, was not part of the Administrative Record that the court reviewed, see Mem. ISO Mot. for Reconsideration 3 [Doc. No. 278]. Defendants' suggestion that the court is without jurisdiction to determine if there is any support in the Administrative Record for agency action runs counter to "the presumption favoring judicial review of administrative action." Kucana v. Holder, 558 U.S. 233, 251 (2010).

## II.    Stay Request

Defendants request that if the court does not dissolve its preliminary injunction, it should stay the order. The court declines to do so.

As set forth in the court's Memorandum and Order, the court found that Plaintiffs demonstrated a likelihood of success on the merits of both its notice claim and its arbitrary and capricious claim, that Plaintiffs faced irreparable harm, and that in light of the limited relief Plaintiffs sought, the balance of equities and the public interest weigh in favor of preliminary relief. See Doe, 2026 WL 184883. Nothing in Defendants' motion pushes that balance in Defendants' favor.

First, to the extent that the issues related to the Corrected Administrative Record are not yet resolved, Defendants' unexplained delay in raising the issue weighs strongly against staying the Preliminary Injunction while the court considers those late-raised issues.

Second, contrary to Defendants' assertions, a stay of this court's order would cause irreparable harm to Plaintiffs. The Federal Register Notice, published December 15, 2025, terminated parole recipients' grants of parole, effective January 14, 2026. See Termination of

Family Reunification Parole Processes, 90 Fed. Reg. at 58043. At that time, class members had the option to leave the United States in advance of termination or accrue unlawful presence in the country (which would negatively impact their years-long quests for immigrant-visas). See Doe, 2026 WL 184883, at *19. The court stayed that Federal Register Notice from going into effect. See id. If the court's order is now stayed, all class members presently in the country would immediately be out-of-lawful status, accruing unlawful presence without first being afforded notice and the opportunity to leave in advance of the termination of their parole.

## III.    Conclusion

For the foregoing reasons, the clerk shall set Plaintiffs' Motion for an Order to Show Cause, or in the Alternative, to Strike Improper and Untimely Supplementation of the Administrative Record [Doc. No. 283] for a hearing. Defendants shall file an amended opposition, and declaration(s) as appropriate, to support their contention that the late-discovered documents were part of the record considered by DHS in issuing the December 15, 2025 Federal Register Notice. No later than one week after Defendants file their amended opposition, Plaintiffs may file a reply.

Defendants' Motion for Reconsideration or Stay [Doc. No. 277] is DENIED without prejudice to the filing of a motion to modify or terminate the injunction based on the Corrected Certified Administrative Record [Doc. No. 276-1], if Plaintiffs' pending motion is denied.

IT IS SO ORDERED.

March 25, 2026                                  /s/ Indira Talwani
                                                United States District Judge

9