**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

SVITLANA DOE, *et al.*,

        Plaintiffs,

 – *versus* –

MARKWAYNE MULLIN,[1] in his official capacity
as Secretary of Homeland Security, *et al.*,

        Defendants.

**Civil Action No.: 1:25-cv-10495-IT**

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR
RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO THE MASS
TRUNCATION OF CHNV PAROLE (Doc. No. 196)**

Plaintiffs respectfully submit this notice of supplemental authority to inform the Court of a recent decision issued by Judge Allison D. Burroughs of this Court addressing issues relevant to Plaintiffs' Renewed Motion for Partial Summary Judgment as to the Mass Truncation of CHNV Parole (Doc. No. 196). As an aside, Plaintiffs note that the decision is also relevant to Defendants' pending Motion to Dismiss (Doc. No. 113), Defendants' Motion to Dismiss the Supplemental Complaint (Doc. No. 262), and to Plaintiffs' pending Motion for a Preliminary Injunction as to the benefits suspension imposed by USCIS (Doc. No. 264).

On March 31, 2026, Judge Burroughs entered an order in *Sileiri Doe v. U.S. Dep't of Homeland Security*, No. 25-cv-12245-ADB, 2026 WL 880442 (D. Mass. Mar. 31, 2026), partially granting the plaintiffs' request for summary judgment. *See* Ex. A. The opinion supports several of Plaintiffs' positions.

First, Judge Burroughs held that "both [8 U.S.C. § 1182(d)(5)(A)] and the [Department of

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Secretary Mullin has been substituted for his predecessor.

Homeland Security's] own regulations impose justiciable limits on the [Secretary of Homeland Security's] power to terminate parole." *Id*. at \*10. Judge Burroughs held that prior to termination of parole, the statute (8 U.S.C. § 1182(d)(5)(A)) requires that the Secretary determine whether a "condition precedent has been satisfied" - namely, whether the purpose of an individual's parole has been served. *Id*. at \*10. In doing so, Judge Burroughs squarely rejected Defendants' argument - pressed in this case as well (*see* Doc. No. 205 at 5) - that "the determination that the purposes of parole have been served is implicit in the discretionary and unreviewable decision to terminate." *Id*. Judge Burroughs explained that Defendants' construction "could allow parole to be terminated without a prior determination that its purposes had been served, which would constitute agency action inconsistent with the discretion granted to it by Congress." *Id*. Likewise, this holding also supports Plaintiffs' contention that the conclusory assertion set out in the CHNV FRN – that "the purposes of such parole [] have been served" - is insufficient.  *See* Doc. Nos. 198 at 17-18, 209 at 15-16. Notably, the CHNV Termination Notice (Doc. No. 88-1) exhibits the same problematic issues Judge Burroughs identified in the CBP One Notice: the failure to indicate that the purposes of parole have been served. *See* Ex. A at \*11.

Second, Judge Burroughs granted relief on Plaintiffs' *Accardi* claim and, in doing so, held that 8 C.F.R. § 212.5(e)(2)(i) requires a documented determination by an authorized official that the purposes of an individual's parole have been served.  *Id*. at \*10-11. While Judge Burroughs concluded that *Doe v. Noem*, 152 F.4th 272 (1st Cir. 2025), foreclosed the argument that case-by-case determinations are required (a conclusion with which Plaintiffs respectfully disagree), she stressed that the regulations "do not give the agency unfettered discretion to terminate parole" and that "the agency's decision to terminate parole does not, by itself, imply that an authorized official made the requisite antecedent finding." *Id*. at \*10. These determinations by Judge Burroughs both

support Plaintiffs' *Accardi* claim (*see* Doc. No. 198 at 19-20) and refute Defendants' contention that this Court lacks jurisdiction to hear it (*see* Doc. No. 263 at 6-8).

Notably, Judge Burroughs vacated the mass termination of CBP One parole even after concluding that the First Circuit's ruling in *Doe v. Noem* permitted the Secretary to proceed categorically, and after declining plaintiffs' invitation to distinguish that holding on the facts. The opinion thus demonstrates, as Plaintiffs have argued here, that the "purposes served" and *Accardi* claims survive even under an expansive reading of the First Circuit's decision in *Doe v. Noem*.

Dated: April 8, 2026

Respectfully submitted,

/s/ Inyoung Hwang
Inyoung Hwang (*pro hac vice*)
Anwen Hughes (*pro hac vice*)
**HUMAN RIGHTS FIRST**
121 W 36th Street
PMB 520
New York, NY 10018
Telephone: (212) 845-5200
HughesA@humanrightsfirst.org
HwangS@humanrightsfirst.org

John A. Freedman (BBO#629778)
Laura Shores (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Ave, NW
Washington, D.C. 20001-3743
Telephone: (202) 942-5316
john.freedman@arnoldporter.com
laura.shores@arnoldporter.com

H. Tiffany Jang (BBO#691380)
**ARNOLD & PORTER KAYE SCHOLER LLP**
200 Clarendon Street, Fl. 53
Boston, MA 02116
Telephone: (617) 351-8053
tiffany.jang@arnoldporter.com

Daniel B. Asimow (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
Three Embarcadero Center
10th Floor
San Francisco, CA 94111-4024
Telephone: (415) 471-3142
daniel.asimow@arnoldporter.com

Robert Stout (*pro hac vice*)
Sarah Elnahal (*pro hac vice*)
Javier Ortega Alvarez (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
250 West 55th Street
New York, NY 10019-9710
Telephone: (212) 836-8000

4

rob.stout@arnoldporter.com
sarah.elnahal@arnoldporter.com
javier.ortega@arnoldporter.com

Esther H. Sung (*pro hac vice*)
Karen C. Tumlin (*pro hac vice*)
Hillary Li (*pro hac vice*)
Laura Flores-Perilla (*pro hac vice*)
Brandon Galli-Graves (*pro hac vice*)
**JUSTICE ACTION CENTER**
P.O. Box 27280
Los Angeles, CA 90027
Telephone: (323) 450-7272
esther.sung@justiceactioncenter.org
karen.tumlin@justiceactioncenter.org
hillary.li@justiceactioncenter.org
laura.flores-perilla@justiceactioncenter.org
brandon.galli-graves@justiceactioncenter.org

Justin B. Cox (*pro hac vice*)
**LAW OFFICE OF JUSTIN B. COX**
*JAC Cooperating Attorney*
PO Box 1106
Hood River, OR 97031
(541) 716-1818
justin@jcoxconsulting.org

**CERTIFICATE OF SERVICE**

I, Inyoung Hwang, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: April 8, 2026

/s/ Inyoung Hwang
Inyoung Hwang

6