**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SVITLANA DOE, *et al.*,<br><br>                    Plaintiffs,<br><br>     – *versus* –<br><br>MARKWAYNE MULLIN, in his official capacity as<br>Secretary of Homeland Security, *et al.*,<br><br>                  Defendants. | **Civil Action No.: 1:25-cv-10495-IT** |

<u>**PLAINTIFFS' NOTICE OF DEFENDANTS' RECENT ADMISSIONS IN SUPPORT OF**</u>
<u>**RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO THE MASS**</u>
<u>**TRUNCATION OF CHNV PAROLE (Doc. No. 196)**</u>

Plaintiffs respectfully submit this notice in support of their Renewed Motion for Partial Summary Judgment as to the Mass Truncation of CHNV Parole (Doc. No. 196) to bring to the Court's attention certain statements made by Defendants' counsel during the oral argument in *Coalition for Humane Immigrant Rights v. Noem*, No. 25-5289 ("*CHIRLA*").[1] *See* Excerpt of Tr. of Oral Arg. (D.C. Cir. Mar. 16, 2026) **(enclosed)**. The *CHIRLA* appeal is from a district court order under 5 U.S.C. § 705 staying agency policies, including the March 25 FRN at issue here, to the extent they subject parolees to expedited removal. *See* Doc. No. 198 at 14-15. At argument before the D.C. Circuit, government counsel conceded that the FRN's expedited removal rationale rests on a conclusion the government no longer defends. These concessions reinforce Plaintiffs' pretext argument, *see* Doc. No. 198 at 15-16; Doc. No. 209 at 13-14, and directly contradict two positions Defendants take in their Opposition (Doc. No. 205).[2]

---

[1] *See CHIRLA*, 805 F. Supp. 3d 48 (D.D.C. 2025), *stay denied*, 2025 WL 2649100 (D.C. Cir. Sept. 12, 2025). Many of Plaintiffs' counsel here also represent the *CHIRLA* Plaintiffs.

[2] The attached transcript excerpts are admissible against Defendants as admissions of a party-opponent under Fed. R. Evid. 801(d)(2). *See United States v. Kattar*, 840 F.2d 118, 130-31 (1st

The relevant exchange (Tr. 43-54) focused on a passage at 90 Fed. Reg. 13619 stating that "[i]f DHS were to allow [the] CHNV parolee population to remain for the full duration of their two-year parole, DHS would be compelled to place a greater proportion of this population in [§] 240 removal proceedings to effectuate their removal." Plaintiffs have argued that this rationale was both legally erroneous and pretextual. *See* Doc. No. 198 at 14-16; Doc. No. 209 at 11-14. Pressed by Chief Judge Srinivasan and Judge Walker, government counsel acknowledged that the FRN's "compelled" sentence is "not fully accurate." Tr. 53. Asked whether he was "acknowledging that [the FRN] sentence is not fully accurate in saying that DHS would be compelled," counsel responded: "Yeah, I think that's right, Your Honor." *Id.* Judge Walker characterized the same sentence as "wrong." *Id.* Government counsel explained that the FRN's "compelled" framing is wrong because, under the government's arriving-alien theory in *CHIRLA*—under which parolees are indefinitely subject to expedited removal as "arriving aliens"—DHS may apply expedited removal to former CHNV parolees "even beyond the two-year period." *Id.* at 47; *see also id.* at 45 ("under our argument now, our argument is that they could use the arriving alien regulation for people whose parole was revoked . . . and I guess even people who were still on parole.").

Government counsel argued that the D.C. Circuit should forgive the inaccuracy as harmless error—but only on a footing specific to *CHIRLA*. The harmlessness argument depends, in counsel's words, on the proposition that *CHIRLA* "is not a case about the parole termination notice

_____

Cir. 1988) (the Justice Department is a party-opponent under Rule 801(d)(2), and government statements "submitted to . . . federal courts to show the truth of the matter contained therein" are admissible as admissions); *cf.* Doc. No. 198 at 15-16 (citing *Dep't of Commerce v. New York*, 588 U.S. 752, 785-86 (2019)) (evolving explanations across forums probative of pretext).

and whether that was appropriate at all," and that "[t]his isn't a challenge to the [Federal Register] notice generally on why the parole programs are being terminated." Tr. 50.

These statements contradict Defendants' Opposition in this case in two respects.

