**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

SVITLANA DOE, *et al.*,

                    Plaintiffs,

    *– versus –*

MARKWAYNE MULLIN, in his official capacity as
Secretary of Homeland Security, *et al.*,

                    Defendants.

**Civil Action No.: 1:25-cv-10495-IT**

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITIES IN SUPPORT OF
THEIR MOTION FOR PRELIMINARY INJUNCTION AND STAY OF USCIS'
BENEFITS SUSPENSION AS TO THE CERTIFIED CLASS (Doc. No. 264)**

Plaintiffs respectfully submit this notice regarding several recent federal court decisions supporting their motion for preliminary equitable relief as to the USCIS benefits suspension as to subclasses the Court has already certified. *See* Doc. No. 265. Together, these decisions consider the threshold and substantive arguments raised in Defendants' opposition (Doc. No. 272) in comparable circumstances and uniformly resolve them in favor of preliminary injunctive relief for the named plaintiffs.[1]

In *Akmurat O. Doe v. Trump*, No. 1:25-cv-13946-JEK, 2026 WL 1170971 (D. Mass. Apr. 30, 2026) **(Ex. 1)**, Judge Kobick granted in part a preliminary injunction sought by approximately 200 plaintiffs from 20 countries, enjoining application of the December 2, 2025 USCIS Memorandum at issue here and its January 1, 2026 expansion memorandum (together, "the Memoranda") to the various pending benefit applications of the plaintiffs who had submitted declarations and ordering the parties to confer regarding relief for the remaining plaintiffs. *Id.* at

_____

[1] *See also Meschi v. Edlow*, No. 26-cv-01993-AGT, 2026 WL 1157151 (N.D. Cal. Apr. 29, 2026) (granting preliminary injunctive relief to 20 plaintiffs with pending employment authorization applications and adopting the reasoning of *Behdin* and *Saghafi*).

*20-21. Judge Kobick rejected each of the government's threshold defenses, holding: (1) that the Memoranda are final agency action, *id.* at *5-7; *cf.* Doc. No. 272 at 4-7 (Defendants making same arguments here); (2) that 8 U.S.C. § 1252(a)(2)(B)(i) does not bar review of policies bearing on adjustment-of-status applications, 2026 WL 1170971, at *7-8 (rejecting the government's reading of *Patel v. Garland*, 596 U.S. 328 (2022)); *cf.* Doc. No. 272 at 8-9; (3) that 8 U.S.C. § 1252(a)(2)(B)(ii) does not bar review, 2026 WL 1170971, at *8-10 (distinguishing *Kale*, *Kanapuram*, *Thigulla*, *Cheejati*, and *Geda* on the ground that those cases concern the retrogression policy embodied in regulations promulgated under express statutory authority, while the challenged policies "were not issued as regulations"); *cf.* Doc. No. 272 at 9-11; and (4) that the policies are not committed to agency discretion under 5 U.S.C. § 701(a)(2), 2026 WL 1170971, at *10-13; *cf.* Doc. No. 272 at 11-14.

On the merits, Judge Kobick held the adjudicative hold contrary to law because it conflicts with statutory mandates that USCIS "shall" adjudicate naturalization and asylum applications, 8 U.S.C. §§ 1446(b), (d), 1158(d)(5)(A)(iii); regulations requiring decisions on adjustment-of-status and work-authorization applications, 8 C.F.R. §§ 245.2(a)(5)(i), 274a.13(b)-(c); and the Administrative Procedure Act's reasonable-time requirement, 5 U.S.C. § 555(b). 2026 WL 1170971, at *13-16. Judge Kobick held the adjudicative hold arbitrary and capricious because the agency failed to provide a reasoned explanation linking the cited factual bases—two isolated criminal acts and the proclamations' findings on entry vetting—to a hold on benefit adjudications for individuals already here, and because the agency's reliance-interests discussion was "entirely conclusory" and reflected no consideration of alternatives. *Id.* at *17-18.

