**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| SVITLANA DOE, *et al.*,<br><br>　　　　　　　　　Plaintiffs,<br><br>　– *versus* –<br><br>MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security, *et al.*,<br><br>　　　　　　　　　Defendants. | **Civil Action No.: 1:25-cv-10495-IT** |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR MOTION FOR PRELIMINARY INJUNCTION AND STAY OF USCIS' BENEFITS SUSPENSION AS TO THE CERTIFIED CLASS (Doc. No. 264)**

Plaintiffs respectfully submit this notice regarding a recent federal district court decision that is relevant and supports their motion for preliminary equitable relief as to the USCIS benefits suspension applicable to subclasses the Court has already certified. *See* Doc. Nos. 264, 265.

On June 5, 2026, the U.S. District Court for the District of Rhode Island granted partial summary judgment in favor of plaintiffs in *Dorcas Int'l Inst. of R.I. v. USCIS*, No. 26-cv-132-JJM-PAS, 2026 WL 1622708 (D.R.I. June 5, 2026) ("*Dorcas*") (Doc. No. 308-1). The *Dorcas* plaintiffs challenge various USCIS policies, including the benefits moratorium—adopted pursuant to the same December 2, 2025 USCIS Memorandum (Doc. No. 224, hereinafter "12/2 Memo") that Plaintiffs here are challenging—that indefinitely suspends the processing and adjudication of immigration benefit applications filed by anyone born in or a national of the 39 "high risk" countries subject to President Trump's June 2025 Presidential Proclamation (PP 10949) and December 2025 Presidential Proclamation (PP 10998). *See* 2026 WL 1622708, at *4-9; *cf* Doc. No. 265 at 2-4.[1] In granting partial summary judgment, Chief Judge McConnell, Jr. declared

---

[1] The four countries relevant to Plaintiffs' motion before this Court are Afghanistan, Cuba, Haiti, and Venezuela. Doc. No. 265 at 3.

unlawful and vacated the benefits moratorium pursuant to the 12/2 Memo. 2026 WL 1622708, at *57. On June 11, Chief Judge McConnell, Jr. entered partial final judgment of this relief in favor of the *Dorcas* plaintiffs. *Dorcas*, No. 26-cv-132-JJM-PAS, Doc. No. 36 at 5-6 (D.R.I., June 11, 2026) (Order Granting Rule 54(b) Partial Final Judgment in Favor of Plaintiffs).

In his summary judgment opinion, on jurisdiction and reviewability, Chief Judge McConnell, Jr. rejected each of the government's threshold defenses as to the USCIS policies, including the 12/2 Memo's benefits moratorium, holding as follows:

(1) the USCIS policies are final agency actions, 2026 WL 1622708, at *22-26; *cf.* Doc. No. 272 at 4-7 (Defendants making same arguments);

(2) 8 U.S.C. § 1252(a)(2)(B)(i) does not bar review, 2026 WL 1622708, at *11-13; *cf.* Doc. No. 272 at 8-9 (rejecting Defendants' broad reading of *Patel v. Garland*, 596 U.S. 328 (2022));

(3) 8 U.S.C. § 1252(a)(2)(B)(ii) does not bar review, 2026 WL 1622708, at *13-16 (rejecting Defendants' statutory interpretation and distinguishing the same inapposite case law Defendants rely on for similar arguments); *cf.* Doc. No. 272 at 9-11; *accord* Doc. No. 107 at 27-28 (rejecting similar arguments based on the same inapposite case law); and

(4) the policies are not committed to agency discretion under 5 U.S.C. § 701(a)(2), 2026 WL 1622708, at *18-20; *cf.* Doc. No. 272 at 11-13 (Defendants making same arguments).