*First*, Defendants argue that "there is nothing inconsistent or pretextual" about the Secretary's invocation of § 1225(b)(1)(A)(iii)(II) because she "recognized that others might disagree and challenge her actions, such that time limits might be imposed on her authority to use expedited removal." Doc. No. 205 at 16. Yet at oral argument in the *CHIRLA* case, government counsel did not defend the FRN as a litigation-risk hedge. He conceded that the stated logic was "not fully accurate" and asked the panel to forgive the inaccuracy as harmless. Tr. 49-53.

*Second*, Defendants have attempted to distinguish *CHIRLA* from this case on the theory that the statutory question arises only "indirectly" here. Doc. No. 205 at 15. The premise of Defendants' argument here is that *CHIRLA* is the proper vehicle for challenging the FRN's expedited-removal rationale and this case is not. *See id.* Yet in *CHIRLA*, Government counsel argued the opposite: that the FRN's inaccuracy is harmless there because *CHIRLA* "isn't a challenge to the notice generally on why the parole programs are being terminated." Tr. 50. In each forum, then, Defendants tell the court that the FRN belongs before the *other* one.

These concessions also confirm what Defendants have already admitted: the Secretary maintains she may subject CHNV parolees to expedited removal as arriving aliens "no matter how long they have been in the United States." Doc. No. 208 (SUF), ¶ 34 (admitted). The *CHIRLA* argument ratifies that admission in another federal forum, three months after briefing closed in this case, and confirms that the FRN's expedited removal rationale—the rationale Defendants invoked at the Supreme Court to obtain a stay of this Court's April 14 Order, *see* Doc. No. 198 at 15-16— rests on a premise the government now concedes is not accurate.

3

Dated: May 5, 2026

Esther H. Sung (*pro hac vice*)
Karen C. Tumlin (*pro hac vice*)
Hillary Li (*pro hac vice*)
Laura Flores-Perilla (*pro hac vice*)
Brandon Galli-Graves (*pro hac vice*)
**JUSTICE ACTION CENTER**
P.O. Box 27280
Los Angeles, CA 90027
Telephone: (323) 450-7272
esther.sung@justiceactioncenter.org
karen.tumlin@justiceactioncenter.org
hillary.li@justiceactioncenter.org
laura.flores-perilla@justiceactioncenter.org
brandon.galli-graves@justiceactioncenter.org

Anwen Hughes (*pro hac vice*)
Inyoung Hwang (*pro hac vice*)
**HUMAN RIGHTS FIRST**
121 W 36th Street
PMB 520
New York, NY 10018
Telephone: (212) 845-5200
HughesA@humanrightsfirst.org
HwangS@humanrightsfirst.org

Robert Stout (*pro hac vice*)
Sarah Elnahal (*pro hac vice*)
Javier Ortega Alvarez (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
250 West 55th Street
New York, NY 10019-9710
Telephone: (212) 836-8000
rob.stout@arnoldporter.com
sarah.elnahal@arnoldporter.com
javier.ortega@arnoldporter.com

Respectfully submitted,

*/s/ Justin B. Cox*
Justin B. Cox (*pro hac vice*)
**LAW OFFICE OF JUSTIN B. COX**
*JAC Cooperating Attorney*
PO Box 1106
Hood River, OR 97031
(541) 716-1818
justin@jcoxconsulting.org

John A. Freedman (BBO#629778)
Laura Shores (*pro hac vice*)
Katie Weng (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Ave, NW
Washington, D.C. 20001-3743
Telephone: (202) 942-5316
john.freedman@arnoldporter.com
laura.shores@arnoldporter.com
katie.weng@arnoldporter.com

H. Tiffany Jang (BBO# 691380)
**ARNOLD & PORTER KAYE SCHOLER LLP**
200 Clarendon Street, Fl. 53
Boston, MA 02116
Telephone: (617) 351-8053
tiffany.jang@arnoldporter.com

Daniel B. Asimow (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
Three Embarcadero Center
10th Floor
San Francisco, CA 94111-4024
Telephone: (415) 471-3142
daniel.asimow@arnoldporter.com

*Attorneys for Plaintiffs*

4

**CERTIFICATE OF SERVICE**

I, Justin Cox, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated:May 5, 2026

*/s/ Justin B. Cox*

Justin B. Cox