In *Saghafi v. Edlow*, No. GLR-26-100, 2026 WL 1127468 (D. Md. Apr. 24, 2026) **(Ex. 2)**, Chief Judge Russell granted preliminary injunctive relief to 83 plaintiffs challenging the same

2

Memoranda's application to their adjustment of status applications. The court rejected the argument that 8 U.S.C. § 1252(a)(2)(B)(ii) bars review of categorical agency action, *id.* at *4 (rejecting the line of authority urged at Doc. No. 272 at 9-11), and held that USCIS has a "non-discretionary duty to adjudicate applications for adjustment of status," *id.* at *6, because "[a] regulation can mandate action even if a statute does not," *id.* at *5 (quoting *Lovo v. Miller*, 107 F.4th 199, 212 (4th Cir. 2024)). Chief Judge Russell further held the Memoranda to be final agency action notwithstanding their characterization as interim guidance, *id.* at *6-7, and concluded the indefinite adjudicative holds are arbitrary and capricious, *id.* at *9-10.

In *Behdin v. Edlow*, No. 26-cv-00566-SVK, 2026 WL 1031079 (N.D. Cal. Apr. 16, 2026) (Van Keulen, M.J.) **(Ex. 3)**, the court granted preliminary injunctive relief to 32 plaintiffs on their Form I-765 (Application for Employment Authorization) applications. The court held the Memoranda to be final agency action and the indefinite adjudicative hold to be arbitrary and capricious because USCIS: (1) imposed a hold that "extends far beyond" EO 14161, Proclamation 10949, and Proclamation 10998, which addressed only the entry of aliens from designated countries and "cannot serve as a reasonable justification for an indefinite hold on adjudication of applications for immigration benefits by aliens who have already been lawfully admitted"; (2) offered a "merely conclusory" justification for departing from prior policy and failed to adequately consider applicants' reliance interests; and (3) failed to consider reasonable alternatives, including the rescission and removal options available where individualized national-security concerns arise, and rejecting Defendants' contention that the requirement to consider alternatives does not apply to what Defendants call an interim pause. *Id.* at *21-22; *cf.* Doc. No. 272 at 23-24 (same argument). The court further rejected the policy-statement exception to notice and comment, holding the Memoranda to be substantive rules requiring notice and comment. 2026 WL 1031079, at *23; *cf.*

Doc. No. 272 at 19-21.

In *John Doe v. USCIS*, No. 26 C 2389 (N.D. Ill. Mar. 26, 2026) (slip op.) **(Ex. 4)**, Judge Ellis granted a temporary restraining order enjoining application of the Memoranda to the plaintiff's pending applications for adjustment of status, employment authorization, and advance parole. Judge Ellis rejected the argument that 8 U.S.C. § 1252(a)(2)(B)(ii) bars review of categorical agency action; held the Memoranda to be final agency action (citing *Massachusetts v. Trump*, 790 F. Supp. 3d 8, 26 (D. Mass. 2025), and *New York v. Trump*, 2025 WL 3514301, at *9 (D. Mass. Dec. 8, 2025)); and held the plaintiff likely to succeed on his arbitrary-and-capricious claim because Defendants offered no reasoned explanation for the hold's breadth and did not indicate that they considered any reasonable alternatives (citing *Bowser v. Noem*, 2026 WL 555624, at *7 (D. Mass. Feb. 27, 2026)). Slip op. at 4-8. Rejecting the same national-security framing advanced in Defendants' opposition, Doc. No. 272 at 21-24, the court observed that "[t]he Government protects no one by delaying a decision on [an] application." Slip op. at 8 (citation omitted, second alteration in original).