On the merits, Chief Judge McConnell, Jr. found that all of the USCIS policies—including the benefits moratorium pursuant to the 12/2 Memo—violate the Administrative Procedure Act ("APA") for many of the same reasons that Plaintiffs here have identified in the motion pending

before this Court, Doc. No. 265 at 7-11, 11-15.[2] The court held that the benefits moratorium was contrary to law because it conflicts with the "mandatory terms" of the relevant statutes and regulations, all of which indicate that USCIS does not have the authority "to categorically withhold adjudications of immigration benefits." 2026 WL 1622708, at *40-42. The court also held that the benefits moratorium was arbitrary and capricious because (1) the agency failed to provide a reasoned explanation connecting the cited factual bases—two isolated criminal acts and the Proclamations' findings on entry vetting—to the benefits moratorium, *id.* at *47-49; and (2) the agency's reliance interest discussion, "a mere two-sentence explanation that vaguely prioritizes 'national security' concerns over the 'burden of processing delays'" was conclusory and thus the agency failed to "meaningfully consider[] Plaintiffs' reliance interests when it implemented its [policies]." *See id.* at *49-50.

In sum, the court's ruling in *Dorcas* affirms Plaintiffs' arguments and the need for preliminary equitable relief as requested by Plaintiffs here and set forth in their motion. Although the *Dorcas* court vacated the benefits moratorium pursuant to the 12/2 Memo, Plaintiffs' notice and comment claim remains unaddressed by the *Dorcas* opinion. Furthermore, the government has noticed its appeal of Chief Judge McConnell, Jr.'s partial summary judgment, vacatur, and partial final judgment orders, *see Dorcas*, No. 26-cv-132-JJM-PAS, Doc. No. 39 (D.R.I., June 12, 2026) (Notice of Appeal), further reinforcing the need for preliminary equitable relief as applied to the relevant certified subclasses in this case to prevent further irreparable harm to Plaintiffs and class members.

---

[2] The court in *Dorcas* did not address plaintiffs' notice-and-comment argument. *See* 2026 WL 1622708, at *36 n.30.

Dated: June 12, 2026

Respectfully submitted,

*/s/ Laura Flores-Perilla*

John A. Freedman (BBO#629778)
Laura Shores (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Ave, NW
Washington, D.C. 20001-3743
Telephone: (202) 942-5316
john.freedman@arnoldporter.com
laura.shores@arnoldporter.com

H. Tiffany Jang (BBO#691380)
**ARNOLD & PORTER KAYE SCHOLER LLP**
200 Clarendon Street, Fl. 53
Boston, MA 02116
Telephone: (617) 351-8053
tiffany.jang@arnoldporter.com

Daniel B. Asimow (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
Three Embarcadero Center
10th Floor
San Francisco, CA 94111-4024
Telephone: (415) 471-3142
daniel.asimow@arnoldporter.com

Robert Stout (*pro hac vice*)
Sarah Elnahal (*pro hac vice*)
Javier Ortega Alvarez (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
250 West 55th Street
New York, NY 10019-9710
Telephone: (212) 836-8000
rob.stout@arnoldporter.com
sarah.elnahal@arnoldporter.com
javier.ortega@arnoldporter.com

Laura Flores-Perilla (*pro hac vice*)
Esther H. Sung (*pro hac vice*)
Karen C. Tumlin (*pro hac vice*)
Hillary Li (*pro hac vice*)
Brandon Galli-Graves (*pro hac vice*)
**JUSTICE ACTION CENTER**
P.O. Box 27280
Los Angeles, CA 90027
Telephone: (323) 450-7272
laura.flores-perilla@justiceactioncenter.org
esther.sung@justiceactioncenter.org
karen.tumlin@justiceactioncenter.org
hillary.li@justiceactioncenter.org
brandon.galli-graves@justiceactioncenter.org

Inyoung Hwang (*pro hac vice*)
Anwen Hughes (*pro hac vice*)
**Human Rights First**
121 W 36th Street
PMB 520
New York, NY 10018
Telephone: (212) 845-5200
HughesA@humanrightsfirst.org
HwangS@humanrightsfirst.org

Justin B. Cox (*pro hac vice*)
**LAW OFFICE OF JUSTIN B. COX**
*JAC Cooperating Attorney*
PO Box 1106
Hood River, OR 97031
(541) 716-1818
justin@jcoxconsulting.org

*Attorneys for Plaintiffs*

4

**CERTIFICATE OF SERVICE**

I, Laura Flores-Perilla, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: June 12, 2026

                                            */s/ Laura Flores-Perilla*
                                            Laura Flores-Perilla