In *Karimi v. Mullin*, No. 5:26-CV-5049, 2026 WL 1103448 (W.D. Ark. Apr. 23, 2026) **(Ex. 5)**, Chief Judge Brooks granted preliminary injunctive relief on the plaintiff's employment authorization application, finding final agency action and rejecting Defendants' § 1252(a)(2)(B)(ii) defense on the ground that statutory silence does not constitute "statutorily specified discretion." *Id.* at *5. Chief Judge Brooks' reasoning forecloses the statutory reading on which Defendants rely here. *See* Doc. No. 272 at 9-11. *Karimi* also highlighted a discrete arbitrary-and-capricious defect: although the December 2, 2025 Memorandum ties comprehensive re-review to entrants on or after January 20, 2021, its adjudicative hold applies to all listed-country nationals "without explanation for the unlimited time horizon," and regardless of entry date. 2026 WL 1103448, at *10.

4

Several of these courts also independently confirmed what Plaintiffs argued in their response (Doc. No. 299) to Defendants' notice regarding the March 30 Alert (Doc. No. 297): that the Alert does not lift, time-limit, or otherwise meaningfully modify the indefinite hold imposed by the Memoranda. *See Doe*, 2026 WL 1170971, at *6 (the 90-day review period following the Memoranda "came and went without USCIS substantively modifying the adjudicative hold policy," and the Memoranda and the March 30 Alert "provide no indication when the now nearly five month[] old" hold will be lifted); *Behdin*, 2026 WL 1031079, at *7 ("It is not clear whether the USCIS 3/30 Alert . . . is the 'further guidance' contemplated by the Policy Memoranda," and concluding that "the hold on final adjudication of immigration benefits applications . . . is indefinite in duration"); *Karimi*, 2026 WL 1103448, at *6 ("USCIS's most recent word on the Policy, the March 30 Update, maintains the Hold Policy and does not offer a timeline for further action to modify or lift it.").

Dated: May 6, 2026

Respectfully submitted,

/s/ Justin B. Cox

Esther H. Sung (*pro hac vice*)
Karen C. Tumlin (*pro hac vice*)
Hillary Li (*pro hac vice*)
Laura Flores-Perilla (*pro hac vice*)
Brandon Galli-Graves (*pro hac vice*)
**JUSTICE ACTION CENTER**
P.O. Box 27280
Los Angeles, CA 90027
Telephone: (323) 450-7272
esther.sung@justiceactioncenter.org
karen.tumlin@justiceactioncenter.org
hillary.li@justiceactioncenter.org
laura.flores-perilla@justiceactioncenter.org
brandon.galli-graves@justiceactioncenter.org

Anwen Hughes (*pro hac vice*)
Inyoung Hwang (*pro hac vice*)
**HUMAN RIGHTS FIRST**
121 W 36th Street

Justin B. Cox (*pro hac vice*)
**LAW OFFICE OF JUSTIN B. COX**
*JAC Cooperating Attorney*
PO Box 1106
Hood River, OR 97031
(541) 716-1818
justin@jcoxconsulting.org

John A. Freedman (BBO#629778)
Laura Shores (*pro hac vice*)
Katie Weng (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Ave, NW
Washington, D.C. 20001-3743
Telephone: (202) 942-5316
john.freedman@arnoldporter.com
laura.shores@arnoldporter.com
katie.weng@arnoldporter.com

PMB 520
New York, NY 10018
Telephone: (212) 845-5200
HughesA@humanrightsfirst.org
HwangS@humanrightsfirst.org

Robert Stout (*pro hac vice*)
Sarah Elnahal (*pro hac vice*)
Javier Ortega Alvarez (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
250 West 55th Street
New York, NY 10019-9710
Telephone: (212) 836-8000
rob.stout@arnoldporter.com
sarah.elnahal@arnoldporter.com
javier.ortega@arnoldporter.com

H. Tiffany Jang (BBO# 691380)
**ARNOLD & PORTER KAYE SCHOLER LLP**
200 Clarendon Street, Fl. 53
Boston, MA 02116
Telephone: (617) 351-8053
tiffany.jang@arnoldporter.com

Daniel B. Asimow (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
Three Embarcadero Center
10th Floor
San Francisco, CA 94111-4024
Telephone: (415) 471-3142
daniel.asimow@arnoldporter.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I, Justin Cox, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: May 6, 2026

*/s/ Justin B. Cox*